KARL S. HALL
Reno City Attorney
ALICE K. HERBOLSHEIMER
Deputy City Attorney
Nevada State Bar No. 6389
Post Office Box 1900
Reno, Nevada 89505
Tel: (775) 334-2050
Email: Herbolsheimera@reno.gov
*Attorneys for Defendant Reno Police Officer R. Jager*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JASON KILLINGER,<br><br>    Plaintiff,<br>vs.<br><br>RENO POLICE OFFICER R. JAGER,<br><br>    Defendant. | CASE NO.: 3:25-cv-00388-MMD-CSD<br><br>**ANSWER TO COMPLAINT**<br><br>**JURY DEMAND** |

Defendant, OFFICER RICHARD JAGER ("Defendant"), by and through his attorneys, Reno City Attorney Karl S. Hall and Deputy City Attorney Alice K. Herbolsheimer, hereby responds to the allegations in Plaintiff's Complaint (ECF No. 1) filed on July 30, 2025, by admitting, denying, and averring as follows:

## **INTRODUCTION**

1. Answering Paragraph 1 of the Complaint, Defendant admits that on September 17, 2023, the Reno Police Department received a report that a trespasser had unlawfully returned to the Peppermill Casino ("Peppermill") and that their A.I. facial recognition software positively identified the man as M.E., a man they had barred from the casino months earlier. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1, and on that ground, denies the same.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 2, and on that ground, denies the same.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 3, and on that ground, denies the same.

4. Answering Paragraph 4 of the Complaint, Defendant admits that Killinger produced a Nevada driver's license with the name "Killinger." Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4, and on that ground, denies the same.

5. Answering Paragraph 5 of the Complaint, Defendant admits that he arrived at the Peppermill security office at the request of Peppermill security, that Peppermill security officers told Jager that their A.I. facial recognition software had provided a 100% match confirming that Killinger was M.E., and that Jager's body worn camera recorded his interactions with Killinger. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5, including footnote 1, and on that ground, denies the same.

6. Answering Paragraph 6 of the Complaint, Defendant admits that Killinger protested that he was not M.E. Defendant denies that he ignored everything Killinger said, denies that he refused to look at Killinger's other forms of identification, and denies that he declined to investigate. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6, including all bullet points, and on that ground, denies the same.

7. Answering Paragraph 7 of the Complaint, Defendant admits that he arrested Killinger. Defendant denies the remaining allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. Answering Paragraph 9 of the Complaint, Defendant admits that he telephoned his supervisor. Defendant denies the remaining allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10, including footnote 2.

11. Answering Paragraph 11 of the Complaint, Defendant admits that he determined

the right course of action was to arrest Killinger and he stated that he "didn't know what to think" and that he "kinda believed Killinger." Defendant denies the remaining allegations in Paragraph 11.

12. Answering Paragraph 12 of the Complaint, Defendant admits that Killinger was taken to the Washoe County Detention Facility. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12, and on that ground, denies the same.

13. Answering Paragraph 13 of the Complaint, Defendant denies that he fabricated arrest records. Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13, and on that ground, denies the same.

## JURISDICTION AND VENUE

14. Answering Paragraph 14 of the Complaint, Defendant states that the allegations therein state a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 14, and on that ground, denies the same.

15. Answering Paragraph 15 of the Complaint, Defendant admits that the acts alleged in the Complaint occurred in Northern Nevada. The remaining allegations in Paragraph 15 state a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

## PARTIES

16. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16, and on that ground, denies the same.

17. Answering Paragraph 17 of the Complaint, Defendant admits that at the time of the events alleged in the Complaint, he was employed by the Reno Police Department as an officer, Badge #16010. Defendant denies the remaining allegations in Paragraph 17.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 18, and on that ground, denies the same.

19. Answering Paragraph 19 of the Complaint, Defendant admits that the charge against Killinger was dismissed. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19, and on that ground, denies the same.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 20, and on that ground, denies the same.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 21, and on that ground, denies the same.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 22, and on that ground, denies the same.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 23, and on that ground, denies the same.

24. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24, and on that ground, denies the same.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 25, and on that ground, denies the same.

26. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 26, and on that ground, denies the same.

27. Answering Paragraph 27 of the Complaint, Defendant admits that the driver's license Killinger produced on September 17, 2023 indicates that his: (1) date of birth is July 28, 1983; (2) height is 6'01;" (3) weight is 285 lbs.; and (4) eyes are blue. Defendant states that the allegations relating to the requirements for obtaining a Nevada Real ID driver's license state a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and on that ground, denies the same. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27, and on that ground, denies the same.

28. Defendant is without sufficient knowledge or information to form a belief as to the

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

1  truth or falsity of the allegations in Paragraph 28, and on that ground, denies the same.

2    29. Defendant is without sufficient knowledge or information to form a belief as to the
3  truth or falsity of the allegations in Paragraph 29, and on that ground, denies the same.

4    30. Defendant is without sufficient knowledge or information to form a belief as to the
5  truth or falsity of the allegations in Paragraph 30, and on that ground, denies the same.

6    31. Answering Paragraph 31 of the Complaint, Defendant admits that he arrived at the
7  Peppermill on September 17, 2023, that he was wearing his body worn camera ("BWC"), and that
8  he turned on his BWC. Defendant denies that he arrived at approximately 4:00 to 4:30 a.m.
9  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity
10  of the remaining allegations in Paragraph 31, and on that ground, denies the same.

11    32. Answering Paragraph 32 of the Complaint, Defendant admits that Killinger is heard
12  on Jager's BWC saying, "thank God you're here." Defendant is without sufficient knowledge or
13  information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 32,
14  and on that ground, denies the same.

15    33. Answering Paragraph 33 of the Complaint, Defendant admits that Killinger asked
16  Jager to get him "out of these cuffs," that the BWC shows Jager holding Killinger's driver's license
17  in his hand, that Peppermill security officers explained to Jager that Killinger had presented a
18  driver's license with the name Jason Killinger but he looked exactly like M.E., a man trespassed
19  from the Peppermill months earlier, and Jager told Killinger "one second pal." Defendant denies
20  the remaining allegations in Paragraph 33.

21    34. Answering Paragraph 34 of the Complaint, Defendant admits that Peppermill
22  security told Jager that Killinger was a match to M.E., had trespassed months earlier, and that the
23  match was based on the Peppermill's facial recognition software. Defendant further admits that
24  Jager said, "you guys have this fancy software," but the Complaint mischaracterizes Jager's
25  statement and fails to include Jager's other statement(s) for full and proper context. Defendant also
26  admits that Killinger said he was not M.E. and that his shoulder "is killing me" and asked Jager to
27  "take off these cuffs." Defendant denies the remaining allegations in Paragraph 34.

28    35. Answering Paragraph 35 of the Complaint, Defendant admits that he said, "that's

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

1  really weird, that is super weird" and "the software is saying it's legit so he either presented a fake
2  identification the first time or he's presenting it now," but the Complaint mischaracterizes Jager's
3  statements and fails to include Jager's other statement(s) for full and proper context. Defendant
4  denies the remaining allegations in Paragraph 35.

5      36.    Answering Paragraph 36 of the Complaint, Defendant admits that there is a
6  similarity between Killinger's face and M.E.'s face, but there are differences between the two
7  driver's licenses. Defendant is without sufficient knowledge or information to form a belief as to
8  the truth or falsity of the remaining allegations in Paragraph 36, and on that ground, denies the
9  same.

10      37.    Answering Paragraph 37 of the Complaint, Defendant admits that he did not ask
11  Killinger for other forms of identification because the only way to positively confirm his identity
12  is through fingerprints. Defendant denies the remaining allegations in Paragraph 37.

13      38.    Answering Paragraph 38 of the Complaint, Defendant admits that he left Killinger
14  handcuffed inside the Peppermill security office and went outside to obtain better reception and to
15  obtain a records check on both Killinger's and M.E.'s driver's licenses. Defendant further admits
16  that M.E.'s driver's license came back "clear," and M.E. did not have an arrest record. Defendant
17  is without sufficient knowledge or information to form a belief as to the truth or falsity of the
18  remaining allegations in Paragraph 38, and on that ground, denies the same.

19      39.    Answering Paragraph 39 of the Complaint, Defendant admits that he also asked
20  RPD to run a check on Killinger's driver's license, which came back as valid and Killinger had no
21  arrest record. Defendant denies the remaining allegations in Paragraph 39.

22      40.    Answering Paragraph 40 of the Complaint, Defendant admits that he said: "That is
23  super weird, do you see a resemblance?" "I have a feeling these are both the same guy, but he has
24  different IDs;" "they have this facial recognition software here at the Peppermill, and he came
25  back as a 100% match;" and "I have a feeling he is somehow making some fake identification;"
26  but the Complaint mischaracterizes Jager's statements and fails to include Jager's other
27  statement(s) for full and proper context. Defendant denies the remaining allegations in Paragraph
28  40.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

41. Answering Paragraph 41 of the Complaint, Defendant admits that he telephoned his supervisor and generally explained that the Peppermill's artificial intelligence software got a 100% match of a person they had previously trespassed, and the person they "now detained" presented a different ID with a different name. Defendant denies the remaining allegations in Paragraph 41, to the extent said paragraph does not fully or accurately reflect what Defendant said, despite the use of quotation marks suggesting a verbatim quote when the Complaint does not, in fact, provide a verbatim quote.

42. Answering Paragraph 42 of the Complaint, Defendant admits that his supervisor said, "My thought process is we're probably going to have to arrest him and do a WIN's check." Defendant admits that he generally stated that both driver's licenses are valid, so the possibilities are that either Killinger is who he says he is and has not ever actually been trespassed, or "maybe" Killinger's got a hookup with the DMV where he's got two different licenses with different names and dates of birth. Defendant further admits that he said he would list Killinger as a John Doe and have him booked in for a WIN's check for trespass but not O & R. Defendant denies the remaining allegations in Paragraph 42, to the extent said paragraph does not fully or accurately reflect what Defendant said, despite the use of quotation marks suggesting a verbatim quote when the Complaint does not, in fact, provide a verbatim quote.

43. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 43, and on that ground, denies the same.

44. Answering Paragraph 44 of the Complaint, Defendant admits that upon returning to the Peppermill security office, he generally told Killinger that he was not able to identify him because it looks like he has two names, so they can't cite him, and he would be arrested. Defendant denies the remaining allegations in Paragraph 44, to the extent said paragraph does not fully or accurately reflect what Defendant said, despite the use of quotation marks suggesting a verbatim quote when the Complaint does not, in fact, provide a verbatim quote.

45. Answering Paragraph 45 of the Complaint, Defendant admits that Killinger said, "I'm going to jail? Are you kidding me?" Defendant denies the remaining allegations in Paragraph 45.

46. Answering Paragraph 46 of the Complaint, Defendant admits that he said, "I'm not a joker man" and told Killinger he'll be arrested, he'll get fingerprinted at the jail, and they'll be able to discern his identity. Defendant denies the remaining allegations in Paragraph 46, to the extent said paragraph does not fully or accurately reflect what Defendant said, despite the use of quotation marks suggesting a verbatim quote when the Complaint does not, in fact, provide a verbatim quote.

47. Answering Paragraph 47 of the Complaint, Defendant admits that Killinger consistently denied he was anyone other than who he was. Defendant denies the remaining allegations in Paragraph 47.

48. Answering Paragraph 48 of the Complaint, Defendant admits that Killinger asked him to look at the endorsements on the driver's licenses and he acknowledged that the endorsements were different. Defendant denies the remaining allegations in Paragraph 48.

49. Answering Paragraph 49 of the Complaint, Defendant admits that he generally told Killinger he may legitimately have a doppelganger, but they are strikingly similar, and the AI technology says it's a 100 percent match. Defendant denies the remaining allegations in Paragraph 49, to the extent said paragraph does not fully or accurately reflect what Defendant said, despite the use of quotation marks suggesting a verbatim quote when the Complaint does not, in fact, provide a verbatim quote.

50. Answering Paragraph 50 of the Complaint, Defendant admits that Killinger asked him, "What's it gonna take to prove to you that that is not me?" Defendant denies the remaining allegations in Paragraph 50.

51. Answering Paragraph 51 of the Complaint, Defendant admits that he told Killinger, "Unfortunately you got to go to the jail, they'll pull your fingerprints, and that's the way to determine it." Defendant further admits that Killinger said, "Then what happens when they find out that that's not me? Then what happens." Defendant denies the remaining allegations in Paragraph 51.

52. Answering Paragraph 52 of the Complaint, Defendant admits that he generally told Killinger that once the jail finds out "it's not you," he can bring it up with the Peppermill civilly,

1  but based on the software and the pictures, a reasonable prudent person could conclude that all
2  three are the same person. Defendant denies the remaining allegations in Paragraph 52, to the
3  extent said paragraph does not fully or accurately reflect what Defendant said, despite the use of
4  quotation marks suggesting a verbatim quote when the Complaint does not, in fact, provide a
5  verbatim quote.

6      53.    Answering Paragraph 53 of the Complaint, Defendant admits that Killinger said,
7  "Did you look at the back of the IDs, because I have all of the endorsements except for motorcycle
8  and HazMat." Defendant further admits that he generally told Killinger that "either someone is
9  using your stuff or you're using somebody else's stuff, and unfortunately you look too much like
10 the guy in that picture" such that the A.I. software "makes the same determination that my feeble
11 human brain does." Defendant denies the remaining allegations in Paragraph 53, to the extent said
12 paragraph does not fully or accurately reflect what Defendant said, despite the use of quotation
13 marks suggesting a verbatim quote when the Complaint does not, in fact, provide a verbatim quote.

14     54.    Answering Paragraph 54 of the Complaint, Defendant admits that he removed the
15 Peppermill handcuffs and put on RPD handcuffs. Defendant admits that Killinger generally
16 requested a break from the handcuffs and Defendant generally told Killinger that he's not able to
17 do so but would make them as loose as he can. Defendant also admits that Killinger said, "I might
18 have to go to the bathroom," and Defendant responded "it's gonna have to wait until we get to jail,
19 sorry." Defendant denies the remaining allegations in Paragraph 54, to the extent said paragraph
20 does not fully or accurately reflect what Defendant said, despite the use of quotation marks
21 suggesting a verbatim quote when the Complaint does not, in fact, provide a verbatim quote.

22     55.    Answering Paragraph 55 of the Complaint, Defendant admits that Killinger said he
23 had a pay stub from his work and asked, "would that prove it to you guys?" and Jager responded
24 the only way is going to get fingerprints done. Defendant further admits he generally told Killinger
25 that if the software has made a critical error, maybe the Peppermill will take care of him, but if it
26 turns out the other way, then he's trespassed. Defendant denies the remaining allegations in
27 Paragraph 55, to the extent said paragraph does not fully or accurately reflect what Defendant said,
28 despite the use of quotation marks suggesting a verbatim quote when the Complaint does not, in

1  fact, provide a verbatim quote.

2  56.  Answering Paragraph 56 of the Complaint, Defendant admits that Killinger generally asked how long he would be at the jail, and Defendant generally told him he probably won't be there very long. Defendant also admits that Killinger asked how he was going to get back to the Peppermill to get his car. Defendant denies the remaining allegations in Paragraph 56, to the extent said paragraph does not fully or accurately reflect what Defendant said, despite the use of quotation marks suggesting a verbatim quote when the Complaint does not, in fact, provide a verbatim quote.

57.  Answering Paragraph 57 of the Complaint, Defendant admits that Killinger was placed inside the patrol car with his hands cuffed behind his back. Defendant admits that another officer arrived, and he generally explained to the other officer that Killinger matches the pictures on both IDs, and Peppermill's A.I. software indicates he is a 100 percent match to the person previously trespassed, so he's booking Killinger as a John Doe and he's going to get a WIN's check. Defendant denies the remaining allegations in Paragraph 57, to the extent said paragraph does not fully or accurately reflect what Defendant said, despite the use of quotation marks suggesting a verbatim quote when the Complaint does not, in fact, provide a verbatim quote. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in footnote 5 of Paragraph 57, and on that ground, denies the same.

58.  Answering Paragraph 58 of the Complaint, Defendant admits that he told the other officer "This poor guy might be like legitimately somebody else, and someone else…I don't know, like, it's a freaking weird call." Defendant further admits that he told Killinger, "I'll be honest, I don't know what to think" because those systems are pretty good and fairly reliable. Defendant denies the remaining allegations in Paragraph 58, to the extent said paragraph does not fully or accurately reflect what Defendant said, despite the use of quotation marks suggesting a verbatim quote when the Complaint does not, in fact, provide a verbatim quote.

59.  Answering Paragraph 59 of the Complaint, Defendant admits that Killinger asked for a break with the handcuffs, and Defendant said, "Unfortunately, I can't." Defendant further admits that he generally told Killinger he seemed like a stand-up guy and it's probably a terrible

1  case of mistaken identity, but he would have to write him down as a John Doe because he can't
2  positively identify Killinger. Defendant denies the remaining allegations in Paragraph 59, to the
3  extent said paragraph does not fully or accurately reflect what Defendant said, despite the use of
4  quotation marks suggesting a verbatim quote when the Complaint does not, in fact, provide a
5  verbatim quote.

6      60.    Answering Paragraph 60 of the Complaint, Defendant admits that upon arriving at
7  the jail, he told the jail staff, "He's cooperative." Defendant denies the remaining allegations in
8  Paragraph 60.

9      61.    Answering Paragraph 61 of the Complaint, Defendant admits that Killinger said, "I
10 can't stand these goddamned cuffs" and asked if they can take the cuffs off when he's in the
11 holding room. Defendant admits that he told Killinger that unfortunately, they won't, but if all
12 goes well, he should be out of the cuffs in the next "hopefully" eight to ten minutes, and Killinger
13 said, "Promise?" Defendant is without sufficient knowledge or information to form a belief as to
14 the truth or falsity of the remaining allegations in Paragraph 61, and on that ground, denies the
15 same.

16     62.    Answering Paragraph 62 of the Complaint, Defendant admits that Killinger
17 generally asked to have the cuffs taken off during the booking process and asked Defendant to put
18 in a good word for him. Defendant is without sufficient knowledge or information to form a belief
19 as to the truth or falsity of the remaining allegations in Paragraph 62, and on that ground, denies
20 the same.

21     63.    Answering Paragraph 63 of the Complaint, Defendant admits that Killinger was
22 still in handcuffs at 07:07:56 of the bodycam video and that he told Killinger, "Best of luck man."
23 Defendant denies the remaining allegations in Paragraph 63.

24     64.    Answering Paragraph 64 of the Complaint, Defendant admits that he spoke with
25 jail employees and generally stated that he kind of believes Killinger and that this might be a
26 legitimate doppelganger situation, but the Peppermill's software indicates a 100 percent match for
27 the guy they trespassed. Defendant denies the remaining allegations in Paragraph 64, to the extent
28 said paragraph does not fully or accurately reflect what Defendant said, despite the use of quotation

1  marks suggesting a verbatim quote when the Complaint does not, in fact, provide a verbatim quote.

2      65.    Answering Paragraph 65 of the Complaint, Defendant denies that Killinger ever
3  told him that the handcuffs were causing him excruciating wrist and shoulder pain. Defendant
4  further denies that he arrived at the Peppermill at approximately 4:45 to 5:00 a.m. Defendant is
5  without sufficient knowledge or information to form a belief as to the truth or falsity of the
6  remaining allegations in Paragraph 65, including footnote 6, and on that ground, denies the same.

7      66.    Answering Paragraph 66 of the Complaint, Defendant denies that Jager told him 20
8  times that the handcuffs were causing him great pain. Defendant denies the remaining allegations
9  in Paragraph 66.

10      67.    Answering Paragraph 67 of the Complaint, Defendant admits that Killinger was
11  booked into the Washoe County Jail as "John Doe." Defendant is without sufficient knowledge or
12  information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 67,
13  and on that ground, denies the same.

14      68.    Defendant is without sufficient knowledge or information to form a belief as to the
15  truth or falsity of the allegations in Paragraph 68, and on that ground, denies the same.

16      69.    Defendant is without sufficient knowledge or information to form a belief as to the
17  truth or falsity of the allegations in Paragraph 69, and on that ground, denies the same.

18      70.    Defendant is without sufficient knowledge or information to form a belief as to the
19  truth or falsity of the allegations in Paragraph 70, and on that ground, denies the same.

20      71.    Answering Paragraph 71 of the Complaint, Defendant denies that Killinger was in
21  his custody for approximately one hour and twenty minutes. Defendant is without sufficient
22  knowledge or information to form a belief as to the truth or falsity of the remaining allegations in
23  Paragraph 71, including footnote 7, and on that ground, denies the same.

24      72.    Defendant is without sufficient knowledge or information to form a belief as to the
25  truth or falsity of the allegations in Paragraph 72, and on that ground, denies the same.

26      73.    Defendant is without sufficient knowledge or information to form a belief as to the
27  truth or falsity of the allegations in Paragraph 73, and on that ground, denies the same.

28      74.    Defendant is without sufficient knowledge or information to form a belief as to the

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

truth or falsity of the allegations in Paragraph 74, and on that ground, denies the same.

75. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 75, and on that ground, denies the same.

76. Answering Paragraph 76 of the Complaint, Defendant admits that he submitted his Arrest Report and Declaration Supplement on September 17, 2023. Defendant denies the remaining allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

78. Answering Paragraph 78 of the Complaint, Defendant denies that he deliberately omitted information from his arrest documents. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 78, and on that ground, denies the same.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Answering Paragraph 81 of the Complaint, Defendant admits that the Declaration Supplement states, "Due to JOHN DOE having conflicting identification, he lacked satisfactory evidence to reasonably assure me that he was who he claimed to be thus in accordance with Reno Police Department General Order P-280-17 JOHN DOE did not qualify for a criminal citation." Defendant denies the remaining allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82, including all allegations in footnote 8.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 84, and on that ground, denies the same.

85. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 85, and on that ground, denies the same.

86. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 86, and on that ground, denies the same.

/ / /

# FIRST CAUSE OF ACTION
## Fabrication of Evidence
### A Violation of Section 1983 Fourteenth Amendment Substantive Due Process

87. Answering Paragraph 87 of the Complaint, Defendant incorporates herein all of his foregoing answers to Plaintiff's Complaint as though fully set forth at this point.

88. Answering Paragraph 88 of the Complaint, Defendant states that the allegations therein state a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 88, and on that ground, denies the same.

89. Answering Paragraph 89 of the Complaint, Defendant states that the allegations therein state a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 89, and on that ground, denies the same.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91, including all bullet points.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94, including all bullet points.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98.

99. Defendant denies the allegations in Paragraph 99.

100. Defendant denies the allegations in Paragraph 100.

# SECOND CAUSE OF ACTION
## Judicial Deception
### A Violation of Section 1983 Fourteenth Amendment Due Process

101. Answering Paragraph 101 of the Complaint, Defendant incorporates herein all of his foregoing answers to Plaintiff's Complaint as though fully set forth at this point.

1  102. Answering Paragraph 102 of the Complaint, Defendant states that the allegations therein state a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 102, and on that ground, denies the same.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant denies the allegations in Paragraph 105.

106. Answering Paragraph 106 of the Complaint, Defendant admits that he expressed uncertainty as to whether Killinger was M.E. Defendant denies the remaining allegations in Paragraph 106.

107. Defendant denies the allegations in Paragraph 107.

108. Defendant denies the allegations in Paragraph 108.

109. Defendant denies the allegations in Paragraph 109.

### THIRD CAUSE OF ACTION

**Malicious Prosecution – A Violation of State Law**

110. Answering Paragraph 110 of the Complaint, Defendant incorporates herein all of his foregoing answers to Plaintiff's Complaint as though fully set forth at this point.

111. Answering Paragraph 111 of the Complaint, Defendant states that the allegations therein state a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 111, and on that ground, denies the same.

112. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 112, and on that ground, denies the same.

113. Answering Paragraph 113 of the Complaint, Defendant states that the allegations therein state a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 113, and on that ground, denies the same.

114. Answering Paragraph 114 of the Complaint, Defendant denies that he fabricated

arrest documents. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 114, and on that ground, denies the same.

115. Defendant denies the allegations in Paragraph 115.

116. Defendant denies the allegations in Paragraph 116.

## FOURTH CAUSE OF ACTION
### Excessive Force
### A Violation of Section 1983 Fourth Amendment

117. Answering Paragraph 117 of the Complaint, Defendant incorporates herein all of his foregoing answers to Plaintiff's Complaint as though fully set forth at this point.

118. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 118 claiming that Killinger had been in handcuffs for over an hour before Jager arrived at the Peppermill, and on that ground, denies the same. Defendant denies the remainder of the allegations in Paragraph 118.

119. Answering Paragraph 119 of the Complaint, Defendant states that the allegations therein state a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 119, and on that ground, denies the same.

120. Answering Paragraph 120 of the Complaint, Defendant admits that Killinger's alleged crime was trespassing, which is a misdemeanor. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 120, and on that ground, denies the same.

121. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 121, and on that ground, denies the same.

122. Answering Paragraph 122 of the Complaint, Defendant admits that Killinger did not attempt to evade arrest and that he was cooperative. Defendant denies the remaining allegations in Paragraph 122.

123. Defendant denies the allegations in Paragraph 123.

124. Defendant denies the allegations in Paragraph 124.

125. Defendant denies the allegations in Paragraph 125.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant has qualified immunity, discretionary act immunity, and good faith immunity from the claims of the Plaintiff pursuant to, among other authorities, NRS Chapter 41, including but not limited to NRS 41.032 and 41.0336.

### THIRD AFFIRMATIVE DEFENSE

All actions taken by Defendant were reasonable, proper, legal, justified, and in good faith, and therefore cannot form a basis for liability.

### FOURTH AFFIRMATIVE DEFENSE

The incident referred to in the Complaint, and any damages allegedly resulting therefrom, were proximately caused by independent intervening causes and/or the conduct of persons and/or entities other than Defendant, and further in this regard, Defendant avers that he had no influence, supervision, duty of supervision, control, nor duty of control exercisable as to said persons and/or entities. Defendant is neither responsible nor liable for such independent causes or conduct of third parties.

### FIFTH AFFIRMATIVE DEFENSE

An award of damages, if any, is limited by the provisions of NRS § 41.035.

### SIXTH AFFIRMATIVE DEFENSE

Pursuant to NRS 17.245, Defendant is entitled to an offset for any consideration Plaintiff may have received from another tortfeasor who is liable in tort for the same injuries alleged by Plaintiff in this action.

### SEVENTH AFFIRMATIVE DEFENSE

NRS § 41.035(1) prohibits an award of punitive damages against governmental employees.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering damages as his claims are speculative, and/or unsupported by substantial or reliable evidence.

## NINTH AFFIRMATIVE DEFENSE

All actions taken by Defendant with respect to Plaintiff were made without malice, ill will, fraud, oppression, reckless or callous indifference, evil motive or intent, or any other improper motive or intent.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover punitive damages because an award of punitive damages would violate Defendant's rights under the Constitution of the United States of America and under the Constitution of the State of Nevada, including Defendant's rights to: (1) procedural due process under the Constitution of the State of Nevada and the Fourteenth Amendment of the United States Constitution; (2) protection from "excessive fines" as provided in the Constitution of Nevada and the Eighth Amendment of the United States Constitution; and (3) substantive due process provided in the Constitution of the State of Nevada and Fifth and Fourteenth Amendments of the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he failed to mitigate his damages.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of court to amend his answer to specifically assert any such defense(s). Such defenses are herein incorporated by reference for the specific purpose of not waiving such defenses.

## TWELFTH AFFIRMATIVE DEFENSE

Pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure, at the time of filing of Defendant's Answer, all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and other relevant information may not have been available after reasonable inquiry, and therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants.

1   WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

2   1.   That Plaintiff takes nothing by way of his Complaint and that the same be dismissed

3   with prejudice;

4   2.   That Defendant be awarded his costs and attorney's fees incurred to defend this

5   action as provided by law; and

6   3.   For such other and further relief as the Court may deem just and proper.

7   DATED this  21st   day of August, 2025.

KARL S. HALL
Reno City Attorney

By: /s/ Alice K. Herbolsheimer
ALICE K. HERBOLSHEIMER
Deputy City Attorney
Nevada State Bar No. 6389
Post Office Box 1900
Reno, Nevada 89505

*Attorneys for Defendant Officer Richard Jager*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on August 21, 2025, I served a copy of on the foregoing document(s) on the party(s) set forth below by:

| | |
|---|---|
| _____ | Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices, and: |
| _____ | Personal delivery. |
| _____ | Electronic Mail |
| __X__ | CMECF electronic service. |
| _____ | Federal Express or other overnight delivery. |
| _____ | Reno/Carson Messenger Service. |

addressed as follows:

Terri Keyser-Cooper
Law Office of Terri Keyser-Cooper
125 Edgewater Parkway
Reno, Nevada 89519
Keysercooper@lawyer.com
*Counsel for Plaintiff*

DATED this __21st__ day of August, 2025.

                                                  */s/ Terri Strickland*
                                                  Terri Strickland
                                                  Legal Assistant