# EXHIBIT 12

Declaration of Jill Drake

# EXHIBIT 12

Declaration of Jill Drake

## DECLARATION OF JILL DRAKE IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, JILL DRAKE, declare:

1.    I am a Deputy Reno City Attorney, and I am duly licensed to practice law in all federal and state courts in the State of Nevada.

2.    I am over the age of eighteen (18) and am competent to testify to the matters set forth in this Declaration and will do so if called upon to testify.

3.    I am employed in the Criminal Division of the Reno City Attorney's Office, and I have held this position for 20 years. I prosecute misdemeanor criminal complaints that fall within the jurisdiction of the City of Reno.

4.    Based on my experience, when a misdemeanor criminal complaint is filed with the Reno Municipal Court, the case is automatically set for an arraignment hearing. Unlike felony cases in Reno Justice Court or Second Judicial District Court, no prosecutorial review or decision is made by a prosecutor before a misdemeanor case is set for arraignment in Reno Municipal Court.

5.    A criminal complaint for trespass was filed with the Reno Municipal Court on September 18, 2023, entitled City of Reno v. John Doe; RPD Case No. 23-17041. The criminal complaint was signed by a representative of the Peppermill, Luke Ely.

6.    The case was set for arraignment on October 17, 2023, at 2:00 p.m.

7.    On September 26, 2023, attorney Richard Salvatore, Esq. filed an *Authorization to Represent* Jason James Killinger (previously identified as John Doe), in Reno Municipal Court Case No. 23CR-11488, entitled City of Reno, Plaintiff vs. Jason James Killinger, Defendant.

8.    In the *Authorization to Represent* filed on September 26, 2023, Mr. Killinger waived his arraignment and requested that the charges against him be set for trial.

9.    As a result, a trial date was set for November 9, 2023, at 1:00 p.m. Again, no prosecutorial review or decision was made before the court set this case for trial.

10.    The trial of this case was assigned to me for handling on or about October 2, 2023.

11.    Prior to the trial date, I reviewed the evidence, including but not limited to Officer Jager's body cam footage, the arrest report and supplement, the information from Peppermill's

1    facial recognition software, and the driver's licenses for Jason Killinger and Michael Ellis. I was

2    not able to reach a conclusion as to whether Mr. Killinger was the person who was previously

3    barred by the Peppermill, as indicated by Peppermill's AI software.

4          12.    As part of my investigation, I spoke with Officer Jager, who told me he had no idea

5    whether Killinger was telling the truth, or whether he has a doppelganger.

6          13.    I also spoke with Mr. Salvatore on or about November 8, 2023, who informed me

7    that Mr. Killinger was not the person previously barred by the Peppermill and asked me to dismiss

8    the case. I told Mr. Salvatore I would need to discuss the case with Peppermill witnesses prior to

9    making a decision, since the criminal complaint was signed by the Peppermill.

10          14.    I then spoke with Jeffrey Marlow, a representative of the Peppermill, who informed

11    me that he conducted the original barring notice on March 26, 2023, but he was not present for the

12    trespass arrest on September 17, 2023.

13          15.    After reviewing the available evidence, I declined to prosecute Mr. Killinger, and

14    instead, dismissed the case without prejudice prior to commencement of trial, as I was not certain

15    that the burden of proof in a criminal case could be met without an AI expert to establish the

16    accuracy of Peppermill's AI software.

17          16.    I then referred the case to an RPD fraud detective to further investigate the

18    possibility of whether Mr. Killinger may have used someone else's information at the DMV to

19    obtain an ID with his photograph. If such evidence were to be found, there was a possibility the

20    City could refile the case.

21          17.    I never received any additional information from RPD to further support the

22    trespass claim against Mr. Killinger. Accordingly, the City never refiled the case against Mr.

23    Killinger.

24          18.    Once a misdemeanor criminal complaint has been dismissed without prejudice, the

25    complaint cannot be refiled after one year. Accordingly, the dismissal without prejudice on

26    November 9, 2023, effectively became a dismissal *with* prejudice after one year (on November 9,

27    2024).

28          19.    If Mr. Killinger is concerned about having a criminal record, he can file a request

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

with the Reno Municipal Court to seal his criminal case, which the City would not oppose.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed on this 25 day of September 2025, in Reno, Washoe County, Nevada.

By _____
JILL DRAKE

Reno City Attorney
P.O. Box 1900
Reno, NV 89505