```
KARL S. HALL
Reno City Attorney
ALICE K. HERBOLSHEIMER
Deputy City Attorney
Nevada State Bar No. 6389
HerbolsheimerA@reno.gov
ADAM D. CATE
Deputy City Attorney
Nevada State Bar No. 12942
CateA@reno.gov
Post Office Box 1900
Reno, Nevada 89505
Tel: (775) 334-2050
Attorneys for Defendant Reno
Police Officer R. Jager
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JASON KILLINGER,<br><br>  Plaintiff,<br>vs.<br><br>RENO POLICE OFFICER R. JAGER,<br><br>  Defendant. | CASE NO.: 3:25-cv-00388-MMD-CSD<br><br>**STIPULATED PROTECTIVE ORDER<br>RE: VIDEOTAPED DEPOSITIONS<br>OF RENO POLICE OFFICERS** |

Plaintiff JASON KILLINGER ("Plaintiff"), by and through his undersigned counsel, Terri Keyser-Cooper, and Defendant RENO POLICE OFFICER RICHARD JAGER ("Defendant"), by and through his undersigned counsel, Reno City Attorney Karl S. Hall and Deputy City Attorneys Alice K. Herbolsheimer and Adam D. Cate, (collectively "the Parties"), hereby agree and stipulate to the entry of a Protective Order as follows:

I.     Reason for the Order: Plaintiff took the deposition of Officer Jager on January 22, 2026, and intends to depose several more Reno police officers during the course of discovery in this case. Plaintiff has elected to use E-Depositions as his deposition service provider rather than a traditional stenographic court reporter. E-Depositions records all depositions by

1  audiovisual means and then generates a written transcript of the deposition testimony from the
2  deposition video.

3      The parties agree that the photographs of peace officers are confidential under NRS
4  289.025 and are subject to protection. The Nevada Supreme Court has interpreted the term
5  "photograph" to include an officer's face as it appears on video, such as in body-worn camera
6  footage. *Conrad v. Reno Police Dep't*, 139 Nev. 126, 132, 530 P.3d 851, 856 (2023). The parties
7  hereby stipulate to this Protective Order to protect the facial images of all peace officers who are
8  deposed in this case from public disclosure and to preserve the confidentiality of their facial
9  images.

10     II.    Confidential Documentation and Information: The parties agree that any and all
11 video recording(s) and/or video image(s) of the police officers who are deposed in this case shall
12 be deemed "confidential" and subject to this Stipulated Protective Order. Such video
13 recording(s) and or video image(s) shall hereafter be referred to as the "confidential videos."
14 The parties agree that the written transcripts of the officers' deposition testimony, which do not
15 show their facial images, are not confidential and are not subject to this Protective Order.

16     III.    General Prohibition: Access to the confidential videos shall be limited to the
17 named parties, counsel for the parties, and counsel's staff, all of whom agree not to disclose or
18 release to any third party, or otherwise disseminate or make public, the confidential videos.

19     IV.    The terms of this Stipulated Protective Order do not preclude either party from
20 using the confidential videos at the trial of this case, subject to any objection that may be asserted
21 at the time of trial.

22     V.    All provisions of this Stipulated Protective Order restricting the disclosure of the
23 confidential videos shall continue to be binding after the conclusion of this action, unless
24 otherwise agreed or ordered. Within thirty (30) days after any judgment is entered in this matter,
25 resolution is reached, or the appeal process is concluded, whichever is later, all confidential
26 videos shall be destroyed.

27     VI.    Should any party who is not a party to this Stipulated Protective Order seek access
28 to the confidential videos referenced herein, by request, subpoena, or otherwise, from Plaintiff

or Plaintiff's counsel, Plaintiff and/or his counsel shall: (a) promptly notify the Reno City Attorney's Office of the request or subpoena; and shall (b) inform the requesting party of the existence of this Stipulated Protective Order.

This Stipulation shall be effective upon signing and shall be made an order of this Court.

Respectfully submitted,

Dated this 27th day of January, 2026.                Dated this 27th day of January, 2026.

Law Office Of Terri Keyser-Cooper              Karl S. Hall
                                                                              Reno City Attorney

*/s/ Terri Keyser-Cooper*                                */s/ Alice K. Herbolsheimer*
Terri Keyser-Cooper                                       Alice K. Herbolsheimer
NV Bar No. 3984                                            Deputy City Attorney
125 Edgewater Parkway                                 Nevada Bar No. 6389
Reno, NV 89519                                              P.O. Box 1900
Tel.: (775) 337-0323                                       Reno, NV 89505
*Keysercooper@lawyer.com*                       Tel.:  (775) 334-2050
*Attorney for Plaintiff*                                    HerbolsheimerA@reno.gov
                                                                              *Attorney for Defendant R. Jager*

## ORDER

The matter of this Stipulated Protective Order having come before this Court by stipulation of the parties and for good cause being shown therein:

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED:_____