KARL S. HALL
Reno City Attorney
ALICE K. HERBOLSHEIMER
Deputy City Attorney
Nevada State Bar No. 6389
*HerbolsheimerA@reno.gov*
ADAM D. CATE
Deputy City Attorney
Nevada State Bar No. 12942
*CateA@reno.gov*
Post Office Box 1900
Reno, Nevada 89505
Tel: (775) 334-2050
*Attorneys for Defendant Reno
Police Officer R. Jager*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JASON KILLINGER,

        Plaintiff,

vs.

RENO POLICE OFFICER R. JAGER,

        Defendant.

CASE NO.: **3:25-cv-00388-MMD-CSD**

**STIPULATED PROTECTIVE ORDER
RE: CONTINUED DEPOSITION
OF KATHRYN NANCE**

Plaintiff JASON KILLINGER ("Plaintiff"), by and through his undersigned counsel, Terri Keyser-Cooper, and Defendant RENO POLICE OFFICER RICHARD JAGER ("Defendant"), by and through his undersigned counsel, Reno City Attorney Karl S. Hall and Deputy City Attorneys Alice K. Herbolsheimer and Adam D. Cate, (collectively "the Parties"), hereby agree and stipulate to the entry of a Protective Order as follows:

    I.     Reason for the Order: Plaintiff commenced the deposition of Reno Police Chief Kathryn Nance ("Nance") on January 27, 2026. The deposition was not completed on this date due to Nance having to attend another meeting. The parties scheduled the continuation of Nance's deposition on March 19, 2026, at 2:00 p.m.

On March 9, 2026, the City of Reno received allegations involving potential violations of City policy within the Reno Police Department. As a result, Chief Nance and five other officers were placed on administrative leave pending the investigation. The parties have no knowledge regarding the specific allegations against Nance and the other officers.

Plaintiff would like to proceed with Nance's deposition as scheduled on March 19, 2026. However, Nance does not want her testimony in this case to potentially prejudice her rights in the pending investigation or to otherwise impact the investigation in any way. Accordingly, the parties and Chief Nance have agreed that her deposition may proceed under the terms and conditions set forth in this stipulation and order.

II.     No Inquiry Involving Investigation: The parties agree that no inquiry of Nance will be made concerning the existence, scope, basis for, substance, or contents of any internal investigation involving Nance.

III.    Confidential Documents and Information: The parties agree that Nance's continued deposition testimony, including any and all written transcripts, video recording(s) and/or video image(s) of her in deposition, shall be deemed "confidential" and subject to this Stipulated Protective Order. Such testimony, written transcripts, video recording(s), and/or video image(s) shall hereafter be referred to as the "confidential deposition."

IV.     General Prohibition: Confidential documentation and information shall be used solely for the preparation, prosecution and defense of the present case.  Except as specified in Paragraph V below, access to confidential documentation and information shall be limited to the Court, its officers, court reporters, counsel for the parties and counsel's staff, the parties' litigation representatives and principals, their staff members assisting in the preparation, prosecution and defense of this case, any authors or recipients of the confidential documentation, and witnesses.  Except as specified below, no person with access to confidential documentation or information shall reveal or discuss such confidential documentation or information to or with any person who is not entitled to receive such information, except as set forth herein.

V.      Third Party Access: Counsel for any party may give access to the confidential documentation or information to independent experts and their staff, consulting firms, or other

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

independent contractors actually retained or employed to advise or assist such counsel and to whom it is necessary that the confidential documentation and information be disclosed for purposes of this case, provided that:

     A.    Before access to the confidential documentation and information are given to any person pursuant Section V, that person shall be informed by counsel proposing to give access of, and shall agree to be bound by, the following provisions:

     1.    He or she shall not disclose the confidential documentation or information to any person to whom this Stipulated Protective Order does not provide access.

     2.    He or she shall make no copies, compilations, or summaries of the confidential documentation and information, except in connection with the preparation, prosecution and defense of this case and if such copies, compilations or summaries are made, neither those documents, nor the information contained therein shall be disclosed to any person other than those permitted by this Stipulated Protective Order.

     3.    Within thirty (30) days after any judgment is entered in this matter, resolution is reached, or the appeal process is concluded, whichever is later, he or she shall return all copies, compilations, or summaries of the confidential documentation and information contained therein to the attorney for the party who provided the confidential documentation or information, or erase and destroy all copies (including electronic copies), compilations, or summaries containing confidential documentation or information.

     B.    Before a party or the party's counsel gives access to confidential documentation and information to any person under Paragraph V, the person shall execute and provide to counsel proposing to give such access a declaration (in the form of Exhibit A) that he or she has read this Stipulated Protective Order and that he or she agrees to be bound by its provisions. The declaration shall be retained by counsel for the party so disclosing the confidential documentation and made available upon request for inspection by counsel for any of the other parties during the pendency of the action. This Paragraph and the requirement to execute a declaration in the form of Exhibit A does not apply to any persons with access to confidential documentation or information described in Paragraph IV.

VI.    Amendment: This Stipulated Protective Order shall prohibit disclosure to all persons other than those set forth herein.  The parties may amend this Stipulated Protective Order upon consent or upon application to the Court in which this action is pending.  Subsequent parties to this litigation may be given documents subject to this Stipulated Protective Order, provided they first file with the court a Stipulation to be bound by the terms of this Stipulated Protective Order.

VII.    Use of Confidential Documentation: Nothing in this Stipulated Protective Order shall prohibit counsel for the parties from using any of the confidential documentation and information in connection with any deposition, application, motion, hearing, or trial in this action, provided that in the event that any such documentation or information is used in connection with a deposition, or filed or otherwise lodged with the Court, it shall be filed or lodged under seal pending further order and shall be labeled, "**CONFIDENTIAL - NOT TO BE DISCLOSED EXCEPT SUBJECT TO STIPULATED PROTECTIVE ORDER."**  In the event any confidential documentation or information is used in connection with a deposition, the deposition shall be conducted outside the presence of any person not directly involved in litigation other than the court reporter and persons agreed to between the parties.  All portions of the deposition transcript and exhibits relating to the confidential information and documents referenced herein shall be designated, "**CONFIDENTIAL**."

VIII.    Limitations on Deposition Inquiry of Chief Kathryn Nance:

The parties acknowledge that Chief Kathryn Nance has been identified as a witness in this matter. Chief Nance is currently on paid administrative leave in connection with separate and unrelated allegations that have not been fully investigated or adjudicated, and the parties agree that any investigation relating to those allegations is not relevant to the claims or defenses in this action.

Accordingly, during the deposition of Chief Kathryn Nance, counsel shall not inquire into, question the witness regarding, or seek testimony concerning the existence, scope, basis, status, or contents of any administrative or internal investigation involving Chief Nance,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

-4-

including any communications, documents, or information relating to such investigation or the allegations underlying it.

To the extent questioning seeks to elicit testimony within these prohibited areas of inquiry, counsel for Chief Nance may instruct the witness not to answer.

The parties further agree that the transcript of Chief Nance's deposition shall be designated CONFIDENTIAL pursuant to this Stipulated Protective Order and treated as confidential documentation and information under this Order.

Nothing in this paragraph shall otherwise limit questioning regarding matters relevant to the claims or defenses in this action that do not implicate the protected areas described above.

IX.    Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal and shall be filed consistent with the Court's electronic filing procedures in accordance with LR IA 10-5. Notwithstanding any agreement among the Parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).

X.    All provisions of this Stipulated Protective Order restricting the communication or use of confidential documentation and information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Within thirty (30) days after any judgment is entered in this matter, resolution is reached, or the appeal process is concluded, whichever is later, all confidential documentation or information received by a party including all notes, transcripts, tapes, other papers, and any other medium containing, summarizing, excerpting, or otherwise embodying any confidential documentation or information as defined herein, or its contents so furnished, subject to future revision by the Court or parties hereto, shall be returned to the attorney for the designating party or erased and destroyed. This requirement does not include work-product of legal counsel, or information contained in pleadings, deposition transcripts, or correspondence, which shall be maintained in confidence.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

XI.    Should any party who is not a party to this Stipulated Protective Order seek access to the confidential documentation or information referenced herein, by request, subpoena, or otherwise, from any party to the Stipulated Protective Order, the party to this Stipulated Protective Order from whom the information is requested shall: (a) promptly notify the party that designated the confidential documentation or information of the request or subpoena; and shall (b) inform the requesting party of the existence of this Stipulated Protective Order.

XII.    Nothing herein shall be deemed to waive any applicable privilege or work-product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work-product protection.

XIII.    The terms of this Stipulated Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. If the parties request that confidential documents be sealed at trial, they will file a motion to seal the documents with the Court pursuant to Paragraph VII.

This Stipulation shall be effective upon signing and shall be made an order of this Court.

Respectfully submitted,

Dated this 16th day of March, 2026.                    Dated this 16th day of March, 2026.

Law Office Of Terri Keyser-Cooper                    Karl S. Hall
                                                      Reno City Attorney


/s/  Terri Keyser-Cooper                              /s/  Alice K. Herbolsheimer
Terri Keyser-Cooper                                   Alice K. Herbolsheimer
NV Bar No. 3984                                       Deputy City Attorney
125 Edgewater Parkway                                 Nevada Bar No. 6389
Reno, NV 89519                                        P.O. Box 1900
Tel.: (775) 337-0323                                  Reno, NV 89505
*Keysercooper@lawyer.com*                             Tel.:  (775) 334-2050
*Attorney for Plaintiff*                              HerbolsheimerA@reno.gov
                                                      *Attorney for Defendant R. Jager*

/ / /

/ / /

/ / /

/ / /

**<u>ORDER</u>**

The matter of this Stipulated Protective Order having come before this Court by stipulation of the parties and for good cause being shown therein:

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: March 17, 2026_____

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

-7-

**EXHIBIT A**

**CERTIFICATION**

I hereby certify my understanding that confidential documentation or information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order dated _____, 2026, in *Jason Killinger v. Reno Police Officer R. Jager*, No. 3:25-cv-00388-MMD-CSD.  I have been given a copy of that Stipulated Protective Order and read it.  I agree to be bound by the Stipulated Protective Order.  I will not reveal the confidential documentation or information to anyone, except as allowed by the Stipulated Protective Order. I will make no copies, compilations, or summaries of the confidential documentation and information, except in connection with the preparation, prosecution and defense of this case and if such copies, compilations or summaries are made, neither those documents, nor the information contained therein shall be disclosed to any person other than those permitted by this Stipulated Protective Order. I will maintain all such confidential documentation or information—including copies, notes, or other transcriptions made therefrom—in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after I am notified of the conclusion of this action, I will return the confidential documentation or information—including copies, notes, or other transcriptions made therefrom—to the attorney for the party who provided me with the confidential documentation or information, or I will erase and destroy all copies (including electronic copies), compilations, or summaries containing confidential documentation or information.  I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Stipulated Protective Order.

DATED: _____          _____
                                                                    SIGNATURE

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**