UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JASON KILLINGER,<br><br>                              Plaintiff,<br>    v.<br><br>RENO POLICE OFFICER R. JAGER,<br><br>                             Defendant. | Case No. 3:25-cv-00388-MMD-CSD<br><br>ORDER |

## I.   SUMMARY

Plaintiff Jason Killinger filed this civil rights action under 42 U.S.C. § 1983 and Nevada common law arising from his arrest on September 17, 2023. (ECF No. 1 ("Complaint").)[1] Before the Court are Plaintiff's two motions for partial summary judgment (ECF Nos. 7, 17 ("MSJs")),[2] his motion for leave to file a First Amended Complaint ("FAC")[3] (ECF No. 147 ("Motion")), and his recent motion to withdraw his opposed and fully briefed MSJs (ECF No. 57). For the reasons discussed below, the Court will grant Plaintiff's Motion (ECF No. 147) in part and deny it in part. The Court will deny Plaintiff's MSJs (ECF Nos. 7, 17), as well as his motion to withdraw the MSJs (ECF No. 57), as moot.

///

///

---

[1]Defendant answered the Complaint. (ECF No. 9.)

[2]Defendant responded (ECF Nos. 26, 39) and Plaintiff replied (ECF Nos. 36, 40).

[3]Plaintiff filed this Motion as "Leave to File Document," but the document's title and contents demonstrate this was an error and should have been filed as a motion to amend. (ECF No. 45.) Defendant responded (ECF No. 50) and subsequently filed an errata (ECF No. 51). Plaintiff replied. (ECF No. 52.)

## II.    RELEVANT BACKGROUND

The Court recounts only those facts relevant to the disposition of the Motion.[4] Plaintiff was gambling at the Peppermill Casino late on September 16, 2023 into the early morning. (ECF No. 1 at 6.) In the early morning, Plaintiff was stopped by Peppermill security. (*Id.* at 7-8.) Peppermill's facial recognition software ("FRS") identified Plaintiff as a man who had been found sleeping in the casino months earlier and had been barred from the premises. (*Id.*) Despite Plaintiff providing his driver's license identifying himself, Peppermill's security handcuffed Plaintiff and placed him in a citizen's arrest. (*Id.*) Defendant Reno Police Officer Jager arrived on the scene. (*Id.* at 8.) Defendant reviewed Plaintiff's driver's license and Peppermill's FRS results confirming a 100% match with the trespasser. (*Id.* at 5, 8-9.) After consulting with his supervisor, Defendant concluded he could not identify Plaintiff and would therefore arrest him and bring him to Washoe County Detention Facility ("WCDF") for biometric intake to confirm his identity. (*Id.* at 11-14.) Plaintiff had additional documentation confirming his identity on his person and in his car. (*Id.* at 2.) Defendant did not review any additional documentation before handcuffing Plaintiff and bringing him to WCDF. (*Id.* at 11-14.)

At WCDF, Plaintiff's identity was positively confirmed. (*Id.* at 17.) Plaintiff was released from WCDF on his own recognizance that evening. (*Id.*) The next day, Plaintiff was charged with trespassing. (*Id.* at 20) At the bench trial, a Reno prosecutor dismissed the charges against Plaintiff but without prejudice to re-charge Plaintiff within the year. (*Id.* at 21.)

On July 30, 2025, Plaintiff filed suit against Defendant alleging four claims: fabrication of evidence, judicial deception, malicious prosecution, and excessive force. (ECF No. 1.) Plaintiff subsequently filed two separate partial motions for summary judgement about a month apart. (ECF Nos. 7, 17.) On January 22, 2026, Plaintiff took

---

[4]The Court recognizes that the factual record has developed significantly since Plaintiff filed his Complaint. However, for the purposes of the Motion, the Court relies on the relevant facts alleged in Plaintiff's initial Complaint.

Defendant's deposition ("Deposition"). (ECF No. 45 at 2.) On January 25, citing information obtained during the Deposition, Plaintiff filed the Motion seeking leave to file an amended complaint. (ECF No. 45.) Plaintiff seeks to add a wrongful arrest claim against Defendant, add the City of Reno ("City") as a new defendant, add a new municipal liability claim against the City, and "more fully and accurately describe the wrongful acts alleged of each wrongdoer and the factual basis for each claim." (*Id.* at 1)

**III.    LEGAL STANDARD**

Rule 15 of the Federal Rules of Civil Procedure allows amendment only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *See* Fed. R. Civ. P. 15(a). The Court has discretion to grant leave and should freely do so "when justice so requires." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016) (quoting Fed. R. Civ. P. 15(a)). "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15— to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Nonetheless, the Court may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995).

**IV.    DISCUSSSION**

Plaintiff argues the Court should grant his Motion because discovery revealed facts allowing him to raise additional claims and more detailed factual allegations and none of the Rule 15 factors weigh against granting his Motion. (ECF No. 45.) Defendant counters that Plaintiff's Motion should be denied because the Motion is brought in bad faith and the proposed amendments are futile. (ECF No. 50.) The Court agrees with Plaintiff that the

Court should grant him leave to amend, especially given Rule 15's edict that leave should be freely given. But the Court is persuaded that Plaintiff's proposed wrongful arrest claim is futile, and denies leave to amend this claim. The Court first addresses Defendant's bad faith argument and then his futility argument.

### A. Bad Faith

Defendant argues that Plaintiff's Motion is brought in bad faith—and should be denied on that basis. (ECF No. 50 at 15-19.) To support this argument, Defendant cites to Plaintiff's previous filings where he repudiated raising a wrongful arrest claim, which he now seeks to add. (ECF No. 50 at 16 (quoting ECF No. 36 at 1).) The Court agrees with Plaintiff that this shift is in response to Defendant's own admissions at the Deposition (ECF No. 52 at 4), rather than evidence that Plaintiff's "allegations are false, constituting a fraud and willful imposition on the dignity of the Court." (ECF No. 50 at 15 (quoting *Chew Wing Luk v. Dulles*, 268 F.2d 824, 827 (9th Cir.1959); *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1178 (E.D. Cal. 2013)).

Defendant alternatively argues that Plaintiff's inclusion of answers from an allegedly improper line of questioning at the Deposition demonstrates Plaintiff's Motion is in bad faith. (ECF No. 50 at 16-17.) Defendant claims Plaintiff instigated this line of questioning in order to publish the answers in the Motion "knowing (or perhaps even hoping)" that "a certain journalist, Bob Conrad" would report on it, effectively circumventing Nevada Rules of Professional Conduct ("NRPC"). (*Id.* at 17, 19 (citing NRPC 3.6).) Defendant substantiates this claim with evidence suggesting Plaintiff's counsel had improper communications with journalist Conrad. (*Id.* at 17-19.) Specifically, Defendant cites information Plaintiff obtained through discovery that was not publicly available but appeared in an article published by Conrad. (*Id.*) But Defendant then filed an errata, conceding that that these comments were in fact included in Plaintiff's public filing. (ECF No. 51 (citing ECF No. 45-3 at 24).) This explains Conrad's access to this information. Therefore, the Court finds Defendant's allegations are not substantiated.

Moreover, Defendant properly objected to the relevant questions at the Deposition. (ECF No. 50 at 16-17.) Objections regarding the admissibility of evidence relied upon in a plaintiff's complaint are not properly resolved at this early pleading stage.

In sum, the Court is not persuaded that Plaintiff's Motion was brought in bad faith.[5]

## B. Futility

Defendant argues Plaintiff's Motion should be denied because his proposed amendments are futile. Defendant argues Plaintiff's amendments are futile on three grounds: statute of limitations, municipal liability, and qualified immunity. The Court addresses each argument in turn.

### 1. Statute of limitations

Section 1983 claims in Nevada are barred by a two-year statute of limitations. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (citing NRS § 11.190(4)(e)). Under Rule 15, an amended pleading "relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the same conduct, transaction, or occurrence set out. . . in the original pleading." Fed. R. Civ. P. 15(c)(2). But when an amended pleading names a new party, the plaintiff must also demonstrate that the new party "(i) received such notice of that action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

The Court rejects Defendant's claim that Plaintiff's additional claims "arise[] out of an entirely different set of facts and circumstances than those alleged in the original Complaint." (ECF No. 50 at 9.) The initial Complaint details Plaintiff's arrest on September 17 resulting from a faulty FRS detection and his subsequent injuries after his handcuffing.

---

[5]While the Court does not find Defendant's allegations support the conclusion that Plaintiff violated NRPC 3.6, the parties' conduct as to this issue warrants a reminder for counsel to observe Rule 1, and for counsel engage with each other with professionalism and civility. *See* Fed. R. Civ. P. 1.

(ECF No. 1.)[6] The proposed FAC asserts a new claim of wrongful arrest for this exact incident and a new claim of municipal liability for policies regarding FRS and handcuffing. (ECF No. 45-3 at 36-39, 24-28.) Therefore, the Court finds the proposed additional claims meet the requirements of Rule 15(c)(2).

The Court also finds that Rule 15(c)(3)(C) does not prevent adding the City as a new defendant.[7] The City has actual or at least constructive knowledge of the current action, particularly considering the City's shared counsel with Defendant. *See Schwartz v. Miller,* 153 F.4th 918, 933 (9th Cir. 2025).) Defendant argues Plaintiff's "lack of knowledge of a potential claim against the City is not a 'mistake concerning the identity of the proper party' under Rule 15(c)(3)(B)." (ECF No. 50 at 11 (quoting *Cox v. Treadway*, 75 F.3d 230, 240, (6th Cir. 1995).)[8] But the Supreme Court held that "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression." *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 549 (2010). While Plaintiff here made a "deliberate

---

[6]Plaintiff's claims arise out of his arrest on September 17, 2023. (ECF No. 1 at 1.) Plaintiff filed the Complaint on July 30, 2025, within the two-year statute of limitations period. (*Id.* at 30.) The parties do not dispute this. The issue before the Court is whether Plaintiff's new claims in the FAC, which are now brought outside the statute of limitations, relate back to his initial Complaint.

[7]There is a circuit split regarding whether Rule 15(c)(3) permits relation back when the plaintiff seeks to add, rather than substitute, a party. *Compare Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) ("[A]n amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.") with *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1193 (3d Cir. 1994) ("[T]his Circuit has interpreted Rule 15(c) to allow for the *addition* of a new party.") There is no Ninth Circuit precedent squarely addressing this issue and Defendant does not raise this argument. Therefore, the Court will not *sua sponte* raise the issue and will assume *arguendo* that Rule 15(c) does not bar relation back to add new defendants.

[8]The Court is not persuaded by the out-of-circuit cases cited by Defendant. All of the cited cases predate the Supreme Court's decision in *Krupski*, which the Court relies on.

6

choice" to sue Defendant and not the City with "knowledge of the [City's] identity," the Supreme Court has held this is not sufficient to bar relation back under Rule 15(c)(3). *Id.* at 548. Plaintiff mistakenly believed there was no applicable municipal policy underlying Defendant's alleged violations. Accordingly, it would not be proper to say that "the failure to name the prospective defendant in the original complaint was the result of a fully informed decision." *Id.* at 552. This conclusion is consistent with the purpose of relation back, which is to balance fairness to the defendant and the preference for resolving disputes on their merits. *Id.* at 550. Considering the promptness of Plaintiff,[9] the sufficient notice of the City of this lawsuit, and the liberal standard regarding amending pleadings,[10] the Court concludes that Rule 15(c)(3) does not prevent Plaintiff from relating back his proposed claims against the City.

### 2. Municipal liability

Defendant argues Plaintiff's proposed municipal liability claim against the City is futile. The Court disagrees, finding Defendant does not meet the high bar of futility at this pleading stage.

Defendant emphasizes the lack of existing legal authority on Section 1983 liability surrounding police reliance on FRS. (ECF No. 50 at 14.) Qualified immunity protects defendants when the allegedly violated right is not "clearly established" by existing law. *See Sampson v. County of Los Angeles*, 974 F.3d 1012, 1018 (9th Cir. 2020). But the qualified immunity defense is not applicable to municipal entities like the City. *See Huskey v. City of San Jose*, 204 F.3d 893, 902 (9th Cir. 2000) (citing *Owen v. City of Indep.*, 445 U.S. 622, 638 (1980)) ("A municipality is not entitled to assert the defense of qualified immunity."). Municipal liability does not otherwise require a showing of existing legal

---

[9]Plaintiff filed the Motion within days of the Deposition, where Plaintiff obtained new information regarding the City's potential liability. (ECF No. 45 at 2.) Plaintiff also brought the Motion approximately two and half months before the stipulated deadline to amend pleadings and add parties. (ECF No. 45 at 5 (citing ECF No. 43).)

[10]*See United States v. Koike*, 164 F.2d 155, 157 (9th Cir. 1947).

authority on the alleged violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (detailing the elements for raising a claim of municipal liability). The Court therefore finds this argument unpersuasive.

Alternatively, Defendant argues that Plaintiff's municipal liability claim relies on allegedly inadmissible evidence and therefore his claim is futile. (ECF No. 50 at 14.) "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (citation omitted). Considering this standard, the Court finds this dispute regarding admissibility of one possible piece of evidence Plaintiff may rely on does not render his claim futile.

### 3.  Qualified immunity

Lastly, Defendant argues Plaintiff's proposed wrongful arrest claim against Defendant is barred by qualified immunity and therefore is futile. If a proposed new claim "could be disposed of by summary judgement," the Court may find the claim futile. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). Qualified immunity consists of two prongs: whether the defendant's conduct violated a constitutional right, and whether the right it was clearly established at the time of the violation. *See Polanco v. Diaz*, 76 F.4th, 918, 925 (9th Cir. 2023).

Plaintiff previously conceded in earlier pleadings that the "clearly established" prong of qualified immunity barred raising a wrongful arrest claim in this case. (ECF No. 36 at 7.) Plaintiff made this statement in briefing one of his partial MSJs. (*Id.*) While Plaintiff moves to withdraw both MSJs (ECF No. 57), and the Court ultimately denies both MSJs as moot, these pleadings are still valid representations before the Court that Plaintiff filed "to the best of [his counsel's] knowledge, information, and belief [and] formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). Moreover, Defendant specifically cites to this previous concession in his opposition to the Motion.

8

(ECF No. 50 at 13.) In reply, Plaintiff does not acknowledge, respond, or rebut his previous concession. (ECF No. 52 at 7-8.)

In that pleading, Plaintiff concedes there are no cases in the Ninth Circuit clearly establishing that arrests made solely based on FRS are unlawful. (ECF No. 36 at 7.) Plaintiff improperly states that "[w]here no such cases exist, the clearly established prong cannot be satisfied." (*Id.*) The Court does not need to identify an identical prior case in order to conclude that the right is clearly established. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987). While the clearly established inquiry begins "by looking to binding precedent," such as Ninth Circuit or Supreme Court decisions, "[i]n the absence of binding precedent, we look to whatever decisional law is available. . .." *Moore v. Garnand*, 83 F.4th 743, 750 (9th Cir. 2023). However, in arguing that qualified immunity does not render his proposed wrongful arrest claim futile, Plaintiff does not cite any precedent at all from any court. (ECF No. 52 at 7-8.) Plaintiff instead states that a "[n]ationally known police expert Scott DeFoe will testify that it was clearly stablished in 2023, at the time of Killinger's arrest, that arrests based solely on FRS cannot establish probable cause." (*Id.* at 8.) But this is not proper evidence to establish that a right is clearly established. Under the existing framework, Plaintiff is incorrect that "[t]he issue is not whether the law books contain a relevant case." (ECF No. 52 at 8.) "Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct." *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (per curiam) (quoting *Kisela v. Hughes*, 584 U.S. 100, 104 (2018)). While a plaintiff does not need to offer "a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* Since Plaintiff previously conceded that no relevant precedent exists and fails to respond or rebut his own conclusion with any case law, the Court finds Plaintiff's false arrest claim is futile due to qualified immunity. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) ("Absent a showing by [Plaintiff] that

9

the right was clearly established at the time, [Defendant] is entitled to qualified immunity . . ..").

In conclusion, the Court does not find the statute of limitations renders Plaintiff's proposed claims futile. Nor does Plaintiff's proposed municipal liability claim fail as futile at this stage. But because the Court finds Plaintiff's proposed wrongful arrest claim is futile, the Court will only grant Plaintiff's Motion in part and will deny it in part.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for leave to file his proposed First Amended Complaint (ECF No. 45) is granted in part as to Plaintiff's proposed municipal liability claim and denied in part as to Plaintiff's proposed wrongful arrest claim. Plaintiff has seven days to file an amended complaint with without the wrongful arrest claim.

It is further ordered that Plaintiff's motions for summary judgement (ECF Nos. 7, 17) are denied as moot.

It is further order that Plaintiff's motion to withdraw his motions for summary judgement (ECF No. 57) is denied as moot.

DATED THIS 27th day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

10