TERRI KEYSER-COOPER
Law Office of Terri Keyser-Cooper
Nevada Bar No. 3984
125 Edgewater Parkway
Reno, NV 89519
(775) 337-0323
Keysercooper@lawyer.com
*Attorney for Plaintiff Jason Killinger*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON KILLINGER, | Case No. 3:25-cv-388-MMD-CSD |
| Plaintiff, | **MOTION TO SEAL PURSUANT TO A "CONFIDENTIAL – NOT TO BE DISCLOSED EXCEPT SUBJECT TO STIPULATED PROTECTIVE ORDER" (ECF NO 56)** |
| v. | |
| RENO POLICE OFFICER R. JAGER and CITY OF RENO, | |
| Defendants. | |
| _____/ | |

I.      **FACTUAL BACKGROUND**

The parties, by and through their respective counsel of record, have stipulated to a protective order regarding the use of the continued deposition of Reno Police Department Chief Kathryn Nance. On March 19, 2026. (ECF No. 56, attached as Exhibit 1).

Plaintiff took the deposition of Chief Nance for the first time on January 27, 2026. The deposition ended abruptly because Chief Nance had not realized the deposition would exceed two hours and had other commitments. The parties agreed that Chief Nance's deposition would be continued to a later agreeable date. Within days Chief Nance's continued deposition was re-scheduled for March 19, 2026.

1

At some point between January 27th and March 19th Defendant City of Reno put Chief Nance on administrative leave. The reasons for Chief Nance's administrative leave are unknown and unrelated in any way to the case at bar. Chief Nance retained private counsel, Alanna Bondy of Sgro & Rogers of Las Vegas. Ms. Bondy refused to permit the taking of Chief Nance's continued deposition absent a protective order. Ms. Bondy's concern was that Chief Nance would be questioned unfairly about her administrative leave and why it had occurred. Chief Nance was also concerned that anything she said might or could be used against her by City of Reno officials who were then actively investigating her.

After days of discussions the parties and Chief Nance's private counsel agreed that her continued deposition could go forward, as noticed, on March 19, 2026 as long the deposition was limited to the claims or defenses arising in the *Killinger* case. It was agreed Chief Nance's deposition, when transcribed, would be marked "Confidential" and distribution of the deposition would be strictly limited. Nothing in the protective agreement prohibited the use of the confidential deposition provided the use of the deposition was clearly labeled, "CONFIDENTIAL – NOT TO BE DISCLOSED EXCEPT SUBJECT TO STIPULATED PROTECTIVE ORDER. (ECF NO. 56:7-18).

With the filing of the protective order on March 17, 2026, Chief Nance's March 19, 2026 deposition took place. Present on behalf of City of Reno was Adam Cate. Present on behalf of Chief Nance remotely was Allana Bondy and Tony Sgro. Plaintiff's counsel asked no questions regarding any matter relating to Chief Nance's administrative leave. Plaintiff had no interest in Chief Nance's administrative leave as such questions were not relevant in any way to the claims and defenses in the *Killinger* matter. Neither Ms. Bondy or Mr. Sgro made a single objection as to the substance of any questions put to Chief Nance.[1]

---

[1] At one point Mr. Sgro objected that Plaintiff's counsel had asked the same question repeatedly and counsel for Plaintiff agreed to "move on." The question did not involve anything

**II.    PLAINTIFF HAS FILED A MOTION FOR RECONSIDERATION USING PORTIONS OF CHIEF NANCE'S DEPOSITION AND REQUESTS THOSE PORTIONS BE CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER**

Plaintiff has filed a motion for reconsideration on today's date, April 12, 2026 relating to a decision made by this Court on a motion to amend dated March 27, 2026 (ECF No. 58). Plaintiff has included relevant portions of Chief Nance's deposition throughout his motion and has designated "Exhibit 3" of his motion as "Excerpts of Chief Nance's deposition." All citations relating to Chief Nance concern only the claims and defenses in the instant matter; none relate to Chief Nance's administrative leave and none apply to any investigation conducted separately by the City of Reno.

In following the letter and spirit of the protective order Plaintiff respectfully requests that Plaintiff's motion to seal be granted.

Dated this 12th day of April 2026

/s/ Terri Keyser-Cooper
TERRI KEYSER-COOPER
*Attorney for Plaintiff Killinger*

remotely related to Chief Nance's administrative leave but related to whether having a facial resemblance to a prior trespasser was sufficient reason to arrest Mr. Killinger.

3

# CERTIFICATE OF SERVICE

I, Terri Keyser-Cooper, declare as follows:

On this date, April 12, 2026, I served a copy of the following documents on the parties as follows:

MOTION to SEAL

[ ]    BY FED EX.  By placing a true copy of the above-referenced document(s) with FedEx in a sealed envelope with postage prepaid to the addressee(s) listed below.

[ ]    BY FACSIMILE TRANSMISSION.  By transmitting a true copy of the document(s) by facsimile transmission

[ ]    BY HAND-DELIVERY.  By delivering a true copy enclosed in a sealed envelope to the address(es) shown below.

[X]    BY ELECTRONIC SERVICE.  By electronically mailing a true copy of the document(s) to defendants at the following email addresses via the Court's electronic filing procedure:

KARL HALL
herbolsheimera@reno.gov
CateA@reno.gov
SparksJ@reno.gov@reno.gov

 _/s/ Terri Keyser-Cooper
TERRI KEYSER-COOPER
*Attorney for Plaintiff Jason Killinger*

4