Terri Keyser-Cooper, Esq.
Law Office of Terri Keyser-Cooper
125 Edgewater Parkway
Reno, NV 89519
Keysercooper@lawyer.com

Luke Busby, Esq.
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
lukebusby@pm.me

*Attorneys for Plaintiff Jason Killinger*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| JASON KILLINGER,<br><br>Plaintiff,<br><br>V.<br><br>RENO POLICE OFFICER R. JAGER and CITY OF RENO,<br><br>Defendants. | Case No.: 3:25-cv-388-MMD-CSD<br><br>**PLAINTIFF'S MOTION REGARDING DISCOVERY DISPUTE** |

Pursuant to Section V.B of the Civil Standing Order of U.S. Magistrate Judge Craig S. Denney (ECF No. 11, filed August 21, 2025), Plaintiff Jason Killinger submits this Motion Regarding Discovery Dispute concerning Defendant CITY OF RENO's unilateral redaction of the names and personal identifying information of arrestees from the arrest reports and declarations of probable cause produced in response to Plaintiff's Seventh Set of Requests

for Production of Documents. This Motion is supported by the Declaration of Counsel detailing the parties' meet-and-confer efforts, to which the parties' correspondence is attached (Exhibit 1).

**I. STATEMENT OF THE UNRESOLVED ISSUE**

The issue is whether Defendants may unilaterally redact the names, addresses, and other personal identifying information ("PII") of arrestees from responsive, non-privileged arrest reports and declarations of probable cause produced, where Defendants never sought or obtained a protective order authorizing those redactions, and instead rest their redactions entirely on the Nevada Public Records Act ("NPRA") and *Las Vegas Rev.-J., Inc. v. Las Vegas Metro. Police Dep't*, 139 Nev. 69, 526 P.3d 724 (2023)(hereinafter "*LVRJ*"), a case decided under that statute. Attached as Exhibit 2 are an excerpt from Defendant City of Reno's Responses dated June 15, 2026, and included in Exhibit 2 is a representative sample of the City's production (JAGER 000983-000988), an arrest report from which the City unilaterally redacted the arrestee's name and phone number in response to RFP No. 49. Plaintiff's Requests comprised 169 Requests, 168 seeking the arrest reports of specific individuals cited or transported to the Reno Police Department following facial recognition identifications at the Peppermill Casino.

**II. SUMMARY OF PLAINTIFF'S POSITION**

Defendants redacted the arrestees' identities from responsive documents without ever seeking a protective order from this Court. They made their own determination that the arrestees' privacy interests justify withholding this information, applied their redactions unilaterally, and produced the documents in redacted form, leaving Plaintiff to come to court to obtain what the FRCP entitled him to receive. Under both Nevada and federal practice in the Ninth Circuit, a party cannot unilaterally redact the names and identifying information of witnesses from otherwise responsive, non-privileged documents during discovery. *Venetian Casino Resort, Ltd. Liab. Co. v. Eighth Judicial Dist. Court*, 2020 Nev. App. LEXIS 2, 13 (Nev. 2020). "Other courts have held that '[o]utside of these limited circumstances [redactions

under FRCP 5.2], a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case.'" *Laub v. Horbaczewski*, 331 F.R.D. 516, 526 (C.D. Cal. 2019) quoting *Evon v. Law Offices of Sidney Mickell*, No. 09-0760, 2010 U.S. Dist. LEXIS 20666, 2010 WL 455476, at *2 n.1 (E.D. Cal. Feb. 3, 2010).

FRCP 5.2, the only Federal Rule authorizing unilateral redaction, is limited to social-security numbers, birth dates, minors' names, and financial-account numbers in court filings; if adults' names and contact information cannot be redacted even from public filings, they certainly cannot be unilaterally redacted from discovery produced to opposing counsel. A party is not permitted to make unilateral redactions to otherwise responsive documents based on a self-determined assertion of irrelevance or privacy, and a party cannot take it upon itself to decide what context is necessary for disclosure and what may be redacted. *Laub* at 516.

The burden was on Defendants to invoke the Court's protection before withholding information. To withhold or redact such information from disclosure, the producing party must demonstrate "good cause" and obtain a protective order under FRCP 26(c). *Venetian Casino Resort, LLC v. Eighth Judicial Dist. Court*, 136 Nev. 221. "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. See *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that 'broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test)." *Phillips v. GMC*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Defendants never filed a motion, never attempted to demonstrate particularized harm, and never asked this Court to weigh any of these factors. Having skipped the only lawful mechanism for withholding the information, Defendants cannot now defend redactions the Court never authorized. Defendants have sought and obtained protective orders in this case when they wished to protect other categories of information, including the Stipulated Protective Order regarding Officer Jager's personnel records

(Stipulation, ECF No. 77, filed May 22, 2026). Where the arrestee information is concerned, they simply substituted their own judgment for the Court's.

Defendants' invocation of public records law does not cure the procedural defect, because the NPRA has no application here. The NPRA governs what a governmental entity must disclose to any member of the public upon request; it does not define, limit, or displace the scope of discovery between litigants in a federal civil action, which is governed by Rule 26 of the FRCP. The case on which Defendants rely, *LVRJ*, arose from a newspaper's public records request and addressed what a police department may withhold from the general public under that statute. It says nothing about a litigant's obligations when responding to requests for production under the FRCP. A rule limiting what the public at large may obtain from a government agency cannot be transformed into a self-executing license to redact documents in litigation. If Defendants believed the arrestees' privacy interests warranted protection in this case, their remedy was a motion under FRCP 26(c). In *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1177 (9th Cir. 2006), the 9th Circuit held that even where parties redact or seal materials in reliance on a protective order, the court retains discretion to determine whether the information must be made public, with the burden always on the party seeking secrecy to show "compelling reasons."

**III. THE REDACTED IDENTITIES ARE RELEVANT AND PROPORTIONAL UNDER FRCP 26**

By redacting names and contact information from documents it was required to produce in full, the City has only increased the costs of discovery for both parties and delayed Plaintiff's ability to identify and interview the witnesses central to his claims. Under Rule 26, the reports concern the 168 individuals identified in Plaintiff's Requests who were cited or transported following facial recognition identifications at the Peppermill, and those individuals are percipient witnesses to the pattern and practice at issue in Plaintiff's municipal liability claim arising from arrests premised on facial recognition technology. Their identities are also essential to the injunctive relief Plaintiff seeks: Plaintiff cannot

demonstrate the scope of the City's ongoing practice, or the enormous number of people who have been cited or arrested based on Facial Recognition Software — without the ability to identify, contact, and present the accounts of those affected. Defendants' redactions prevent Plaintiff from locating and interviewing the very people whose experiences bear most directly on the claims. The argument that any evidence obtained from these individuals would be irrelevant because they did not come forward before Killinger's arrest, goes to the weight of the evidence, not its discoverability, and is an argument Defendants were required to present to the Court in support of a motion for a protective order.

Plaintiff will agree to a reasonable protective order to safeguard any privacy interests these individuals may have, but Plaintiff must at minimum obtain the names and contact information of the John and Jane Does who, like Plaintiff, were arrested or cited based on the Peppermill's facial recognition software. Without that information, Plaintiff cannot pursue prospective injunctive relief or a possible class action, and those similarly situated individuals remain at risk of further arrests and constitutional violations.

**IV. PLAINTIFF'S REQUESTED COMPROMISE OR RESOLUTION**

Plaintiff requests that the Court order Defendants to produce unredacted copies of all arrest reports and declarations of probable cause previously produced.

Dated: Aug 12, 2026

By: */s/ Luke Busby, Esq.*

Terri Keyser-Cooper, Esq.
Law Office of Terri Keyser-Cooper
125 Edgewater Parkway
Reno, NV 89519
Keysercooper@lawyer.com

Luke Busby, Esq.
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
lukebusby@pm.me

## INDEX OF EXHIBITS

Exhibit 1 — Declaration of Counsel Detailing Meet-and-Confer Efforts.

Exhibit 2 — Excerpt of Defendant City of Reno's Responses to Plaintiff's Seventh Request for Production of Documents and Response to RFP 49 (Sample Response to Plaintiff's Seventh RFPs).

## CERTIFICATE OF SERVICE

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing by:

______ personally delivering;
______ delivery via Reno/Carson Messenger Service;
______ sending via Federal Express (or other overnight delivery service);
____ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,
_x_ delivery via electronic means (fax, eflex, NEF, etc.) to:

Alice K. Herbolsheimer, Deputy City Attorney
HerbolsheimerA@reno.gov

Holly S. Parker, Deputy City Attorney
ParkerH@reno.gov

Adam D. Cate, Deputy City Attorney
CateA@reno.gov

Reno City Attorney's Office
Post Office Box 1900
Reno, Nevada 89505
*Attorneys for Defendants City of Reno and Reno Police Officer R. Jager*

Dated: Aug 12, 2026

By: _/s/ Luke Busby, Esq. _____
Luke Busby, Esq.