# Exhibit 1

Declaration of Terri Keyser-Cooper in Support of Plaintiff's Motion Regarding Discovery Dispute

Exhibit 1

# DECLARATION OF TERRI KEYSER-COOPER IN SUPPORT OF PLAINTIFF'S MOTION REGARDING DISCOVERY DISPUTE

I, Terri Keyser-Cooper, declare as follows:

1. I am an attorney licensed to practice law in the State of Nevada and before this Court, and I am counsel of record for Plaintiff Jason Killinger in this action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them. I submit this declaration pursuant to Section V.B of the Civil Standing Order of U.S. Magistrate Judge Craig S. Denney (ECF No. 11, filed August 21, 2025) to detail the meet-and-confer efforts undertaken to resolve the discovery dispute that is the subject of Plaintiff's Motion Regarding Discovery Dispute.
2. This dispute concerns Defendant City of Reno's unilateral redaction of the names and personal identifying information of arrestees from the arrest reports and declarations of probable cause produced in response to Plaintiff's Seventh Set of Requests for Production of Documents. The City served its Responses to Plaintiff's Seventh Set of Requests for Production of Documents on June 15, 2026, and produced the corresponding reports with the arrestees' identifying information redacted.
3. On May 18, 2026, the parties conducted a meet-and-confer conference regarding the scope of Plaintiff's Seventh Set of Requests for Production of Documents, as reflected in the City's Responses of June 15, 2026. Following the City's production of the redacted reports, I requested that the City produce unredacted copies.
4. On or about August 4, 2026, I met and conferred by telephone with lead counsel for Defendants, Deputy City Attorney Alice Herbolsheimer, regarding the City's redactions. During that call, we discussed the information Plaintiff is seeking, the

basis for the City's redactions, and Plaintiff's need to identify and contact the arrestees as percipient witnesses. We were unable to resolve the dispute.

5. On August 6, 2026, at 5:05 PM, Ms. Herbolsheimer sent me an email confirming the City's position that the arrestees' privacy interests are entitled to protection and that the Nevada Public Records Act does not require disclosure of their personal identifying information, citing *Las Vegas Rev.-J., Inc. v. Las Vegas Metro*. Police Dep't, 139 Nev. 69, 526 P.3d 724 (2023). In the same email, Ms. Herbolsheimer acknowledged that Plaintiff may wish to file a motion to compel disclosure of the unredacted arrest reports and stated that the City intends to seek its attorney's fees under FRCP 37 if the motion is denied.

6. On August 6, 2026, at 5:39 PM, I responded by email offering to arrange a further meet-and-confer conference if Ms. Herbolsheimer believed it would be helpful in resolving the issue, and asking her to indicate if she did not.

7. On August 7, 2026, at 1:39 PM, Ms. Herbolsheimer responded by email stating that, absent legal authority contradicting the case law she had cited, she did not believe a further meet-and-confer on this issue would be fruitful.

8. On August 7, 2026, I replied by email setting forth Plaintiff's position that contact information for witnesses possessing important discoverable information must be provided, that the case law the City cited pertains to issues not relevant to discovery between litigants, and that the City's refusal to provide the arrestees' contact information prevents Plaintiff from obtaining valuable information contrary to the federal rules of discovery. I again stated my willingness to discuss the issue further.

9. On August 7, 2026, at 2:55 PM, Ms. Herbolsheimer responded by email stating her belief that the parties have satisfied their meet-and-confer obligations, summarizing the parties' prior telephone conference, restating the City's position, and stating that

she did not believe it productive to continue arguing about something on which the parties still disagree after conducting the relevant research.

10. Based on the foregoing, the parties have met and conferred in good faith by telephone between lead counsel in compliance with LR IA 1-3(f), and have exchanged detailed correspondence setting forth their respective positions. The parties are at an impasse, and Defendants' counsel has confirmed that further conferral would not be fruitful. This dispute therefore cannot be resolved without the Court's intervention.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 12, 2026

By: /s/ Terri Keyser-Cooper