# Exhibit 2

Excerpt of Defendant City of Reno's Responses to Plaintiff's Seventh Set of Requests for Production of Documents, dated June 15, 2026, together with a representative sample of documents produced in response thereto (JAGER 000983–000988)

Exhibit 2

KARL S. HALL
Reno City Attorney
ALICE K. HERBOLSHEIMER
Deputy City Attorney
Nevada State Bar No. 6389
*HerbolsheimerA@reno.gov*
HOLLY S. PARKER
Deputy City Attorney
Nevada State Bar. No. 10181
*ParkerH@reno.gov*
ADAM D. CATE
Deputy City Attorney
Nevada State Bar No. 12942
*CateA@reno.gov*
Post Office Box 1900
Reno, Nevada 89505
Tel: (775) 334-2050
*Attorneys for Defendants City of Reno and Reno Police Officer R. Jager*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON KILLINGER,<br><br>Plaintiff,<br><br>vs.<br><br>RENO POLICE OFFICER R. JAGER and CITY OF RENO,<br><br>Defendants. | **CASE NO.: 3:25-cv-00388-MMD-CSD**<br><br>**DEFENDANT CITY OF RENO'S RESPONSES TO PLAINTIFF'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defendant, CITY OF RENO ("Defendant"), by and through its undersigned attorneys of record, hereby responds to *Plaintiff's Seventh Request for Production of Documents* dated April 27, 2026.

**OBJECTIONS TO PRELIMINARY DEFINITIONS AND INSTRUCTIONS**

1. Defendant objects to each preliminary definition and instruction set forth in *Plaintiff's Seventh Request for Production of Documents* to the extent the definition or instruction

purports to impose any requirement or discovery obligation upon Defendant other than as set forth in the Federal Rules of Civil Procedure ("FRCP") and any applicable Local Rules of this Court.

2. Defendant objects to each and every instruction to the extent that the instructions seek information protected by the attorney-client privilege, the attorney work-product doctrine, or any other such applicable restriction upon discovery, and to the extent the Requests seek to impose requirements for a claim of privilege that are beyond the requirements of FRCP 26(b)(5).

3. Defendant objects to definition of the terms "Document" and "Documents" on the basis the definition is overbroad, vague, ambiguous, and unduly burdensome. The definition specifically states it is intended "in the broadest sense," which standing alone is overbroad. The definition purports to limit the terms to information in the "possession, custody, and or control of Defendant City of Reno." The definition, however, broadly seeks information from Defendant's "agents, employees, attorneys, representatives, or any person acting on its behalf," which could refer to individuals over whom City has no control. Requests incorporating the terms "Document and "Documents," therefore, could seek information of which Defendant has no knowledge, or information not within Defendant's possession, custody, or control. Further, Defendant employs over 1,000 individuals; Requests for "Documents" that fail to identify or describe specific employees are overbroad and would require a fishing expedition to locate responsive information. The definition also fails to contain a reasonable time limitation or describe the authors of the information such that it is impossible to accurately respond. The definition of the terms "Document" and "Documents" are so broad they could also seek work-product protected or attorney-client privileged information. Defendant further objects to the definition of the terms "Document" and "Documents" on the basis the definition incorporates the overbroad, vague, and undefined terms "all written, printed, typed, recorded, electronic, digital, or graphic matter of every kind and description, however produced or reproduced, whether sent or received or neither, including originals, drafts, non-identical copies, and electronically stored information . . . ." For example, such a broad, vague, and ambiguous definition could refer to an audio recording, which is a recorded sound, but not a document at all according to the plain meaning of that term. The terms "whether sent or received or neither" are confusing and unclear. For all of these reasons,

Requests incorporating the terms "Document" and "Documents" are beyond the permissible scope of discovery under FRCP 26(b)(1).

4. Defendant objects to the definition of the terms "Arrest Report" on the basis the definition is overbroad, vague, ambiguous, and unduly burdensome. The terms "complete file generated by the Reno Police Department *in connection with* the detention, arrest, citation, transport, or booking of the identified individual" fail to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A) (emphasis supplied). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49 (D.N.J. 1985) (interrogatories seeking production of all documents that "refer or relate to" a topic too broad); *Westhemeco Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. 702 (S.D.N.Y. 1979) (denying motion to compel response to interrogatory requesting each document in the claim file and the underwriting file maintained by defendant "with respect to" the subject policy and claim that was the subject of the action); *Camco, Inc. v. Baker Oil Tools, Inc.*, 45 F.R.D. 384, 385 (S.D. Tex. 1968) (request for "[a]ll files *relating to* the making and first reducing to practice of the alleged inventions, the decisions to file patent applications on the alleged inventions, and the prosecution of applications *relating to* any of the patents described in paragraph (1)" was not made with reasonable particularity) (emphasis added); *Pickett v. L. R. Ryan, Inc.*, 237 F. Supp. 198 (E.D.S.C. 1965) (request for investigative file of insurance company "pertaining to" explosion not made with reasonable particularity); *Dynatron Corp. v. U.S. Rubber Co.*, 27 F.R.D. 480, 481 (D. Conn. 1961) (request for all documents "relating to" specific polyester resins was not made with reasonable particularity). The terms "the identified individual" are vague and ambiguous because the 169 Requests set forth in *Plaintiff's Seventh Request for Production of Documents* s fail to identify any specific individuals and instead contain initials or references to "Doe" individuals that request Defendant to guess and speculate as to potentially responsive information. Further, Requests incorporating the terms "Arrest Report" are vague and ambiguous because the definition terms "detention, arrest, citation, transport, or booking" refer to events that may not require the

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

generation of a report at all, and events that may not be associated with a technical arrest of the individual. The terms “narrative reports, all supplemental reports, . . . all citizen’s arrest forms, all probable cause statements, all booking documents, all property and evidence logs, all body-worn camera logs and metadata, all dispatch records and CAD entries, all photographs, all WINS results, and all related correspondence and communications” are overbroad and may refer to information in the custody and control of third party entities not affiliated with Defendant, such as Washoe County. For example, property and evidence logs, booking documents, and WINS information may be in the custody, possession, or control of Washoe County and not Defendant. Further, the term “metadata” is vague and ambiguous and unclear in the context of the definition. Finally, the definition of “Arrest Report” seeks detailed information that may invade the privacy interests of any arrested individuals. As such, Requests incorporating the terms “Arrest Report” are beyond the permissible scope of discovery set forth in FRCP 26(b)(1). **However, following a meet and confer conference conducted on May 18, 2026, the parties agreed that, where it was possible for Defendant to identify the individuals referenced in the Requests, Defendant will produce only the corresponding arrest reports and declarations of probable cause where such documents could be located. Accordingly, in response to the 169 Requests set forth in *Plaintiff’s Seventh Request for Production of Documents*, where Defendant had a reasonable basis to believe it had sufficient information to identify the individuals in the Requests, Defendant has produced the arrest reports and declarations of probable cause (if they could be located).**

5. The term “RPD” is overbroad because it refers to “all of its officers, employees, agents, supervisors, dispatchers, civilian personnel, and policymakers” without identifying any specific individuals to allow Defendant to perform a manageable search for potentially responsive information.

6. Defendant objects to the definition of the term “Peppermill” on the basis it is overbroad and includes “security personnel, agents, and employees” of the Peppermill over whom Defendant has no control. Accordingly, Requests incorporating the term “Peppermill” seek information not within Defendant’s possession, custody, or control. Any such Requests are unduly

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

burdensome and unreasonably request Defendant to speculate as to potentially responsive information.

7. Defendant objects to the terms "Facial Recognition Software" or "FRS" because they refer to statements set forth in the Declaration of Michael Heward, a witness not associated with Defendant. Requests incorporating this term call for speculation on the part of Defendant as to what Mr. Heward meant or intended by the statements in his Declaration. Further, Exhibit 1 to the Declaration was apparently put together by yet another third party witness of the Peppermill. Requests referring to the Declaration of Mr. Heward and Exhibit 1 thereto improperly seek speculation from Defendant as to what was referred to or intended by the authors of those documents.

8. Defendant further objects to the terms "Declaration of Michael Heward" and the spreadsheet attached as Exhibit 1 thereto because the information contains no individuals' names, no case numbers, and no other specific information that would allow Defendant to perform a reasonable, manageable, and accurate search for potentially responsive information. The definition is also argumentative because it assumes that all individuals identified only by initials or "Doe" in Exhibit 1 were arrested, booked, or transported by the Reno Police Department.

9. Defendant objects to the instructions set forth in the second paragraph on Page 3 of *Plaintiff's Seventh Request for Production of Documents* to the extent those instructions purport to set forth requirements for a privilege log that exceed the requirements of FRCP 26(b)(5). Further, as described further in Paragraph 3 above, the instruction that Defendant must provide information "in the possession, custody, or control of its agents, employees, attorneys, representatives, or any other person acting on its behalf" could specifically seek information *not* within the possession, custody, or control of Defendant, which is unduly burdensome and exceeds the permissible scope of discovery set forth in FRCP 26(b)(1).

10. The instruction set forth in the third paragraph on Page 3 of *Plaintiff's Seventh Request for Production of Documents* is unduly burdensome, overbroad, and requests that Defendant speculate because the instruction could refer to information of which Defendant has no

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

knowledge and information not within Defendant's possession, custody, or control. The instruction purports to impose requirements beyond the permissible scope of discovery under FRCP 26(b)(1).

11. Defendant's responses and objections are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

a. All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the response or subject matter thereof, in any subsequent proceeding in the trial of this or any other action;

b. The right to object on any ground to the use of said responses, or the subject matter thereof, in any subsequent proceeding of this or any other action;

c. The right to object on any ground at any time to other document requests or other discovery procedures involving or relating to the subject matter of these requests; and

d. The right to amend or supplement these responses, as discovery and investigation in this action are continuing.

**<u>DOCUMENT REQUESTS</u>**

**<u>REQUEST NO. 49</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 29, 2023, at approximately 4:31 a.m. (grave shift), identified by initials "John Doe," with a 99.8% facial recognition match, detected at the Oceano West location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 49</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places

**Reno City Attorney
P.O. Box 1900
Reno, NV 89505**

the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as Bates Numbers JAGER 000983-000988 are responsive to this Request.

**REQUEST NO. 50:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 29, 2023, at approximately 9:37 p.m. (swing shift), identified as "John Doe," with a 99.8% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 50:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

in the Declaration of Michael Heward. Further, it is unclear why the Request covers the time period from January 1, 2023 through August of 2023, when the Peppermill's Facial Recognition Software ("FRS") was not installed until late-August 2023, three weeks before Plaintiff's arrest. Any citation that was issued before installation of the FRS could not have been based on the FRS. With respect to citations issued *after* installation of the FRS, there is no practical way for Defendant to identify which citations resulted from an identification through the use of Peppermill's FRS and which citations did not involve the use of FRS without pulling every single citation and reading each one. Upon information and belief, there are approximately 980 trespass citations that were issued by the Peppermill in 2023 and 2024. Even if Defendant were to pull and read each and every citation, it is unknown whether it can be determined from looking at the citation whether it involved an identification made by the Peppermill's FRS. Additionally, this case involves a claim that Plaintiff was unlawfully arrested and booked into the Washoe County Jail. Plaintiff was not issued a citation. The Request, therefore, seeks information having no logical connection to the issues in this case. As such, the Request is irrelevant to the claims and defenses in this action, unduly burdensome, and disproportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. For all of these reasons, the Request exceeds the permissible scope of discovery under FRCP 26(b)(1).

DATED this 15th day of June, 2026.

KARL S. HALL Reno City Attorney

By: */s/ Holly S. Parker*
ALICE K. HERBOLSHEIMER
Nevada State Bar No. 6389
HOLLY PARKER
Nevada State Bar No. 10181
ADAM D. CATE
Nevada State Bar No. 12942
Post Office Box 1900
Reno, Nevada 89505
*Attorneys for Defendants City of Reno and Reno Police Officer Richard Jager*

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I served a copy of the foregoing *DEFENDANT CITY OF RENO'S RESPONSES TO PLAINTIFF'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS* on the party(s) set forth below by:

__X__ Electronic Mail, addressed as follows:

Terri Keyser-Cooper
lawyer.com-keyser.cooper@mail.com
*Counsel for Plaintiff*

Luke Busby, Esq.
lukebusby@pm.me
*Counsel for Plaintiff*

DATED this 15th day of June, 2026.

/s/ Jenny Sparks
Jenny Sparks
Legal Assistant

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

CASE # 23-15248

# RENO POLICE DEPARTMENT
# SCANNING FACE SHEET

****THIS FORM MUST BE COMPLETED AND TURNED INTO RECORDS WITH EVERY REPORT TAKEN OR SUPPLEMENT WRITTEN****

Officer/Detective/CSO/PSS: PEREZ R: 15573

Document Type:

| | | | | | |
|---|---|---|---|---|---|
| ☐ | Arrest - Felony | Date of Arrest: ______ | Court: ______ | | |
| ☐ | Arrest - Felony Sex Assault | Date of Arrest: ______ | Court: ______ | | |
| ☐ | Arrest - Gross Misdemeanor | Date of Arrest: ______ | Court: ______ | | |
| ☐ | Arrest - Misdemeanor | Date of Arrest: ______ | Court: ______ | | |
| ☐ | Arrest - Murder | Date of Arrest: ______ | Court: ______ | | |
| ☐ | Civil Protective Custody (CPC) | Date Issued: ______ | | | |
| ☐ | Civil Report | Date of Incident: ______ | | | |
| ☐ | Crime Report - Felony | Date of Offense: ______ | | | |
| ☐ | Crime Report - Felony Sex Assault | Date of Offense: ______ | | | |
| ☐ | Crime Report - Gross Misdemeanor | Date of Offense: ______ | | | |
| ☐ | Crime Report - Misdemeanor | Date of Offense: ______ | | | |
| ☐ | Crime Report - Murder | Date of Offense: ______ | | | |
| ☒ | Criminal Citation | Date of Issuance: 08/29/23 | Court: RMC | | |
| ☐ | Incident Report | Date of Incident: ______ | | | |
| ☐ | Juvenile Reports (Arrest/Crime) | Date of Offense: ______ | DOB: ______ | DOD: ______ | |
| ☐ | Juvenile Report - Sex Assault | Date of Offense: ______ | DOB: ______ | DOD: ______ | |
| ☐ | Missing Persons (Adult & Juvenile) | Date Missing: ______ | Date Found: ______ | | |
| ☐ | Traffic Accident - Investigation | Date of Incident: ______ | | | |
| ☐ | Traffic Accident - No Investigation | Date of Report: ______ | | | |

****************************************

- ☐ Tiburon completed by Officer
- ☒ Submit to Transcription from PC/Citation Narrative
  - ☐ Officer wants report back to review prior to OA
- ☐ Officer Transcribed via Tape/Phone
- ☐ Tiburon Pending - Approving Supervisor: ______
- ☐ **NCIC Entry/Removal**
- ☐ Submitted for Warrant by (PA initials): ______ Date: ______

****************************************

FOR RECORDS USE ONLY

Scanned by (Initials): [illegible] R: 12239 Date: 8/29/23

Updated 080921 – MB 7151

Sgt Davis 14354

| Citation Type: ☑ Adult ☐ Juvenile RMC | **State of Nevada** City of Reno Police Department COMPLAINT | Case Number: 23-15648 ~~2023-2553~~ R686329 |
|---|---|---|

Travel Direction: North: ☐ South: ☐ East: ☐ West: ☐

**Location:** PEPPERMILL 2707 S. VIRGINA ST RENO NV 89502

**Violation Date:** AUGUST 29 2023 **Time:** 0437 **Issue Date:** ☑ Same as violation **Time:**

**THE UNDERSIGNED CERTIFIES AND SAYS THAT IN THE STATE OF NEVADA, CITY OF RENO**

| | | | | | |
|---|---|---|---|---|---|
| Name (Last, First, Middle): [redacted] | | | | DOB: [redacted] | |
| Address: NONE FIXED | | | Phone: [redacted] | | |
| City: RENO | State: NV | Zip: — | Email: — | | |
| Sex: M | Ht: 5'06 | Wt: 140 | Hair: BRO | Eyes: BRO | |
| DL/ID: — | State: — | Exp: — | Class: — | CDL: ☐ Yes ☒ No | Res: — End: — |

**DID OPERATE THE FOLLOWING VEHICLE AT THE ABOVE LISTED LOCATION**

| | | | | |
|---|---|---|---|---|
| Year: | Make: | Model: | Body: | Color: |
| Veh Lic: | State: | Exp: | VIN: | |

**DID THEN AND THERE COMMIT THE FOLLOWIING OFFENSE(S):**

**1. Violation:** 8:10:010 **Description:** TRESPASSING

☐ RMC ☐ NRS (as adopted by RMC 1.04.015) ☐ CFR (as adopted by RMC 1.04.015 & NRS 706.171)

To Wit: DEFENDENT DID UNLAWFULLY RETURN TO PEPPERMILL PROPERTY AFTER HAVING BEEN TRESPASS FROM PEPPERMILL PROPERTY BY PEPPERMILL SECURITY ON 07/25TH/2023. WHICH IS WITHIN THE LAST 6 MONTHS.

| Posted Speed: | Alleged Speed: | Cited Speed: | NOC: 56470 | Fines/Fees: $373 |
|---|---|---|---|---|

**2. Violation:** **Description:**

☐ RMC ☐ NRS (as adopted by RMC 1.04.015) ☐ CFR (as adopted by RMC 1.04.015 & NRS 706.171)

To Wit:

| Posted Speed: | Alleged Speed: | Cited Speed: | NOC: | Fines/Fees: |
|---|---|---|---|---|

**3. Violation:** **Description:**

☐ RMC ☐ NRS (as adopted by RMC 1.04.015) ☐ CFR (as adopted by RMC 1.04.015 & NRS 706.171)

To Wit:

| Posted Speed: | Alleged Speed: | Cited Speed: | NOC: | Fines/Fees: |
|---|---|---|---|---|

**I declare under penalty of perjury that I have reasonable grounds to believe that the above named person committed the above offense(s) contrary to law.**

Officer/Complainant Printed: PEREZ Ramirez, yvette Officer/Complainant Signature: [signature] Badge No: 15523

**You are hereby ordered to appear to answer the above charge(s) on the day and time noted:**

| ☒ **RENO MUNICIPAL COURT** 1 S. Sierra St., Reno, NV 89501 (775) 334-2290 | ☐ **RMC COMMUNITY COURT** Downtown Library 301 S. Center St., Reno, NV 89501 (775) 334-2290 | ☐ **JAN EVANS JUVENILE CENTER** 650 Ferrari McLeod, Reno, NV 89520 Traffic (775) 325-7901 Other (775) 325-7800 **(WILL BE NOTIFIED BY MAIL)** | ☐ **COURT MANDATORY** |
|---|---|---|---|

ON THE 26 DAY OF September 20 23 AT 2 AM/PM (PM circled)

**I promise to respond as directed on this Complaint and waive my right to be taken immediately before a magistrate. My signature is not an admission of guilt.**

☒ My cell phone (775) 475-3090 is provided to opt in for text message notifications from the Court.

**Defendant's Signature** **X** [signature] ☐ Interpreter Needed Language: ______

**Failure to respond to this Complaint or future dates relating to this Complaint may constitute a separate offense and may result in the issuance of an arrest warrant for contempt of court.**

WHITE – ORIGINAL YELLOW – DEFENDANT *Revised 12/2021*

23-15648

**OFFICER NOTES:**

**Defendant Type:**
- ☐ Driver
- ☐ Passenger
- ☐ Pedestrian
- ☐ Pedal Cyclist
- ☐ Non-Traffic
- ☐ Other: ____________

**Directed Activity:**
- ☐ Proactive Patrol
- ☐ High Crash Location
- ☐ Service Request
- ☐ Other: ____________

**Location:**
- ☐ School Zone
- ☐ Construction Zone
- ☐ Pedestrian Safety Zone

**Beat/Area:** ____________________

**Alcohol:**
Had Been Drinking: ☐ Yes ☐ No

☐ PBT-Serial No: ____________________ Results: ________ % Calibration Date: ____________________

**Number of passengers:** ____________ ☐ Radar-Serial No: ____________________

SEE WRITTEN

STATEMENT

# RENO POLICE DEPARTMENT STATEMENT

FOR POLICE USE ONLY:
CASE NO: 23-15648
TAKEN BY: PEREZ #15503

## PERSON MAKING STATEMENT

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME OF PERSON MAKING STATEMENT: Yvette Ramirez | | | | OTHER NAMES USED: | | | |
| RESIDENCE (STREET) ADDRESS: 2707 S. Virginia Street | | | | | | HOME PHONE: | |
| CITY: Reno | | STATE: NV | | ZIP: 89502 | | WORK PHONE: 775-689-7355 | |
| RACE: ☐ WHITE ☐ INDIAN ☐ BLACK ☐ ASIAN ☒ OTHER | SEX: ☐ MALE ☒ FEMALE | DATE OF BIRTH: [redacted] | | SOCIAL SEC NO: | | FAX/CELL/PAGER: | |
| | | HEIGHT: | WEIGHT: | HAIR: | EYES: | OTHER NO TO CALL: | |
| OCCUPATION AND WHERE EMPLOYED: Security, Peppermill | | | | | | EMAIL ADDRESS: | |
| WORK/SCHOOL ADDRESS: 2707 S. Virginia St Reno, NV 89502 | | | | | | WORK HOURS: | DAYS OFF: |
| INVOLVEMENT: ☐ DRIVER ☐ PASSENGER ☒ COMPLAINANT ☐ VICTIM ☐ WITNESS | | MY LOCATION WHEN EVENT OCCURRED: Peppermill Reno Slot Section Three | | | | | |

## WRITTEN STATEMENT

On 08/29/2023 at appoximately 0437 hours, Peppermmill Security Officer Tuuaooletuimanu TUIMOLOAU and I were dispatched to slot section three for a prior trespasser John DOE, who was last trespassed on 07/25/2023 for Loitering (Security Case Number 2023-2214). At approximately 0438 hours, TUIMOLOAU contacted DOE and confirmed Doe's identification from the photo on the Barring Notice we possessed. TUIMOLOAU advised him that he was being arrested for trespassing, DOE was arrested in a standing compliant manner and his handcuffs were checked for proper tightness then double locked. Once in custody DOE was escorted to the security holding room where he was searched by TUIMOLOAU for weapons and means of escape which a glass pipe was found in front left pocket. DOE was secured to a holding bench via seatbelt to wait for the Reno Police Department. JOHN DOE's was later identified as [redacted] via prior tresspass case# 2022-2259.

| DATE & TIME OF STATEMENT: | NO PAGES IN STATEMENT: | SIGNATURE OF PERSON MAKING STATEMENT: |
|---|---|---|
| 8/29/2023 0507 hrs | 1 | [signature] |

| FOR POLICE USE ONLY: RELS. TO: | DATE: | BY: |
|---|---|---|
| | | |

**DISSEMINATION RESTRICTED TO CRIMINAL JUSTICE AGENCIES ONLY. SECONDARY DISSEMINATION IS PROHIBITED.**

Revised 2/1/09

23-15648

Supplement No
ORIG

# RENO POLICE DEPARTMENT

P.O. BOX 1900

911 KUENZLI

Reno NV 89502

Phone
775-334-2175

Fax

Reported Date
08/29/2023

Rpt/Incident Typ
TRESPASS

Emp #
PEREZ, BRIANNA

## Administrative Information

| Agency | OCA # | Supplement No | Reported Date | Reported Time | CAD Call No |
|---|---|---|---|---|---|
| RENO POLICE DEPARTMENT | 23-15648 | ORIG | 08/29/2023 | 05:11 | 232410156 |

| Status | Rpt/Incident Typ |
|---|---|
| REPORT TO FOLLOW | TRESPASSING |

| Location | City |
|---|---|
| 2707 S VIRGINIA ST | RENO |

| ZIP Code | Rep Dist | Area | Beat | From Date | From Time |
|---|---|---|---|---|---|
| 89502 | K2D5 | RS | 86 | 08/29/2023 | 04:37 |

| Emp # | Assignment | Author |
|---|---|---|
| R15523/PEREZ, BRIANNA | Patrol - Grave - Team 04 | R12239 |

| Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|
| Records - Swing - Supervisor | Successful | Successful | R12239 |

| Approval Date | Approval Time |
|---|---|
| 08/29/2023 | 20:17:33 |

| Citation | Other | Written Statement |
|---|---|---|
| Yes | Yes | Yes |

| # Offenses | Offense | Description | Complaint Type | AC | Use |
|---|---|---|---|---|---|
| 1 | 56470 | TRESPASS, NOT AMOUNT | | C | N |

| Bias | Loc | #Pr | MOE | Act | Weapon/Force | IBRS | No | Cargo? | NV Offense | Dom Violence? | # Child |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 88 | 40 | | | | | 90J | 1 | | 56470 | N | |

| Med Atn? | Protection ? | DV Card? |
|---|---|---|
| | | |

## Person Summary

| Invl | Invl No | Type | Name | MNI |
|---|---|---|---|---|
| ARR | 1 | I | [redacted] | 2867750 |

| Race | Sex | DOB |
|---|---|---|
| W | M | [redacted] |

| Invl | Invl No | Type | Name | MNI |
|---|---|---|---|---|
| REP | 1 | I | RAMIREZ,YVETTE | 3038882 |

| Race | Sex | DOB |
|---|---|---|
| W | F | [redacted] |

| Invl | Invl No | Type | Name | MNI |
|---|---|---|---|---|
| VIC | 1 | B | PEPPERMILL | 546904 |

| Race | Sex | DOB |
|---|---|---|
| | | |

23-15648

Supplement No
ORIG

# RENO POLICE DEPARTMENT

## ARRESTEE 1: [redacted]

| Involvement | Invl No | |
|---|---|---|
| ARRESTEE | 1 | INDIVIDUAL |

| Name | MNI | Race | Sex |
|---|---|---|---|
| [redacted] | 2867750 | WHITE | MALE |

| DOB | Age | Ethnicity | Juvenile? | Height | Weight | Hair Color | Eye Color | Dom Violence? | Res Status |
|---|---|---|---|---|---|---|---|---|---|
| [redacted] | 29 | HISPANIC ORIGIN | No | 5'06" | 145# | BLACK | BROWN | No | Unknown |

| OFN_INVL | Vic/Ofnd Age | PRN |
|---|---|---|
| 1 | 29 | 4817528 |

| Involvement | Arrest Type | Arrest Date | Arrest Time | Status | Dispo |
|---|---|---|---|---|---|
| CITED | CITATION | 08/29/2023 | 05:11:00 | CITED | Misdemeanor |

| Arrest Location | City |
|---|---|
| 2707 S VIRGINIA ST | RENO |

| Rep Dist | Armed | Multi-arrests | Beat |
|---|---|---|---|
| K2D5 | Unarmed | Not applicable | 86 |

| NOC/Charge | Level | Charge Literal | IBRS | Arrest NOC |
|---|---|---|---|---|
| 56470 | M | TRESPASS, NOT AMOUNT | 90J | 56470 |

## REPORTING PARTY 1: RAMIREZ,YVETTE

| Involvement | Invl No | Type |
|---|---|---|
| REPORTING PARTY | 1 | INDIVIDUAL |

| Name | MNI | Race | Sex |
|---|---|---|---|
| RAMIREZ,YVETTE | 3038882 | WHITE | FEMALE |

| DOB | Age | Juvenile? | PRN |
|---|---|---|---|
| [redacted] | 23 | No | 4817529 |

| Type | Address |
|---|---|
| WORK/BUSINESS | 2707 S VIRGINIA ST |

| City | State | ZIP Code | Date |
|---|---|---|---|
| RENO | Nevada | 89502 | 08/29/2023 |

| Phone Type | Phone No | Date |
|---|---|---|
| BUSINESS | (775)689-7355 | 08/29/2023 |

| Employer/School | Position/Grade |
|---|---|
| PEPPERMILL | SECURITY |

## VICTIM 1: PEPPERMILL

| Involvement | Invl No | Type | Name |
|---|---|---|---|
| VICTIM | 1 | BUSINESS | PEPPERMILL |

| MNI | PRN |
|---|---|
| 546904 | 4817530 |

## IBRS Info

| Victim Invl No | Offense Codes |
|---|---|
| 1 | 90J |

## Modus Operandi

| Crime Code(s) |
|---|
| Tresspassing |

## Narrative

To wit:

Defendant did unlawfully return to Peppermill property after having been trespass from Peppermill property after having by Peppermill security on 07/25th/2023. Which is within the last 6 months.

| Report Emp # | Printed At | |
|---|---|---|
| R15523/PEREZ, BRIANNA | 05/28/2026 14:27 | Page 2 of 2 |