KARL S. HALL
Reno City Attorney
ALICE K. HERBOLSHEIMER
Deputy City Attorney
Nevada State Bar No. 6389
*HerbolsheimerA@reno.gov*
HOLLY S. PARKER
Deputy City Attorney
Nevada State Bar No. 10181
*ParkerH@reno.gov*
ADAM D. CATE
Deputy City Attorney
Nevada State Bar No. 12942
*CateA@reno.gov*
Post Office Box 1900
Reno, Nevada 89505
Tel: (775) 334-2050
*Attorneys for Defendants City of Reno and*
*Reno Police Officer R. Jager*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON KILLINGER,<br><br>Plaintiff,<br><br>vs.<br><br>RENO POLICE OFFICER R. JAGER and CITY OF RENO,<br><br>Defendants. | **CASE NO.: 3:25-cv-00388-MMD-CSD**<br><br>**DEFENDANT CITY OF RENO'S RESPONSE TO PLAINTIFF'S MOTION REGARDING DISCOVERY DISPUTE (ECF NO. 82)** |

Defendant, CITY OF RENO ("City"), by and through its attorneys, Reno City Attorney Karl S. Hall and Deputy City Attorneys Alice K. Herbolsheimer, Holly S. Parker and Adam D. Cate, hereby responds to Plaintiff's Motion Regarding Discovery Dispute (ECF No. 82), filed on August 12, 2026.

/ / /

/ / /

## I. STATEMENT OF UNRESOLVED ISSUE

The unresolved issue is whether, pursuant to FRCP 34, City must produce in response to Plaintiff's Seventh Requests for Production of Documents ("7th RFPs") unredacted copies of arrest reports and declarations of probable cause (collectively, "Arrest Reports"), including the personal identifying information ("PII") of arrested individuals who are not parties to this lawsuit,

## II. SUMMARY OF CITY'S POSITION

### A. The PII of non-party arrestees is neither relevant nor proportional to Plaintiff's municipal liability claim, nor is it otherwise subject to disclosure under the Nevada Public Records Act.

This action arises out of Plaintiff's arrest by Defendant Reno Police Officer Richard Jager ("Officer Jager") at the Peppermill Casino on September 17, 2023, for alleged trespass. Killinger claims that his arrest was wrongful because Officer Jager relied solely on Peppermill's facial recognition software ("FRS") to establish probable cause for the arrest (which Jager denies). It was subsequently confirmed by a WINS check at the Washoe County Jail that Plaintiff was not, in fact, the person whom Peppermill's FRS identified as someone who had previously been banned from the casino. Plaintiff initially brought various claims only against Officer Jager, but he subsequently amended his Complaint to add a municipal liability claim against the City based upon the City's alleged custom and practice of "permitting" its officers to make arrests in reliance on FRS and its alleged failure to train its officers on the limitations and proper use of facial recognition technology. *First Amended Complaint ("FAC" - ECF No. 59)*, at ¶¶ 96 – 116. It is important to note that the Peppermill installed the FRS only ***three weeks*** prior to Mr. Killinger's arrest. There is no clear evidence of when Peppermill notified RPD of the FRS installation.

On April 27, 2026, Plaintiff served his 7th RFPs on the City, containing requests for records pertaining to 168 separate trespass arrests made by the Reno Police Department ("RPD") between August 29, 2023 and December 25, 2024, of individuals who were identified using Peppermill's FRS. *See City's Responses to Plaintiff's 7th RFPs, attached as Exhibit 1.* Upon reviewing the 7th RFPs, City's counsel determined that the requests were vague, ambiguous, overbroad, not relevant to the claims and defenses in the action, and not proportional to the needs of the case. City's counsel immediately requested a meet-and-confer conference with Plaintiff's counsel in an effort

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

to obtain clarification of the discovery requests and to limit discovery to a reasonable scope. *See Declaration of Alice Herbolsheimer, attached as Exhibit 2, detailing extensive meet-and-confer efforts.* On April 28, 2026, the parties participated in a telephonic meet-and-confer conference lasting approximately 45 minutes. Although City felt the requests were irrelevant and grossly disproportionate to the municipal liability claim given that only 16 of the 168 arrests were made before Mr. Killinger's incident, City was willing to consider producing all 168 reports as a compromise if they could be located without undue burden. The arrest reports were burdensome to locate because the only information Plaintiff received from the Peppermill in response to his subpoena was a spreadsheet containing the date and time of the arrest and the suspects' initials for the 168 arrests. Peppermill refused to provide the full names of the suspects citing privacy concerns. City's counsel then proposed that Plaintiff ask the Peppermill (through its counsel, Kent Robison, Esq.) to simply provide the RPD case number for each arrest, which would enable the City to easily retrieve the arrest reports by searching for the case number. Although Plaintiff's counsel, Terri Keyser-Cooper, initially stated during the telephonic meet-and-confer that it was a good idea and she would give it some thought, she subsequently refused, stating in writing, "I am not going to ask the Peppermill to violate the privacy of these individuals" and "you cannot insist that the Peppermill must supply names and disregard the privacy rights of the individuals involved…" City's counsel then told Ms. Keyser-Cooper that after retrieving the arrest reports using RPD case numbers, City could redact the names of the arrestees before producing them, thereby giving additional assurance the privacy interests of the individuals would be protected. Still, Plaintiff's counsel never provided City with any of the RPD case numbers to help reduce City's burden of hunting for records using only dates and initials.

Ultimately, although City still disputes the relevance and proportional need for the records, for the sake of transparency and demonstrating to Plaintiff that there have not been 168 "mistaken" arrests based on FRS, City staff spent countless hours pulling every trespass arrest report for the dates given and comparing them to the initials provided to locate the requested records. Because City agrees with Ms. Keyser-Cooper that the privacy interests of these individuals are entitled to protection, City redacted the names and PII of the arrestees prior to producing more than 1,000

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

pages of records to Plaintiff on June 15, 2026. Accordingly, City did not make "unilateral" redactions as Plaintiff now claims. (ECF No. 82 at 1:26.) City redacted the PII based on extensive telephonic meet-and-confer sessions with Plaintiff's counsel and follow-up email exchanges over the course of several days, where Ms. Keyser-Cooper repeatedly ***insisted*** that the names of the arrestees must not be disclosed because their privacy interests are entitled to protection.

Plaintiff made no complaints about the redacted records produced on June 15th until after expert reports were exchanged on August 3, 2026. On August 4th, Ms. Keyser-Cooper requested yet another telephonic meet-and-confer conference with the undersigned, during which she requested City now produce unredacted copies of the Arrest Reports, insisting that such information is necessary for the municipal liability claim because she needs to contact these people to find out if "what happened to Killinger also happened to them." During this telephone conference, the undersigned again reiterated that City does not believe the records are relevant to the municipal liability claim, and that is when Ms. Keyser-Cooper stated, "they are public records and so I'm entitled to unredacted copies."[1] At that point, it appeared to City's counsel that Plaintiff may attempt to circumvent the relevance and proportionality requirements of FRCP 34 simply by filing a public records request with the City, so she told Ms. Keyser-Cooper she would further research the issue before making a final decision on her request.

After completing her research, the undersigned sent an email to Ms. Keyer-Cooper with supporting legal authority confirming that the Nevada Public Records Act does not require production of PII in response to a public records request, and that such information should appropriately be redacted prior to disclosing the requested documents. *Las Vegas Rev.-J., Inc. v. Las Vegas Metro. Police Dep't*, 139 Nev. 69, 526 P.3d 724 (2023). ***City's counsel further reiterated that the information Plaintiff seeks is irrelevant to the municipal liability claim because even if one or more of these individuals were to now claim that they were "mistakenly" arrested after being contacted by Plaintiff's counsel, it still does not change the fact that these individuals never came forward with such allegations before Killinger's arrest, and thus, City***

---

[1] Luke Busby, Esq., who signed the instant motion, did not attend or participate in the August 4th meet-and-confer conference

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

***had no prior notice of any "mistaken" arrests based on FRS at the time of Killinger's arrest that could possibly establish a pattern or practice of "allowing" such mistaken arrests.*** Nor would such newly discovered evidence have put RPD on notice, prior to September 17, 2023, of a need to train its officers on use of facial recognition technology to avoid mistaken arrests. The undersigned again invited Plaintiff's counsel to offer legal authority to support her request or point to any Arrest Report where the arrestee claimed to have been mistakenly identified, and City would be happy to further consider and discuss it. Prior to filing the instant motion, however, Plaintiff did not identify any legal authority or record claiming mistaken identity. The legal authorities Plaintiff cites in the instant motion are inapplicable and fail to address disclosure of a non-party's PII.

**B. <u>Plaintiff is seeking disclosure of protected PII for an improper purpose</u>.**

The true reason for Plaintiff's request is revealed at the end of his motion (ECF No. 82); Plaintiff's counsel is shopping for potential plaintiffs to assert future claims against the City. Plaintiff's motion states, "Without that information, Plaintiff cannot pursue prospective injunctive relief or a possible class action, and those similarly situated individuals remain at risk of further arrests and constitutional violations." (ECF No. 82, at 5:12-15.)

Plaintiff's FAC does not allege a cause of action for injunctive relief. Without describing the specific "equitable and/or injunctive relief" he is seeking, he simply adds those terms to his prayer for relief. (ECF No. 59, at 36:22.) Furthermore, Killinger was arrested and released on his own recognizance hours later. He cannot demonstrate an irreparable injury for which monetary damages are inadequate, which is required for a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 126 S. Ct. 1837 (2006). Additionally, Killinger has no standing to pursue "prospective injunctive relief" for any of the other arrestees. Finally, it is not proper to seek discovery in a pending case for the purpose of identifying potential plaintiffs in a future lawsuit. *In re Williams-Sonoma, Inc.,* 947 F.3d 535, 540 (9th Cir. 2020).

## III. <u>CITY'S REQUESTED RESOLUTION OF THE ISSUE</u>

Based on the foregoing, City respectfully requests that the Court deny Plaintiff's request for production of full, unredacted copies of the Arrest Reports, which contain non-party PII.

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

DATED this 14th day of August, 2026.

KARL S. HALL
Reno City Attorney

By: */s/ Alice K. Herbolsheimer*
ALICE K. HERBOLSHEIMER
Nevada State Bar No. 6389
HOLLY S. PARKER
Nevada State Bar No. 10181
ADAM D. CATE
Nevada State Bar No. 12942
Post Office Box 1900
Reno, Nevada 89505

*Attorneys for Defendants City of Reno and Reno Police Officer Richard Jager*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I served a copy of the foregoing document(s) on the party(s) set forth below by:

__X__ CMECF electronic service, addressed as follows:

Terri Keyser-Cooper
Law Office of Terri Keyser-Cooper
125 Edgewater Parkway
Reno, Nevada 89519
keysercooper@gmail.com
*Counsel for Plaintiff*

Luke Busby, Esq.
316 California Ave
Reno, Nevada 89509
lukebusby@pm.me
*Counsel for Plaintiff*

DATED this 14th day of August, 2026.

*/s/ Jeanette Sparks*
Jeanette Sparks
Legal Assistant

## EXHIBIT LIST

| Exhibit No. | Description |
|---|---|
| 1 | City’s Responses to Plaintiff’s 7th Request for Production of Documents |
| 2 | Declaration of Alice K. Herbolsheimer, Esq. |

Reno City Attorney
P.O. Box 1900
Reno, NV 89505