# EXHIBIT 1

# City's Responses to 7th RFPs

EXHIBIT 1

City's Responses to 7th RFPs

KARL S. HALL
Reno City Attorney
ALICE K. HERBOLSHEIMER
Deputy City Attorney
Nevada State Bar No. 6389
*HerbolsheimerA@reno.gov*
HOLLY S. PARKER
Deputy City Attorney
Nevada State Bar. No. 10181
*ParkerH@reno.gov*
ADAM D. CATE
Deputy City Attorney
Nevada State Bar No. 12942
*CateA@reno.gov*
Post Office Box 1900
Reno, Nevada 89505
Tel: (775) 334-2050
*Attorneys for Defendants City of Reno and Reno Police Officer R. Jager*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON KILLINGER,<br><br>Plaintiff,<br><br>vs.<br><br>RENO POLICE OFFICER R. JAGER and CITY OF RENO,<br><br>Defendants. | **CASE NO.: 3:25-cv-00388-MMD-CSD**<br><br>**DEFENDANT CITY OF RENO'S RESPONSES TO PLAINTIFF'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defendant, CITY OF RENO ("Defendant"), by and through its undersigned attorneys of record, hereby responds to *Plaintiff's Seventh Request for Production of Documents* dated April 27, 2026.

**OBJECTIONS TO PRELIMINARY DEFINITIONS AND INSTRUCTIONS**

1. Defendant objects to each preliminary definition and instruction set forth in *Plaintiff's Seventh Request for Production of Documents* to the extent the definition or instruction

purports to impose any requirement or discovery obligation upon Defendant other than as set forth in the Federal Rules of Civil Procedure ("FRCP") and any applicable Local Rules of this Court.

2. Defendant objects to each and every instruction to the extent that the instructions seek information protected by the attorney-client privilege, the attorney work-product doctrine, or any other such applicable restriction upon discovery, and to the extent the Requests seek to impose requirements for a claim of privilege that are beyond the requirements of FRCP 26(b)(5).

3. Defendant objects to definition of the terms "Document" and "Documents" on the basis the definition is overbroad, vague, ambiguous, and unduly burdensome. The definition specifically states it is intended "in the broadest sense," which standing alone is overbroad. The definition purports to limit the terms to information in the "possession, custody, and or control of Defendant City of Reno." The definition, however, broadly seeks information from Defendant's "agents, employees, attorneys, representatives, or any person acting on its behalf," which could refer to individuals over whom City has no control. Requests incorporating the terms "Document and "Documents," therefore, could seek information of which Defendant has no knowledge, or information not within Defendant's possession, custody, or control. Further, Defendant employs over 1,000 individuals; Requests for "Documents" that fail to identify or describe specific employees are overbroad and would require a fishing expedition to locate responsive information. The definition also fails to contain a reasonable time limitation or describe the authors of the information such that it is impossible to accurately respond. The definition of the terms "Document" and "Documents" are so broad they could also seek work-product protected or attorney-client privileged information. Defendant further objects to the definition of the terms "Document" and "Documents" on the basis the definition incorporates the overbroad, vague, and undefined terms "all written, printed, typed, recorded, electronic, digital, or graphic matter of every kind and description, however produced or reproduced, whether sent or received or neither, including originals, drafts, non-identical copies, and electronically stored information . . . ." For example, such a broad, vague, and ambiguous definition could refer to an audio recording, which is a recorded sound, but not a document at all according to the plain meaning of that term. The terms "whether sent or received or neither" are confusing and unclear. For all of these reasons,

Reno City
Attorney
P.O. Box 1900
Reno, NV 89505

Requests incorporating the terms "Document" and "Documents" are beyond the permissible scope of discovery under FRCP 26(b)(1).

4. Defendant objects to the definition of the terms "Arrest Report" on the basis the definition is overbroad, vague, ambiguous, and unduly burdensome. The terms "complete file generated by the Reno Police Department *in connection with* the detention, arrest, citation, transport, or booking of the identified individual" fail to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A) (emphasis supplied). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49 (D.N.J. 1985) (interrogatories seeking production of all documents that "refer or relate to" a topic too broad); *Westhemeco Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. 702 (S.D.N.Y. 1979) (denying motion to compel response to interrogatory requesting each document in the claim file and the underwriting file maintained by defendant "with respect to" the subject policy and claim that was the subject of the action); *Camco, Inc. v. Baker Oil Tools, Inc.*, 45 F.R.D. 384, 385 (S.D. Tex. 1968) (request for "[a]ll files *relating to* the making and first reducing to practice of the alleged inventions, the decisions to file patent applications on the alleged inventions, and the prosecution of applications *relating to* any of the patents described in paragraph (1)" was not made with reasonable particularity) (emphasis added); *Pickett v. L. R. Ryan, Inc.*, 237 F. Supp. 198 (E.D.S.C. 1965) (request for investigative file of insurance company "pertaining to" explosion not made with reasonable particularity); *Dynatron Corp. v. U.S. Rubber Co.*, 27 F.R.D. 480, 481 (D. Conn. 1961) (request for all documents "relating to" specific polyester resins was not made with reasonable particularity). The terms "the identified individual" are vague and ambiguous because the 169 Requests set forth in *Plaintiff's Seventh Request for Production of Documents* s fail to identify any specific individuals and instead contain initials or references to "Doe" individuals that request Defendant to guess and speculate as to potentially responsive information. Further, Requests incorporating the terms "Arrest Report" are vague and ambiguous because the definition terms "detention, arrest, citation, transport, or booking" refer to events that may not require the

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

generation of a report at all, and events that may not be associated with a technical arrest of the individual. The terms "narrative reports, all supplemental reports, . . . all citizen's arrest forms, all probable cause statements, all booking documents, all property and evidence logs, all body-worn camera logs and metadata, all dispatch records and CAD entries, all photographs, all WINS results, and all related correspondence and communications" are overbroad and may refer to information in the custody and control of third party entities not affiliated with Defendant, such as Washoe County. For example, property and evidence logs, booking documents, and WINS information may be in the custody, possession, or control of Washoe County and not Defendant. Further, the term "metadata" is vague and ambiguous and unclear in the context of the definition. Finally, the definition of "Arrest Report" seeks detailed information that may invade the privacy interests of any arrested individuals. As such, Requests incorporating the terms "Arrest Report" are beyond the permissible scope of discovery set forth in FRCP 26(b)(1). **However, following a meet and confer conference conducted on May 18, 2026, the parties agreed that, where it was possible for Defendant to identify the individuals referenced in the Requests, Defendant will produce only the corresponding arrest reports and declarations of probable cause where such documents could be located. Accordingly, in response to the 169 Requests set forth in *Plaintiff's Seventh Request for Production of Documents*, where Defendant had a reasonable basis to believe it had sufficient information to identify the individuals in the Requests, Defendant has produced the arrest reports and declarations of probable cause (if they could be located).**

5. The term "RPD" is overbroad because it refers to "all of its officers, employees, agents, supervisors, dispatchers, civilian personnel, and policymakers" without identifying any specific individuals to allow Defendant to perform a manageable search for potentially responsive information.

6. Defendant objects to the definition of the term "Peppermill" on the basis it is overbroad and includes "security personnel, agents, and employees" of the Peppermill over whom Defendant has no control. Accordingly, Requests incorporating the term "Peppermill" seek information not within Defendant's possession, custody, or control. Any such Requests are unduly

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

burdensome and unreasonably request Defendant to speculate as to potentially responsive information.

7. Defendant objects to the terms "Facial Recognition Software" or "FRS" because they refer to statements set forth in the Declaration of Michael Heward, a witness not associated with Defendant. Requests incorporating this term call for speculation on the part of Defendant as to what Mr. Heward meant or intended by the statements in his Declaration. Further, Exhibit 1 to the Declaration was apparently put together by yet another third party witness of the Peppermill. Requests referring to the Declaration of Mr. Heward and Exhibit 1 thereto improperly seek speculation from Defendant as to what was referred to or intended by the authors of those documents.

8. Defendant further objects to the terms "Declaration of Michael Heward" and the spreadsheet attached as Exhibit 1 thereto because the information contains no individuals' names, no case numbers, and no other specific information that would allow Defendant to perform a reasonable, manageable, and accurate search for potentially responsive information. The definition is also argumentative because it assumes that all individuals identified only by initials or "Doe" in Exhibit 1 were arrested, booked, or transported by the Reno Police Department.

9. Defendant objects to the instructions set forth in the second paragraph on Page 3 of *Plaintiff's Seventh Request for Production of Documents* to the extent those instructions purport to set forth requirements for a privilege log that exceed the requirements of FRCP 26(b)(5). Further, as described further in Paragraph 3 above, the instruction that Defendant must provide information "in the possession, custody, or control of its agents, employees, attorneys, representatives, or any other person acting on its behalf" could specifically seek information *not* within the possession, custody, or control of Defendant, which is unduly burdensome and exceeds the permissible scope of discovery set forth in FRCP 26(b)(1).

10. The instruction set forth in the third paragraph on Page 3 of *Plaintiff's Seventh Request for Production of Documents* is unduly burdensome, overbroad, and requests that Defendant speculate because the instruction could refer to information of which Defendant has no

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

knowledge and information not within Defendant's possession, custody, or control. The instruction purports to impose requirements beyond the permissible scope of discovery under FRCP 26(b)(1).

11. Defendant's responses and objections are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

a. All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the response or subject matter thereof, in any subsequent proceeding in the trial of this or any other action;

b. The right to object on any ground to the use of said responses, or the subject matter thereof, in any subsequent proceeding of this or any other action;

c. The right to object on any ground at any time to other document requests or other discovery procedures involving or relating to the subject matter of these requests; and

d. The right to amend or supplement these responses, as discovery and investigation in this action are continuing.

## DOCUMENT REQUESTS

**REQUEST NO. 49:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 29, 2023, at approximately 4:31 a.m. (grave shift), identified by initials "John Doe," with a 99.8% facial recognition match, detected at the Oceano West location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 49:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as Bates Numbers JAGER 000983-000988 are responsive to this Request.

**REQUEST NO. 50:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 29, 2023, at approximately 9:37 p.m. (swing shift), identified as "John Doe," with a 99.8% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 50:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

it provides only the term “'John Doe'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as Bates Numbers JAGER 000989-000995 are responsive to this Request.

**REQUEST NO. 51:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 30, 2023, at approximately 1:51 p.m. (day shift), identified by initials "RK," with a 98% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 51:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'RK'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

and subject to these objections, see documents produced as Bates Numbers JAGER 000996-001007.

**<u>REQUEST NO. 52</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 31, 2023, at approximately 12:47 a.m. (grave shift), identified by initials "LC," with a 99.9% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 52</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'LC’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001008-001014.

**<u>REQUEST NO. 53</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of

Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 31, 2023, at approximately 10:28 p.m. (swing shift), identified by initials "SS," with a 93% facial recognition match, detected at the TRK 34 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 53:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'SS’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001015-001021.

**REQUEST NO. 54:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 1, 2023, at approximately 2:00 a.m. (grave shift), identified by initials "FC," with a 99.9% facial recognition match, detected at the Oceano East location of the Peppermill Casino.

///

**RESPONSE TO REQUEST NO. 54:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'FC'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001022-001028.

**REQUEST NO. 55:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 1, 2023, at approximately 4:58 p.m. (swing shift), identified as "John Doe," with a 99.9% facial recognition match, detected at the TRK 34 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 55:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as Bates Numbers JAGER 001029-001035 are responsive to this Request.

**REQUEST NO. 56:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 2, 2023, at approximately 6:47 p.m. (swing shift), identified by initials "CR," with a 99.9% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 56:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'CR'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001036-001049.

**REQUEST NO. 57:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 3, 2023, at approximately 12:20 a.m. (grave shift), identified as "John Doe," with a 99.5% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 57:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as Bates Numbers JAGER 001044-001051 are responsive to this Request.

**REQUEST NO. 58:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 3, 2023, at approximately 4:29 a.m. (grave shift), identified by initials "PG," with a 98.3% facial recognition match, detected at the Main Cage location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 58:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'PG'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001052-001059.

///

///

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

**REQUEST NO. 59:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 4, 2023, at approximately 11:08 p.m. (swing shift), identified by initials "LC," with a 99.9% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 59:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “"LC’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001060-001064.

**REQUEST NO. 60:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 5, 2023, at approximately 10:03 p.m. (swing shift), identified by initials

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

"TF," with a 99.3% facial recognition match, detected at the Oceano East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 60:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “"TF’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 61:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 10, 2023, at approximately 11:21 p.m. (swing shift), identified by initials "KN," with a 99.6% facial recognition match, detected at the Dome East location of the Peppermill Casino.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**RESPONSE TO REQUEST NO. 61:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'KN’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as Bates Numbers JAGER 001065-001069 are responsive to this Request.

**REQUEST NO. 62:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 11, 2023, at approximately 12:37 a.m. (grave shift), identified by initials "RP," with a 99.9% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 62:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague,

ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'RP'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 63**:

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 14, 2023, at approximately 6:17 a.m. (grave shift), identified by initials "NM," with a 99.8% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 63**:

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'NM'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 64:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 15, 2023, at approximately 8:58 p.m. (swing shift), identified by initials "AY," with a 94.6% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 64:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'AY'" and unreasonably requests that Defendant speculate as to what

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001070-1075.

**REQUEST NO. 65:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 17, 2023, at approximately 2:48 a.m. (grave shift), identified as "John Doe," with a 94.8% facial recognition match, detected at the Oceano West location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 65:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term “'John Doe'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents previously produced as Bates Numbers JAGER 000001-000006, JAGER 000717-00720, JAGER 000726-000727, and JAGER 000748.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**REQUEST NO. 66:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 19, 2023, at approximately 1:06 a.m. (grave shift), identified by initials "AQ," with a 99.6% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 66:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'AQ'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001076-001086.

**REQUEST NO. 67:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 20, 2023, at approximately 5:32 a.m. (grave shift), identified by initials

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

"JH," with a 99.9% facial recognition match, detected at the Slot Section 7/8 location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 67</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JH'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**<u>REQUEST NO. 68</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 24, 2023, at approximately 2:31 a.m. (grave shift), identified by initials "JR," with a 94.3% facial recognition match, detected at the Oceano West location of the Peppermill Casino.

///

///

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

**RESPONSE TO REQUEST NO. 68:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JR'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001087-1091.

**REQUEST NO. 69:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 24, 2023, at approximately 12:04 p.m. (day shift), identified by initials "DJ," with a 99.9% facial recognition match, detected at the Oceano East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 69:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312,

**Reno City Attorney
P.O. Box 1900
Reno, NV 89505**

at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'DJ'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as Bates Numbers JAGER 001092-001096 are responsive to this Request.

**REQUEST NO. 70:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 25, 2023, at approximately 5:59 p.m. (swing shift), identified by initials "JM," with a 99.2% facial recognition match, detected at the Tuscany Escalators location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 70:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JM'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001097-001101.

**REQUEST NO. 71:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 26, 2023, at approximately 9:14 p.m. (swing shift), identified by initials "RP," with a 99.7% facial recognition match, detected at the Oceano West location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 71:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'RP'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

and subject to these objections, see documents produced as Bates Numbers JAGER 001102-001112.

**REQUEST NO. 72:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 2, 2023, at approximately 5:26 p.m. (swing shift), identified by initials "JA," with a 99.9% facial recognition match, detected at the Oceano East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 72:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JA'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001113-001119.

**REQUEST NO. 73:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 4, 2023, at approximately 12:19 a.m. (grave shift), identified by initials "TD," with a 99.9% facial recognition match, detected at the Slot Sec3 Main Corridor location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 73:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “‘TD’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001120-1128.

**REQUEST NO. 74:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 5, 2023, at approximately 4:32 p.m. (swing shift), identified by initials "MM," with a 99.9% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**RESPONSE TO REQUEST NO. 74:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'MM'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001129-001133.

**REQUEST NO. 75:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 7, 2023, at approximately 1:26 a.m. (grave shift), identified by initials "JR," with a 99.3% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 75:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JR'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001134-001142.

**REQUEST NO. 76:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 9, 2023, at approximately 12:30 a.m. (grave shift), identified by initials "BB," with a 99.9% facial recognition match, detected at the Arcade Hallway location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 76:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'BB'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001143-001149.

**REQUEST NO. 77:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 9, 2023, at approximately 5:08 a.m. (grave shift), identified by initials "DV," with a 99.3% facial recognition match, detected at the Slot Sec3 Main Corridor location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 77:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'DV'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

and subject to these objections, see documents produced as Bates Numbers JAGER 001150-001154.

**REQUEST NO. 78:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 10, 2023, at approximately 3:31 p.m. (day shift), identified by initials "RM," with a 99.9% facial recognition match, detected at the Valet East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 78:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'RM'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**<u>REQUEST NO. 79</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 13, 2023, at approximately 6:33 a.m. (grave shift), identified by initials "TA," with a 99.7% facial recognition match, detected at the Valet East location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 79</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'TA'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001155-001162.

**<u>REQUEST NO. 80</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 14, 2023, at approximately 5:03 a.m. (grave shift), identified by initials

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

"RS," with a 98.9% facial recognition match, detected at the Oceano East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 80:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'RS’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 81:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 15, 2023, at approximately 4:14 a.m. (grave shift), identified by initials "DS," with a 99.4% facial recognition match, detected at the Dome East location of the Peppermill Casino.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**<u>RESPONSE TO REQUEST NO. 81</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'DS'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as Bates Numbers JAGER 001163-001171 are responsive to this Request.

**<u>REQUEST NO. 82</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 15, 2023, at approximately 5:48 a.m. (grave shift), identified by initials "RC," with a 99.9% facial recognition match, detected at the Oceano West location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 82</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'RC'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001172-001176.

**REQUEST NO. 83:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 15, 2023, at approximately 11:22 p.m. (swing shift), identified by initials "KS," with a 99.9% facial recognition match, detected at the Slot Section 7/8 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 83:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'KS'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 84:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 16, 2023, at approximately 3:51 p.m. (day shift), identified as "Jane Doe," with a 99.9% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 84:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'Jane Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as Bates Numbers JAGER 001177-001184 are responsive to this Request.

**REQUEST NO. 85:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 19, 2023, at approximately 2:29 a.m. (grave shift), identified by initials "JA," with a 99.7% facial recognition match, detected at the Security Hallway location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 85:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'JA'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

**REQUEST NO. 86:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 19, 2023, at approximately 3:06 a.m. (grave shift), identified by initials "IL," with a 95% facial recognition match, detected at the Oceano West location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 86:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'IL'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001185-001191.

**REQUEST NO. 87:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 20, 2023, at approximately 8:23 p.m. (swing shift), identified by initials

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

"CS," with a 99.9% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 87:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'CS'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001192-001196.

**REQUEST NO. 88:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 25, 2023, at approximately 7:10 p.m. (swing shift), identified by initials "JS," with a 99.9% facial recognition match, detected at the TRK 54 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 88:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JS'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 89:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 26, 2023, at approximately 8:18 a.m. (day shift), identified by initials "JM," with a 99% facial recognition match, detected at the Arcade Hallway location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 89:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JM'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001197-001204.

**REQUEST NO. 90:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 31, 2023, at approximately 11:11 a.m. (day shift), identified as "John Doe," with a 98.5% facial recognition match, detected at the Main Cage location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 90:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 91:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 1, 2023, at approximately 10:40 a.m. (day shift), identified by initials "MB," with a 95.7% facial recognition match, detected at the Arcade Hallway location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 91:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'MB'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001205-001211.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**<u>REQUEST NO. 92</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 3, 2023, at approximately 9:07 p.m. (swing shift), identified by initials "ML," with a 99.7% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 92</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “‘ML’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**<u>REQUEST NO. 93</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

Department on November 3, 2023, at approximately 11:43 p.m. (swing shift), identified by initials "LS," with a 99.9% facial recognition match, detected at the TRK 41 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 93:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'LS'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001212-001216.

**REQUEST NO. 94:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 3, 2023, at approximately 11:43 p.m. (swing shift), identified by initials "BM," with a 99.9% facial recognition match, detected at the TRK 41 location of the Peppermill Casino.

///

///

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

**<u>RESPONSE TO REQUEST NO. 94</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'BM’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001217-001221.

**<u>REQUEST NO. 95</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 9, 2023, at approximately 7:49 p.m. (swing shift), identified by initials "AG," with a 99.4% facial recognition match, detected at the Security Hallway location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 95</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'AG'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001222-001228.

**REQUEST NO. 96:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 12, 2023, at approximately 8:13 a.m. (day shift), identified by initials "JM," with a 99.9% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 96:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JM'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001229-001233.

**REQUEST NO. 97:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 13, 2023, at approximately 10:11 a.m. (day shift), identified by initials "KL," with a 93.5% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 97:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'KL'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving

**Reno City Attorney
P.O. Box 1900
Reno, NV 89505**

and subject to these objections, see documents produced as Bates Numbers JAGER 001234-001242.

**<u>REQUEST NO. 98</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 13, 2023, at approximately 2:32 p.m. (day shift), identified by initials "JD," with a 99.8% facial recognition match, detected at the Arcade Hallway location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 98</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'JD'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001243-001248.

**<u>REQUEST NO. 99</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 13, 2023, at approximately 5:59 p.m. (swing shift), identified by initials "DK," with a 99.9% facial recognition match, detected at the TRK 34 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 99:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “‘DK’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 100:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 14, 2023, at approximately 12:12 p.m. (day shift), identified by initials "LV," with a 99.9% facial recognition match, detected at the TRK 85 location of the Peppermill Casino.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**RESPONSE TO REQUEST NO. 100:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'LV'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001249-001262.

**REQUEST NO. 101:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 15, 2023, at approximately 2:01 p.m. (day shift), identified by initials "MM," with a 98.4% facial recognition match, detected at the TRK 35 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 101:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'MM'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 102:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 17, 2023, at approximately 8:44 a.m. (day shift), identified as "John Doe," with a 95.1% facial recognition match, detected at the Oceano West location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 102:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual,

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as Bates Numbers JAGER 001263-001269 are responsive to this Request.

**REQUEST NO. 103:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 20, 2023, at approximately 3:24 a.m. (grave shift), identified by initials "GD," with a 96.2% facial recognition match, detected at the Dome West location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 103:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'GD'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request,

**Reno City Attorney
P.O. Box 1900
Reno, NV 89505**

therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001270-001276.

**REQUEST NO. 104:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 25, 2023, at approximately 6:25 p.m. (swing shift), identified by initials "SM," with a 95.7% facial recognition match, detected at the TRK 35 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 104:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'SM'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001277-001286.

///

///

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

**REQUEST NO. 105:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 27, 2023, at approximately 7:40 a.m. (grave shift), identified by initials "JM," with a 99.7% facial recognition match, detected at the TRK 85 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 105:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JM'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001287-001295.

**REQUEST NO. 106:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 29, 2023, at approximately 8:56 p.m. (swing shift), identified as "Jane

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

Doe," with a 95.7% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 106</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'Jane Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**<u>REQUEST NO. 107</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 4, 2023, at approximately 11:04 p.m. (swing shift), identified as "Jane Doe," with a 99.8% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**RESPONSE TO REQUEST NO. 107:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'Jane Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 108:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 10, 2023, at approximately 9:56 a.m. (day shift), identified as "Jane Doe," with a 99.4% facial recognition match, detected at the TRK 34 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 108:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'Jane Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as Bates Numbers JAGER 001296-001303 are responsive to this Request.

**REQUEST NO. 109:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 11, 2023, at approximately 10:25 p.m. (swing shift), identified by initials "SF," with a 99.9% facial recognition match, detected at the TRK 86 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 109:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'SF'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**<u>REQUEST NO. 110</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 12, 2023, at approximately 3:27 p.m. (day shift), identified as "Jane Doe," with an 86.2% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 110</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'Jane Doe'" and unreasonably requests that Defendant speculate as to

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 111:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 19, 2023, at approximately 4:16 p.m. (swing shift), identified as "John Doe," with a 99.9% facial recognition match, detected at the TRK 36 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 111:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term “'John Doe'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant

has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**<u>REQUEST NO. 112</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 21, 2023, at approximately 4:58 a.m. (grave shift), identified by initials "BJ," with a 99.9% facial recognition match, detected at the TRK 36 location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 112</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'BJ’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001304-001310.

**<u>REQUEST NO. 113</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 21, 2023, at approximately 8:36 p.m. (swing shift), identified by initials "RD," with a 100% facial recognition match, detected at the TRK 36 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 113:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'RD’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001311-001316.

**REQUEST NO. 114:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 23, 2023, at approximately 4:53 p.m. (swing shift), identified by initials "CD," with a 99.9% facial recognition match, detected at the Oceano East location of the Peppermill Casino.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**<u>RESPONSE TO REQUEST NO. 114</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'CD'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 00001317-001331.

**<u>REQUEST NO. 115</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 26, 2023, at approximately 5:34 p.m. (swing shift), identified by initials "JM," with a 91.2% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 115</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JM'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001332-001337.

**REQUEST NO. 116:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 28, 2023, at approximately 11:35 a.m. (day shift), identified by initials "CD," with a 98.7% facial recognition match, detected at the Oceano East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 116:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'CD'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001338-001345.

**REQUEST NO. 117:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 30, 2023, at approximately 4:08 a.m. (grave shift), identified by initials "NM," with a 98.3% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 117:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'NM'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

the limited information provided in the Request, Defendant believes the documents produced as Bates Numbers JAGER 001346-001354 are responsive to this Request.

**REQUEST NO. 118:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on January 2, 2024, at approximately 1:32 a.m. (grave shift), identified by initials "CD," with a 99.9% facial recognition match, detected at the Oceano East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 118:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'CD'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001355-001365.

**REQUEST NO. 119:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of

Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on January 7, 2024, at approximately 4:32 a.m. (grave shift), identified by initials "NC," with a 97.8% facial recognition match, detected at the TRK 96 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 119:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “"NC’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001366-001380.

**REQUEST NO. 120:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on January 9, 2024, at approximately 1:25 p.m. (day shift), identified by initials "AD," with a 97.6% facial recognition match, detected at the Bimini Hallway location of the Peppermill Casino.

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**<u>RESPONSE TO REQUEST NO. 120</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'AD'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001381-001384.

**<u>REQUEST NO. 121</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on January 10, 2024, at approximately 12:12 a.m. (grave shift), identified by initials "CB," with a 96.7% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 121</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'CB'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as Bates Numbers JAGER 001385-001393 are responsive to this Request.

**REQUEST NO. 122:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on January 10, 2024, at approximately 1:46 a.m. (grave shift), identified by initials "AM," with a 98.6% facial recognition match, detected at the Valet East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 122:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'AM'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001394-001403.

**<u>REQUEST NO. 123</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on January 10, 2024, at approximately 5:46 p.m. (swing shift), identified as "John Doe," with a 99.9% facial recognition match, detected at the Main Cage (2821) location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 123</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001404-001408 are responsive to this Request.

**<u>REQUEST NO. 124</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on January 14, 2024, at approximately 3:12 p.m. (day shift), identified as "John Doe," with a 99.9% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 124</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term “‘John Doe’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001409-001411 are responsive to this Request.

///

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

**<u>REQUEST NO. 125</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on January 16, 2024, at approximately 3:51 p.m. (day shift), identified by initials "JD," with a 99.9% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 125</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'JD'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as Bates Numbers JAGER 001409-001411.

**<u>REQUEST NO. 126</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on January 20, 2024, at approximately 2:09 a.m. (grave shift), identified by initials

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

"DN," with a 99.9% facial recognition match, detected at the Slot Section 7/8 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 126:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'DN'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001418-001424.

**REQUEST NO. 127:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on January 26, 2024, at approximately 12:45 p.m. (day shift), identified by initials "JM," with a 99.9% facial recognition match, detected at the TRK 41 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 127:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JM'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 0025-001427.

**REQUEST NO. 128:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on January 27, 2024, at approximately 2:04 p.m. (day shift), identified as "Jane Doe," with a 99.7% facial recognition match, detected at the Tuscany Escalators location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 128:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'Jane Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001428-001442 are responsive to this Request.

**REQUEST NO. 129:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on January 28, 2024, at approximately 3:20 a.m. (grave shift), identified by initials "HS," with a 99.9% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 129:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'HS'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001443-001445.

**REQUEST NO. 130:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on January 30, 2024, at approximately 12:32 a.m. (grave shift), identified as "Jane Doe," with a 99.9% facial recognition match, detected at the TRK 96 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 130:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term “'Jane Doe'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001446-001455 re responsive to this Request.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**REQUEST NO. 131:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on January 30, 2024, at approximately 4:12 a.m. (grave shift), identified by initials "MC," with a 99.8% facial recognition match, detected at the Oceano Center location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 131:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'MC’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001456-001458.

**REQUEST NO. 132:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on February 8, 2024, at approximately 7:18 p.m. (swing shift), identified by initials

"TD," with a 99.9% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 132:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “"TD’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001459-001464.

**REQUEST NO. 133:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on February 9, 2024, at approximately 4:26 a.m. (grave shift), identified by initials "CF," with a 99.6% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 133:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'CF'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001465-001474.

**REQUEST NO. 134:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on February 10, 2024, at approximately 11:56 p.m. (grave shift), identified by initials "JL," with a 99.9% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 134:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate

search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JL'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 135:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on February 17, 2024, at approximately 5:30 p.m. (swing shift), identified by initials "JU," with a 99.6% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 135:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JU'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**<u>REQUEST NO. 136</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on February 21, 2024, at approximately 2:30 p.m. (day shift), identified by initials "AB," with a 99.9% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 136</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'AB'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001475-001485.

**<u>REQUEST NO. 137</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on February 22, 2024, at approximately 5:09 a.m. (grave shift), identified by initials "MS," with a 99.9% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 137:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'MS'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001486-001493.

**REQUEST NO. 138:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on February 23, 2024, at approximately 9:01 p.m. (swing shift), identified by initials "AZ," with a 99.9% facial recognition match, detected at the TRK 86 location of the Peppermill Casino.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**<u>RESPONSE TO REQUEST NO. 138</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'AZ'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001494-001498.

**<u>REQUEST NO. 139</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on February 28, 2024, at approximately 9:20 p.m. (swing shift), identified by initials "JH," with a 99.5% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 139</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JH'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001499-001506.

**REQUEST NO. 140:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on March 1, 2024, at approximately 4:52 a.m. (grave shift), identified by initials "LS," with a 98.2% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 140:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'LS'" and unreasonably requests that Defendant speculate as to what

was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001507-001513.

**REQUEST NO. 141:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on March 2, 2024, at approximately 9:00 p.m. (swing shift), identified by initials "JR," with a 99.7% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 141:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JR'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001514-001521.

**REQUEST NO. 142:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on March 5, 2024, at approximately 1:36 p.m. (day shift), identified as "John Doe," with a 99.9% facial recognition match, detected at the Oceano Center location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 142:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 143:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on March 7, 2024, at approximately 2:44 a.m. (grave shift), identified as "John Doe," with an 87.5% facial recognition match, detected at the Oceano East location of the Peppermill Casino.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**RESPONSE TO REQUEST NO. 143:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001522-001528 are responsive to this Request.

**REQUEST NO. 144:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on March 15, 2024, at approximately 2:34 p.m. (day shift), identified by initials "RD," with a 92% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 144:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'RD'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001529-001535.

**REQUEST NO. 145:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on March 15, 2024, at approximately 11:52 p.m. (swing shift), identified by initials "CS," with a 99.9% facial recognition match, detected at the Slot Sec3 Main Corridor location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 145:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

it provides only the initials “'CS’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001536-001548.

**REQUEST NO. 146:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on March 17, 2024, at approximately 11:51 a.m. (day shift), identified by initials "MS," with a 99.5% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 146:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'MS’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001549-001551.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**<u>REQUEST NO. 147</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on March 19, 2024, at approximately 7:47 p.m. (swing shift), identified by initials "AM," with a 99% facial recognition match, detected at the Slot Sec3 Main Corridor location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 147</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'AM'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001552-001554.

**<u>REQUEST NO. 148</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on March 28, 2024, at approximately 10:26 a.m. (day shift), identified by initials

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

"RR," with a 99.5% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 148:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'RR’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 149:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on March 29, 2024, at approximately 8:40 p.m. (swing shift), identified by initials "BZ," with a 99.9% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**RESPONSE TO REQUEST NO. 149:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'BZ'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001555-001563.

**REQUEST NO. 150:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on March 30, 2024, at approximately 7:52 p.m. (swing shift), identified by initials "WB," with a 98.6% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 150:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312,

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'WB'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 151:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on March 31, 2024, at approximately 5:08 a.m. (grave shift), identified as "Jane Doe," with a 99.9% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 151:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'Jane Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001564-001574 are responsive to this Request.

**<u>REQUEST NO. 152</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on March 31, 2024, at approximately 8:30 p.m. (swing shift), identified by initials "RP," with a 99.9% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 152</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'RP'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request,

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001575-001579.

**REQUEST NO. 153:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on April 4, 2024, at approximately 4:17 p.m. (swing shift), identified as "John Doe," with a 99.9% facial recognition match, detected at the Valet West location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 153:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term “'John Doe'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**<u>REQUEST NO. 154</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on April 6, 2024, at approximately 4:21 p.m. (swing shift), identified by initials "MC," with a 99.9% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 154</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'MC'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001580-001588.

**<u>REQUEST NO. 155</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on April 15, 2024, at approximately 3:23 p.m. (day shift), identified by initials "EC,"

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

with a 99.9% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 155:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'EC'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 156:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on April 16, 2024, at approximately 4:55 a.m. (grave shift), identified by initials "CY," with a 99.9% facial recognition match, detected at the Spa Hallway West location of the Peppermill Casino.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**<u>RESPONSE TO REQUEST NO. 156</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'CY'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001589-001597.

**<u>REQUEST NO. 157</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on April 16, 2024, at approximately 7:06 a.m. (grave shift), identified by initials "JO," with a 91.6% facial recognition match, detected at the Tuscany Escalators location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 157</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312,

**Reno City Attorney
P.O. Box 1900
Reno, NV 89505**

at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JO'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001598-001611.

**REQUEST NO. 158:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on May 4, 2024, at approximately 7:03 p.m. (swing shift), identified by initials "RG," with a 99.7% facial recognition match, detected at the Oceano East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 158:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'RG'" and unreasonably requests that Defendant speculate as to what

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001612-001619 are responsive to this Request.

**REQUEST NO. 159:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on May 6, 2024, at approximately 12:16 a.m. (grave shift), identified as "John Doe," with a 99.9% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 159:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term “'John Doe'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant

**Reno City Attorney
P.O. Box 1900
Reno, NV 89505**

has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 160:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on May 8, 2024, at approximately 11:41 a.m. (day shift), identified by initials "EH," with a 99.9% facial recognition match, detected at the TRK 73 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 160:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'EH'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 0020-001628.

**REQUEST NO. 161:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on May 9, 2024, at approximately 8:53 p.m. (swing shift), identified by initials "DW,"

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

with a 99.9% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 161</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'DW'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001629-001635.

**<u>REQUEST NO. 162</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on May 11, 2024, at approximately 11:50 a.m. (day shift), identified by initials "IJ," with a 99.9% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 162</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'IJ'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001636-001645.

**REQUEST NO. 163:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on May 17, 2024, at approximately 1:11 p.m. (day shift), identified by initials "MN," with a 99.5% facial recognition match, detected at the Oceano East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 163:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'MN’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001646-001653.

**REQUEST NO. 164:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on May 17, 2024, at approximately 7:04 p.m. (swing shift), identified by initials "JA," with a 99.9% facial recognition match, detected at the TRK 86 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 164:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'JA’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001654-001657.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**REQUEST NO. 165:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on May 19, 2024, at approximately 12:18 a.m. (grave shift), identified by initials "WD," with a 99.9% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 165:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “"WD"” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001658-001664.

**REQUEST NO. 166:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on May 22, 2024, at approximately 5:16 p.m. (swing shift), identified by initials

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

"GM," with a 99.9% facial recognition match, detected at the Oceano East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 166:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'GM'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001665-001673.

**REQUEST NO. 167:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on May 23, 2024, at approximately 7:45 p.m. (swing shift), identified by initials "AG," with a 99.9% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 167:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'AG'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001674-001678.

**REQUEST NO. 168:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on May 27, 2024, at approximately 11:57 p.m. (grave shift), identified as "Jane Doe," with a 98.2% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 168:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'Jane Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 169:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on May 31, 2024, at approximately 12:41 a.m. (grave shift), identified by initials "RB," with a 99.9% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 169:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'RB'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 170:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on June 1, 2024, at approximately 8:20 p.m. (swing shift), identified as "John Doe," with a 96.5% facial recognition match, detected at the Security Hallway location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 170:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**<u>REQUEST NO. 171</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on June 4, 2024, at approximately 11:51 p.m. (swing shift), identified by initials "KR," with a 99% facial recognition match, detected at the Arcade Hallway location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 171</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'KR'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001679-001689.

**<u>REQUEST NO. 172</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on June 9, 2024, at approximately 4:35 a.m. (grave shift), identified as "John Doe,"

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

with a 99.4% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 172:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001690-001698 are responsive to this Request.

**REQUEST NO. 173:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on June 14, 2024, at approximately 1:26 p.m. (day shift), identified by initials "MS," with a 99.9% facial recognition match, detected at the Dome West location of the Peppermill Casino.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**RESPONSE TO REQUEST NO. 173:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'MS’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001699-001701.

**REQUEST NO. 174:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on June 18, 2024, at approximately 6:27 a.m. (grave shift), identified by initials "BQ," with a 99.9% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 174:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312,

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'BQ'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001702-001708.

**REQUEST NO. 175:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on June 21, 2024, at approximately 8:47 p.m. (swing shift), identified as "John Doe," with a 99.7% facial recognition match, detected at the Oceano West location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 175:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to

what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001709-001715 are responsive to this Request.

**REQUEST NO. 176:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on June 28, 2024, at approximately 1:42 a.m. (grave shift), identified by initials "MT," with a 99.6% facial recognition match, detected at the Oceano Center location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 176:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'MT'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001716-001724.

///

**<u>REQUEST NO. 177</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on June 28, 2024, at approximately 4:34 a.m. (grave shift), identified by initials "JL," with a 99.7% facial recognition match, detected at the TRK 55 location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 177</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'JL'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001725-001731.

**<u>REQUEST NO. 178</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on June 30, 2024, at approximately 1:41 a.m. (grave shift), identified by initials "MB," with a 99.7% facial recognition match, detected at the Oceano Center location of the Peppermill Casino.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**RESPONSE TO REQUEST NO. 178:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'MB'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001732-001738.

**REQUEST NO. 179:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on July 6, 2024, at approximately 2:01 a.m. (grave shift), identified as "John Doe," with a 99.9% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 179:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 180:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on July 19, 2024, at approximately 11:12 a.m. (swing shift), identified as "John Doe," with a 98.3% facial recognition match, detected at the Oceano West location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 180:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001739-001748.

**REQUEST NO. 181:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on July 26, 2024, at approximately 4:00 a.m. (grave shift), identified by initials "NP," with a 99.9% facial recognition match, detected at the Oceano Center location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 181:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'NP'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

the limited information provided in the Request, Defendant believes the documents produced as JAGER 001749-001756 are responsive to this Request.

**<u>REQUEST NO. 182</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on July 27, 2024, at approximately 6:19 a.m. (grave shift), identified by initials "EL," with a 99.9% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 182</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'EL'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001757-001765.

**<u>REQUEST NO. 183</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

Department on July 28, 2024, at approximately 9:25 p.m. (swing shift), identified by initials "CT," with a 100% facial recognition match, detected at the Oceano East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 183:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'CT'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001766-001771.

**REQUEST NO. 184:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on July 30, 2024, at approximately 12:16 a.m. (grave shift), identified as "John Doe," with a 100% facial recognition match, detected at the TRK 85 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 184:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001772-001779 are responsive to this Request.

**REQUEST NO. 185:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 2, 2024, at approximately 12:53 a.m. (grave shift), identified by initials "SL," with a 100% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 185:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'SL'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 186:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 3, 2024, at approximately 3:12 a.m. (grave shift), identified as "Jane Doe," with a 97.7% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 186:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'Jane Doe'" and unreasonably requests that Defendant speculate as to

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 187:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 3, 2024, at approximately 5:54 a.m. (grave shift), identified by initials "RB," with a 98% facial recognition match, detected at the Oceano East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 187:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'RB'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001780-001784.

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**<u>REQUEST NO. 188</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 4, 2024, at approximately 1:46 a.m. (grave shift), identified as "John Doe," with a 100% facial recognition match, detected at the Oceano Center location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 188</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term “'John Doe'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001785-001799 are responsive to this Request.

**<u>REQUEST NO. 189</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

Department on August 4, 2024, at approximately 10:00 p.m. (swing shift), identified by initials "RS," with a 98.6% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 189</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'RS’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001800-001802.

**<u>REQUEST NO. 190</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 6, 2024, at approximately 8:18 p.m. (swing shift), identified as "Jane Doe," with a 99.9% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 190</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'Jane Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001803-001807 are responsive to this Request.

**<u>REQUEST NO. 191</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 7, 2024, at approximately 10:40 a.m. (day shift), identified by initials "DA," with a 96.4% facial recognition match, detected at the Arcade Hallway location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 191</u>:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'DA'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001808-001814.

**REQUEST NO. 192:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 11, 2024, at approximately 4:39 p.m. (swing shift), identified as "John Doe," with a 100% facial recognition match, detected at the Poker Entrance location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 192:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001815-001820 are responsive to this Request.

**REQUEST NO. 193:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 15, 2024, at approximately 1:16 a.m. (grave shift), identified as "John Doe," with a 100% facial recognition match, detected at the TRK 36 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 193:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001821-001827 are responsive to this Request.

///

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

**REQUEST NO. 194:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 17, 2024, at approximately 10:46 a.m. (day shift), identified by initials "KO," with a 99% facial recognition match, detected at the Oceano Center location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 194:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'KO" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001828-001833.

**REQUEST NO. 195:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 17, 2024, at approximately 10:46 a.m. (day shift), identified as "John Doe,"

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

with a 100% facial recognition match, detected at the Oceano Center location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 195:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 00?. Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001834-001843 are responsive to this Request.

**REQUEST NO. 196:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 18, 2024, at approximately 9:33 a.m. (day shift), identified by initials "LF," with a 100% facial recognition match, detected at the TRK 85 location of the Peppermill Casino.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**RESPONSE TO REQUEST NO. 196:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'LF'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001844-001851.

**REQUEST NO. 197:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 19, 2024, at approximately 8:47 a.m. (day shift), identified as "John Doe," with a 100% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 197:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312,

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'John Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001852-001861 are responsive to this Request.

**REQUEST NO. 198:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on August 19, 2024, at approximately 5:41 p.m. (swing shift), identified by initials "NT," with a 99.8% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 198:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'NT'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001862-001867.

**REQUEST NO. 199:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 9, 2024, at approximately 1:42 p.m. (day shift), identified by initials "RR," with a 95.9% facial recognition match, detected at the Oceano West location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 199:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'RR'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001868-001872.

///

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

**REQUEST NO. 200**:

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 15, 2024, at approximately 11:04 a.m. (day shift), identified by initials "DS," with a 100% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 200**:

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'DS'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001873-001884.

**REQUEST NO. 201**:

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 21, 2024, at approximately 3:54 a.m. (grave shift), identified by initials

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

"KC," with a 100% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 201:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'KC'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001885-001891.

**REQUEST NO. 202:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 30, 2024, at approximately 5:32 a.m. (grave shift), identified by initials "IS," with a 97.4% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 202:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'IS'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001892-001898.

**REQUEST NO. 203:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on September 30, 2024, at approximately 10:20 p.m. (swing shift), identified by initials "JB," with a 98.5% facial recognition match, detected at the Main Cage (2821) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 203:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate

**Reno City Attorney
P.O. Box 1900
Reno, NV 89505**

search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JB'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001899-001905.

**REQUEST NO. 204:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on October 30, 2024, at approximately 3:20 a.m. (grave shift), identified by initials "MR," with a 99.9% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 204:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'MR'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001906-001912.

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**<u>REQUEST NO. 205</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 10, 2024, at approximately 10:18 a.m. (day shift), identified by initials "JC," with a 99% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**<u>RESPONSE TO REQUEST NO. 205</u>:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'JC'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001913-001919.

**<u>REQUEST NO. 206</u>:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 13, 2024, at approximately 4:02 a.m. (grave shift), identified by initials

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

"QC," with a 100% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 206:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'QC'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001920-001925.

**REQUEST NO. 207:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 13, 2024, at approximately 7:13 a.m. (grave shift), identified by initials "JJ," with a 99.8% facial recognition match, detected at the TRK 54 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 207:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JJ'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001926-001932.

**REQUEST NO. 208:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 22, 2024, at approximately 6:27 a.m. (grave shift), identified by initials "BK," with a 99.2% facial recognition match, detected at the Oceano West location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 208:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'BK'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001933-001944.

**REQUEST NO. 209:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 25, 2024, at approximately 1:18 a.m. (grave shift), identified as "Jane Doe," with a 100% facial recognition match, detected at the Cosmic Hallway (2891) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 209:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term "'Jane Doe'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant responds as follows: After a diligent search, Defendant

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

has not been able to locate responsive documents. However, discovery is ongoing and Defendant will supplement this response if it is later able to identify responsive information.

**REQUEST NO. 210:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on November 25, 2024, at approximately 10:59 a.m. (day shift), identified by initials "BR," with a 99.6% facial recognition match, detected at the Main Aisle South (4070) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 210:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials “'BR’” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001945-001966.

**REQUEST NO. 211:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

Department on November 29, 2024, at approximately 11:05 a.m. (day shift), identified as "John Doe," with a 95.2% facial recognition match, detected at the Cosmic Hallway (3104) location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 211:**

Defendant objects to the terms “arrest report,” “documents,” “Declaration of Michael Heward,” “facial recognition,” and “Peppermill” as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) (“The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.”) (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the term “'John Doe'” and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, Defendant states as follows: Upon information and belief based on the limited information provided in the Request, Defendant believes the documents produced as JAGER 001967-001974 are responsive to this Request.

**REQUEST NO. 212:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 3, 2024, at approximately 8:30 p.m. (swing shift), identified by initials "BW," with a 100% facial recognition match, detected at the TRK 36 location of the Peppermill Casino.

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**RESPONSE TO REQUEST NO. 212:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'BW'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001975-001982.

**REQUEST NO. 213:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 10, 2024, at approximately 11:20 a.m. (day shift), identified by initials "JM," with a 100% facial recognition match, detected at the Valet East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 213:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JM'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001983-001985.

**REQUEST NO. 214:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 16, 2024, at approximately 8:49 p.m. (swing shift), identified by initials "BH," with a 93.7% facial recognition match, detected at the Valet East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 214:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'BH'" and unreasonably requests that Defendant speculate as to what

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001986-001992.

**REQUEST NO. 215:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 21, 2024, at approximately 2:06 a.m. (grave shift), identified by initials "JE," with a 100% facial recognition match, detected at the Dome East location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 215:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'JE'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 001993-002002.

**REQUEST NO. 216:**

Please produce the complete arrest report, including all supplements, narratives, body-worn camera logs, and booking documents, for the individual identified in the Declaration of

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

Michael Heward dated April 24, 2026, attached as Exhibit 1 thereto, transported to the Reno Police Department on December 25, 2024, at approximately 5:28 p.m. (swing shift), identified by initials "RC," with a 98.4% facial recognition match, detected at the TRK 35 location of the Peppermill Casino.

**RESPONSE TO REQUEST NO. 216:**

Defendant objects to the terms "arrest report," "documents," "Declaration of Michael Heward," "facial recognition," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the Request fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search for potentially responsive information. Instead, the Request is unduly burdensome because it provides only the initials "'RC'" and unreasonably requests that Defendant speculate as to what was referred to in the Declaration of Michael Heward and Exhibit 1 thereto. The Request, therefore, is beyond the permissible scope of discovery under FRCP 26(b)(1). Without waiving and subject to these objections, see documents produced as JAGER 002003-002013.

**REQUEST NO. 217:**

Please produce all citations issued by Reno Police Department officers from January 1, 2023 through December 31, 2024 to individuals identified at the Peppermill Casino through the Peppermill's Facial Recognition Software Platform, as referenced in the Declaration of Michael Heward dated April 24, 2026, where the cited individual was not transported to the Washoe County Jail, including but not limited to the citation itself, any accompanying narrative or report, any body-worn camera logs associated with the citation, and any supplemental documentation reflecting the basis for issuance of the citation.

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**<u>MODIFIED TO</u>:**

Following the meet and confer conduct May 18, 2026, Plaintiff modified this request to: Please produce citations from January 1, 2023 through December 31, 2024 in connection with individuals identified at the Peppermill Casino through the Peppermill's Facial Recognition Software Platform, as referenced in the Declaration of Michael Heward dated April 24, 2026, where the cited individual was not transported to the Washoe County Jail, whether the citation was issued by the Peppermill Casino directly pursuant to any agreement, arrangement, or deputization with the Reno Police Department, or issued by the City of Reno directly.

**<u>RESPONSE TO REQUEST NO. 217</u>:**

Request No. 217 as modified is objectionable for the following reasons. Defendant objects to the terms "Declaration of Michael Heward," "Facial Recognition Software Platform," and "Peppermill" as set forth in the Objections to the Preliminary Definitions and Instructions. Defendant further objects to this Request on the basis it is overbroad, vague, ambiguous, unduly burdensome, and fails to identify with reasonable particularity the requested information as required by FRCP 34(b)(1)(A). *See Bliss v. CoreCivic, Inc.*, 2019 WL 13217312, at *5 (D. Nev. Feb. 20, 2019) ("The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.") (internal quotations and citations omitted). Specifically, the terms "in connection with individuals identified at the Peppermill Casino through the Peppermill's Facial Recognition Software Platform, as referenced in the Declaration of Michael Heward" utterly fail to identify with reasonable particularity the information requested, especially when considered in the context of the Declaration of Michael Heward. Paragraph 4 of Mr. Heward's Declaration contains a general reference to "substantially more that were identified through our Facial Recognition Software Platform that were issued citations for trespassing." The Declaration fails to identify specific individuals or even initials to allow Defendant to perform a manageable and accurate search for potentially responsive information. The Request also fails to identify a case number, name of the individual, or other identifying information that would allow Defendant to perform a manageable and accurate search. Instead, the Request is unduly burdensome because it unreasonably requests that Defendant speculate as to what was referred to

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

in the Declaration of Michael Heward. Further, it is unclear why the Request covers the time period from January 1, 2023 through August of 2023, when the Peppermill's Facial Recognition Software ("FRS") was not installed until late-August 2023, three weeks before Plaintiff's arrest. Any citation that was issued before installation of the FRS could not have been based on the FRS. With respect to citations issued *after* installation of the FRS, there is no practical way for Defendant to identify which citations resulted from an identification through the use of Peppermill's FRS and which citations did not involve the use of FRS without pulling every single citation and reading each one. Upon information and belief, there are approximately 980 trespass citations that were issued by the Peppermill in 2023 and 2024. Even if Defendant were to pull and read each and every citation, it is unknown whether it can be determined from looking at the citation whether it involved an identification made by the Peppermill's FRS. Additionally, this case involves a claim that Plaintiff was unlawfully arrested and booked into the Washoe County Jail. Plaintiff was not issued a citation. The Request, therefore, seeks information having no logical connection to the issues in this case. As such, the Request is irrelevant to the claims and defenses in this action, unduly burdensome, and disproportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. For all of these reasons, the Request exceeds the permissible scope of discovery under FRCP 26(b)(1).

DATED this 15th day of June, 2026.

KARL S. HALL Reno City Attorney

By: */s/ Holly S. Parker*
ALICE K. HERBOLSHEIMER
Nevada State Bar No. 6389
HOLLY PARKER
Nevada State Bar No. 10181
ADAM D. CATE
Nevada State Bar No. 12942
Post Office Box 1900
Reno, Nevada 89505
*Attorneys for Defendants City of Reno and Reno Police Officer Richard Jager*

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I served a copy of the foregoing *DEFENDANT CITY OF RENO'S RESPONSES TO PLAINTIFF'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS* on the party(s) set forth below by:

__X__ Electronic Mail, addressed as follows:

Terri Keyser-Cooper
lawyer.com-keyser.cooper@mail.com
*Counsel for Plaintiff*

Luke Busby, Esq.
lukebusby@pm.me
*Counsel for Plaintiff*

DATED this 15th day of June, 2026.

/s/ Jenny Sparks
Jenny Sparks
Legal Assistant

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**