**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Jason Killinger<br><br>Plaintiff(s),<br><br>vs.<br><br>Reno Police Officer R. Jager and City of Reno<br><br>Defendant(s). | Case #3:25-cv-388-MMD-CSD<br><br>**ORDER GRANTING**<br>**VERIFIED PETITION FOR PERMISSION TO PRACTICE IN THIS CASE ONLY BY ATTORNEY NOT ADMITTED TO THE BAR OF THIS COURT AND DESIGNATION OF LOCAL COUNSEL**<br><br>FILING FEE IS $250.00 |

Nathan Freed Wessler (name of petitioner), Petitioner, respectfully represents to the Court:

1. That Petitioner is an attorney at law and a member of the law firm of

American Civil Liberties Union Foundation
(firm name)

with offices at 125 Broad Street, 18th Floor (street address),

New York (city), New York (state), 10004 (zip code),

(212) 549-2500 (area code + telephone number), nwessler@aclu.org (Email address).

2. That Petitioner has been retained personally or as a member of the law firm by Amicus American Civil Liberties Union [client(s)] to provide legal representation in connection with the above-entitled case now pending before this Court.

Rev. 5/16

3. That since 1/20/2011 (date), Petitioner has been and presently is a member in good standing of the bar of the highest Court of the State of New York (state) where Petitioner regularly practices law. Petitioner shall attach a certificate from the state bar or from the clerk of the supreme court or highest admitting court of each state, territory, or insular possession of the United States in which the applicant has been admitted to practice law certifying the applicant's membership therein is in good standing.

4. That Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States and Courts of other States on the dates indicated for each, and that Petitioner is presently a member in good standing of the bars of said Courts.

| Court | Date Admitted | Bar Number |
|---|---|---|
| New York | 1/20/2011 | 4878880 |
| Massachusetts | 2/11/2011 | 680281 |
| Southern District of New York | 11/8/2011 | NW1982 |
| Eastern District of New York | 9/4/2015 | NW1982 |
| Eastern District of Michigan | 4/1/2021 | |
| First Circuit | 4/2/2019 | 1188344 |
| (continued on attached page) | | |

5. That there are or have been no disciplinary proceedings instituted against petitioner, nor any suspension of any license, certificate or privilege to appear before any judicial, regulatory or administrative body, or any resignation or termination in order to avoid disciplinary or disbarment proceedings, except as described in detail below:

none

6. That Petitioner has never been denied admission to the State Bar of Nevada. (Give particulars if ever denied admission):

none

7. That Petitioner is a member of good standing in the following Bar Associations.

none

8. Petitioner has filed application(s) to appear as counsel under Local Rule IA 11-2 (formerly LR IA 10-2) during the past three (3) years in the following matters: (State "none" if no applications.)

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied |
|---|---|---|---|
| none | | | |
| | | | |
| | | | |
| | | | |
| | | | |

(If necessary, please attach a statement of additional applications)

9. Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada.

10. Petitioner agrees to comply with the standards of professional conduct required of the members of the bar of this court.

11. Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

That Petitioner respectfully prays that Petitioner be admitted to practice before this Court FOR THE PURPOSES OF THIS CASE ONLY.

[signature]
Petitioner's signature

STATE OF New York )
)
COUNTY OF New York )

Nathan Freed Wessler, Petitioner, being first duly sworn, deposes and says: That the foregoing statements are true.

[signature]
Petitioner's signature

Subscribed and sworn to before me this

17th day of September, 2026.

Celia K. Kreth
Notary Public or Clerk of Court

CELIA K. KRETH
Notary Public, State of New York
Registration No. 01KR0026005
Qualified in New York County
Commission Expires June 20, 2028

**DESIGNATION OF RESIDENT ATTORNEY ADMITTED TO THE BAR OF THIS COURT AND CONSENT THERETO.**

Pursuant to the requirements of the Local Rules of Practice for this Court, the Petitioner believes it to be in the best interests of the client(s) to designate Christopher M. Peterson (name of local counsel), Attorney at Law, member of the State of Nevada and previously admitted to practice before the above-entitled Court as associate resident counsel in this action. The address and email address of said designated Nevada counsel is:

4362 Cheyenne Ave,
(street address)

North Las Vegas, Nevada, 89032,
(city) (state) (zip code)

(702) 366-1902, peterson@aclunv.org.
(area code + telephone number) (Email address)

By this designation the petitioner and undersigned party(ies) agree that this designation constitutes agreement and authorization for the designated resident admitted counsel to sign stipulations binding on all of us.

**APPOINTMENT OF DESIGNATED RESIDENT NEVADA COUNSEL**

The undersigned party(ies) appoint(s) Christopher M. Peterson (name of local counsel) as his/her/their Designated Resident Nevada Counsel in this case.

BEN WIZNER
(party's signature)

American Civil Liberties Union
(type or print party name, title)

(party's signature)

(type or print party name, title)

**CONSENT OF DESIGNEE**

The undersigned hereby consents to serve as associate resident Nevada counsel in this case.

Designated Resident Nevada Counsel's signature

13932 peterson@aclunv.org
Bar number Email address

APPROVED:

Dated: this 22nd day of September, 2026.

UNITED STATES DISTRICT JUDGE

Paragraph 4, continued:

| Court | Date Admitted | Bar Number |
|---|---|---|
| Second Circuit | 7/28/15 | |
| Fourth Circuit | 3/30/13 | |
| Fifth Circuit | 5/31/17 | |
| Sixth Circuit | 3/2/11 | |
| Seventh Circuit | 12/4/15 | |
| Ninth Circuit | 5/13/14 | |
| Eleventh Circuit | 7/16/13 | |
| U.S. Supreme Court | 10/3/16 | |

# Appellate Division of the Supreme Court of the State of New York Third Judicial Department

I, Robert D. Mayberger, Clerk of the Appellate Division of the Supreme Court of the State of New York, Third Judicial Department, do hereby certify that

## Nathan Freed Wessler

was duly licensed and admitted to practice as an Attorney and Counselor at Law in all the courts of this State on **January 20, 2011**, has duly taken and subscribed the oath of office prescribed by law, has been enrolled in the Roll of Attorneys and Counselors at Law on file in this office, is duly registered with the Office of Court Administration, and according to the records of this Court is currently in good standing as an Attorney and Counselor-at-Law.

In Witness Whereof, I have hereunto set my hand in the City of Albany on September 11, 2026.

Robert D Mayberger

Clerk of the Court

CertID-00307981

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

---

BE IT REMEMBERED, that at the Supreme Judicial Court holden at Boston within and for said County of Suffolk, on **February 11, 2011**, said Court being the highest Court of Record in said Commonwealth:

## Nathan Freed Wessler

being found duly qualified in that behalf, and having taken and subscribed the oaths required by law, was admitted to practice as an Attorney, and, by virtue thereof, as a Counsellor at Law, in any of the Courts of the said Commonwealth: that said Attorney is at present a member of the Bar, and is in good standing according to the records of this Court*.

In testimony whereof, I have hereunto set my hand and affixed the seal of said Court, this **fourteenth** day of **September** in the year of our Lord **two thousand and twenty-six.**

ALLISON S. CARTWRIGHT, CLERK

* Records of private discipline, if any, such as a private reprimand imposed by the Board of Bar Overseers or by any court, are not covered by this certification. X3116.

Amended January 2022, effective February 2022 for digital and/or electronic attestation for the Supreme Judicial Court for Suffolk County