**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON KILLINGER,<br>Plaintiff,<br>vs.<br>R. JAGER, et al,<br>Defendants. | Case Number 3:25-cv-00388-MMD-CSD<br><br>**MINUTES OF PROCEEDINGS**<br><br>**Dated: October 14, 2026** |

PRESENT: THE HONORABLE CRAIG S. DENNEY, U.S. MAGISTRATE JUDGE

COURTROOM ADMINISTRATOR: AB REPORTER: Liberty Court Recorder

COUNSEL FOR PLAINTIFF: Terri Keyser-Cooper & Luke Busby

COUNSEL FOR DEFENDANTS: Alice Herbolsheimer & Holly Parker with Officer Richard Jager

**MINUTES OF PROCEEDINGS: VIDEO MOTION HEARING**

9:02 a.m. Court convenes.

The Court addresses the parties on the purpose of today's hearing. The Court has reviewed the Motions Regarding Discovery Dispute (ECF Nos. 82, 85 & 87) and the Responses (ECF Nos. 84, 89 & 90).

The Court addresses Plaintiff's Motion Regarding Discovery Dispute on the production of unredacted copies of all arrest reports and declarations of probable cause (ECF No. 82). Mr. Busby argues that the burden is on Defendants regarding confidentiality and that they should have sought a protective order. Ms. Herbolsheimer advises that she held a meet and confer with Ms. Keyser-Cooper regarding arrest reports from the Peppermill Casino. Ms. Herbolsheimer argues that she did not believe the requests were proportional but, in the interest of compromise, produced 1,100 pages of redacted arrest reports to opposing counsel. Ms. Herbolsheimer further argues that Mr. Killinger could only seek injunctive relief as to himself and that it is an improper use of the discovery process in this case to identify potential plaintiffs for a class action lawsuit. The Court notes Mr. Busby's objection. Ms. Herbolsheimer advises that the statute of limitations for most of these potential plaintiffs has expired. Ms. Herbolsheimer believes that there is no

legitimate basis for requesting the names and personal identifying information of non-litigants. Mr. Busby argues that the arrest reports only tell one side of the story and do not indicate if there were other mistaken arrests. Mr. Busby believes this information is clearly relevant to show that the city has a pattern of practice for arresting people based on the Peppermill's facial recognition software.

Upon inquiry of the Court, Ms. Herbolsheimer believed that her and Ms. Keyser-Cooper were in agreement to produce redacted arrest reports to maintain confidentiality. Ms. Keyser-Cooper states that Ms. Herbolsheimer's representation is fabricated and that it would be worthless to not have the individuals' identities in the arrest reports.

The Court takes Plaintiff's Motion (ECF No. 82) under submission. A written order will be issued in due course.

The Court addresses Defendants' Motion Regarding Discovery Dispute for the Rule 35 Examination (ECF No. 85). Ms. Herbolsheimer argues that there was a discrepancy regarding Mr. Killinger's height and that it is critical in determining whether Officer Jager acted reasonably. Ms. Herbolsheimer asks for a fair and equal opportunity for an independent examiner to measure Mr. Killinger's height without shoes. Ms. Keyser-Cooper argues that Mr. Killinger has always measured at six feet or six-foot one inch and that he should only be measured with shoes on like he was at the time of his arrest. Ms. Herbolsheimer argues that the issue is regarding Mr. Killinger's true height versus the height listed on his identification.

The Court finds good cause to allow the height measurement of Mr. Killinger with and without shoes on. Defendants will be allowed to choose which doctor's office to take Mr. Killinger's measurement.

The Court addresses Defendants' Motion Regarding Discovery Dispute for completing Mr. Killinger's deposition (ECF No. 87). During the deposition, Ms. Herbolsheimer reserved her right to complete Mr. Killinger's deposition and requests that she be allowed to do so based upon the meet and confer with Ms. Keyser-Cooper. Ms. Herbolsheimer advises that Ms. Keyser-Cooper instructed Mr. Killinger to not answer any questions related to his settlement with the Peppermill. Ms. Herbolsheimer notes that there was not a mutual confidentiality agreement for the settlement, it was only signed by Mr. Killinger. Ms. Herbolsheimer states that Ms. Keyser-Cooper would not agree to a protective order for that testimony and preferred to contact the Peppermill's attorney, Kent Robison. Ms. Herbolsheimer spoke with Mr. Robison and forwarded

the email correspondence to Ms. Keyser-Cooper indicating that the Peppermill consented to Mr. Killinger testifying about the settlement for the purpose of discovery. Ms. Herbolsheimer argues that Mr. Killinger recovered damages from the Peppermill and that there will be a claim for attorney's fees. Ms. Herbolsheimer further argues that evidence of settlement may be relevant to witness bias. Ms. Keyser-Cooper argues that the issue of damages was explored for hours at the deposition and that concerns of attorney's fees are only an issue if Plaintiff prevails. Ms. Keyser-Cooper advises that the issue of witness bias did not come up at the deposition. Ms. Keyser-Cooper argues that there was a reasonable understanding that Mr. Killinger could be sued for discussing the settlement. Ms. Keyser-Cooper advises that Mr. Robison stated that Mr. Killinger would not be allowed to discuss the settlement. Ms. Keyser-Cooper argues that the jury cannot hear about a prior settlement, therefore, a continued deposition serves no purpose. Ms. Keyser-Cooper notes that discovery has already closed. The Court reminds counsel that this motion was filed before discovery closed and that the hearing was continued at the request of counsel (ECF No. 92). Upon inquiry of the Court, Ms. Herbolsheimer requests no more than an hour to complete the deposition.

The Court will allow the Defendants to complete a one-hour deposition of Mr. Killinger that is limited to his settlement with the Peppermill. For discovery purposes, the Court finds that the issue would be relevant on issues of potential offset and, possibly, as to witness bias. Whether or not it is admissible at trial or after trial is a separate issue.

**IT IS ORDERED** that, good cause appearing, Defendants' Motion Regarding Discovery Dispute for the Rule 35 Examination (ECF No. 85) is granted.

**IT IS FURTHER ORDERED** that Defendants' Motion Regarding Discovery Dispute to complete Mr. Killinger's deposition (ECF No. 87) is granted.

There being no additional matters to address at this time, court adjourns at 10:43 a.m.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK
By: ______/s/______________
Ashlyn Bye, Deputy Clerk