UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JASON KILLINGER,<br><br>Plaintiff,<br>v.<br><br>RENO POLICE OFFICER R. JAGER and CITY OF RENO,<br><br>Defendants. | Case No. 3:25-cv-00388-MMD-CSD<br><br>ORDER |

## I. SUMMARY

Plaintiff Jason Killinger filed this action arising from his arrest in 2023 based on a false positive Facial Recognition Software ("FRS") detection at the Peppermill Casino. (ECF Nos. 1, 59.) Before the Court are three motions by Plaintiff. (ECF Nos. 60, 61, 63 ("Motions")) For the reasons discussed below, the Court will deny Plaintiff's motion for reconsideration (ECF No. 60) and motion to seal (ECF No. 61) but will deny in part and grant in part his motion for leave to file a second amended complaint (ECF No. 63).

## II. RELEVANT BACKGROUND

The Court incorporates by reference the background facts from its previous order. (ECF No. 58 at 2-3.) As relevant to the Motions, Plaintiff was arrested by Reno Police Department Officer Jager at the Peppermill for trespass after the Peppermill's FRS wrongly identified Plaintiff as a man previously barred from the premises. (ECF No. 59 at 2-9, 19.) Plaintiff sued Defendant Jager for fabrication of evidence, judicial deception, malicious prosecution, and excessive force. (ECF No. 1.) Plaintiff then filed a motion to amend his complaint to add the City of Reno as a Defendant under a theory of municipal liability and add a Fourth Amendment wrongful arrest claim against Jager. (ECF No. 45

("Initial MTA").) The Court granted Plaintiff's Initial MTA as to the City of Reno but denied his request to bring a wrongful arrest claim as futile due to qualified immunity. (ECF No. 58.) Specifically, the Court found Plaintiff conceded that there was no case law clearly establishing that reliance on FRS for probable cause is unconstitutional. (*Id.* at 8-10.)

## III. DISCUSSION

The Court now considers the Motions before the Court. First, Plaintiff asks the Court to reconsider its denial of his proposed Fourth Amendment wrongful arrest claim. (ECF No. 60 ("Motion for Reconsideration").)[1] Second, Plaintiff moves to seal his Motion for Reconsideration. (ECF No. 61 ("Motion to Seal").)[2] Finally, Plaintiff requests leave to file a second amended complaint. (ECF No. 63 ("Second MTA").)[3]

### A. Motion for Reconsideration (ECF No. 60)

A motion for reconsideration must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). A party seeking reconsideration must "state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1(a). Reconsideration is appropriate if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In general, motions for reconsideration are disfavored and "[a] movant must not repeat arguments already presented." LR 59-1(b); *see also Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280,

---

[1]Defendants responded (ECF No. 71) and Plaintiff replied (ECF No. 73).

[2]Defendants filed a non-opposition. (ECF No. 70.)

[3]Defendants responded (ECF No. 72) and Plaintiff replied (ECF No. 75).

1288 (D. Nev. 2005) ("A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled.").

Plaintiff does not identify this legal standard for reconsideration, nor does he identify any of the three lawful bases to obtain reconsideration from the Court. Plaintiff instead argues the page limit on his reply brief to his Initial MTA, required by the Court's Local Rules, prevented him from thoroughly addressing Defendants' qualified immunity argument. (ECF No. 60 at 1-2.)[4] Plaintiff proceeds to raise new arguments based on facts and case law already known and available at the time Plaintiff filed his Initial MTA. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Plaintiff effectively seeks to "re-litigate the same issues and arguments upon which the court already has ruled" *Brown*, 378 F. Supp. 2d at 1288.

The Court agrees with Defendants that "Plaintiff has not identified any error, much less a 'clear error,' by the Court with respect to its qualified immunity analysis." (ECF No. 71 at 5.) In fact, Plaintiff apparently concedes that he is likely to lose on the mandatory clearly established prong of qualified immunity—the exact ground on which the Court partially denied his initial MTA. (ECF No. 60 at 9 ("Killinger respectfully requests that he be permitted to bring his FRS false arrest claim, even though there is no existing case law, because it can necessarily create precedent for use in other cases. Even if Killinger cannot establish that it was 'clearly established' at the time that Jager used FRS alone, it can serve as precedent for the next case.").) And Plaintiff admits that the Court may dismiss a claim on this obligatory second prong alone. (ECF No. 73 at 2 (citing *Pearson v. Callahan*, 555 U.S. 223 (2009)).) In this way, Plaintiff inadvertently admits that there is

---

[4]As Defendants note, "Plaintiff could have file[d] a motion to exceed the page limit upon a showing of good cause pursuant to LR 7-3(c) at the time of filing his reply, but he never sought permission to exceed the page limits." (ECF No. 71 at 5 n.3.) This only further undermines Plaintiff's argument that a prior page limitation is a valid basis for later seeking reconsideration after an unfavorable ruling.

no live case or controversy surrounding his proposed Fourth Amendment false arrest claim, further affirming the Court's decision to stop Plaintiff from adding a prospectively futile claim. (ECF No. 58 at 8-10.) The Court therefore declines Plaintiff's Motion for Reconsideration.

**B. Motion to Seal (ECF No. 61)**

In the Ninth Circuit there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To overcome this presumption, a party must articulate "compelling reasons" justifying nondisclosure, such as when court records might become a vehicle "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (quoting *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citation omitted).

Plaintiff moves to seal his Motion for Reconsideration (ECF No. 60) "[i]n following the letter and spirit of the protective order" with Defendants regarding a deposition with former Reno Police Chief Kathryn Nance on March 19 ("Deposition"). (ECF Nos. 61 at 3; 61-1.) Plaintiff cites the Deposition throughout his Motion for Reconsideration. (ECF No. 60 at 10, 11, 12, 13, 14, 16.)[5] According to Plaintiff, Nance's private counsel raised concerns about Nance being questioned about her unrelated administrative leave at the Deposition and that her testimony might be used against her by Reno officials. (ECF No. 61 at 2.) Plaintiff therefore stipulated to entry into a protective order with Defendants as a

---

[5]Plaintiff seemingly intended to attach a copy of Deposition excerpts as an exhibit to his Motion for Reconsideration. (ECF Nos. 60 at 10 (citing exhibit 3 when quoting deposition testimony from Chief Nance); 60-1 (listing "Kathryn Nance deposition excerpts" under exhibit 3 in his exhibit index).) However, Plaintiff did not attach exhibits 1-3, including the Deposition, to the Motion for Reconsideration. (*See* ECF No. 60-2 (starting at exhibit 4).)

condition to proceed with deposing Nance. (*Id.* (citing ECF Nos. 56, 61-1).) At the Deposition, Plaintiff's counsel did not ask Nance any questions about her administrative leave nor did opposing counsel object to any of the questions posed. (*Id.*)

The Court finds Plaintiff does not identify a "compelling reason" to seal the cited excerpts from the Deposition, let alone seal Plaintiff's entire Motion for Reconsideration and all accompanying exhibits. *Kamakana*, 447 F.3d at 1179. The mere fact that information is subject to a protective order does not, standing alone, constitute good cause for filing that information under seal. *See Heath v. Tristar Prod., Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *2 (D. Nev. Apr. 17, 2019). As the protective order at issue states, "[n]otwithstanding any agreement among the Parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court." (ECF No. 61-1 at 6 (citing *Kamakana,* 447 F.2d 1172; *Pintos v. Pac. Creditors Ass 'n,* 605 F.3d 665, 677-78 (9th Cir. 2010)).) The Court therefore denies the Motion to Seal without prejudice.

The party seeking to seal may file a motion arguing a compelling basis exists to keep the Deposition excerpts from the public, along with a redacted version of the Motion for Reconsideration and its exhibits. Failure to file such a motion within 15 days from the date of this order will result in the unsealing of the Motion for Reconsideration.

**C. Motion to Amend (ECF No. 63)**

Federal Rule of Civil Procedure 15 allows amendment only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *See* Fed. R. Civ. P. 15(a). The Court has discretion to grant leave and should freely do so "when justice so requires." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016) (quoting Fed. R. Civ. P. 15(a)). "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655

F.2d 977, 979 (9th Cir. 1981)). Nonetheless, the Court may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Plaintiff seeks leave to add two new wrongful arrest claims: one under the Fourth Amendment through § 1983 and the other under the Nevada Constitution through a direct cause of action. (ECF No. 63.) The Court denies Plaintiff's third attempt to bring a Fourth Amendment wrongful arrest claim, but grants Plaintiff leave to raise a claim under the Nevada Constitution.

Plaintiff first sought to bring a Fourth Amendment wrongful arrest claim in his Initial MTA. (ECF No. 45.) After the Court denied Plaintiff's request, Plaintiff sought reconsideration. (ECF No. 60.) As Defendants note, Plaintiff filed this Second MTA requesting the same relief "only days after filing his Motion for Reconsideration, containing essential the same arguments[.]" (ECF No. 71 at 5 n.4.) In fact, the Second MTA contains some identical language from the Motion for Reconsideration or otherwise repackages the same arguments with slight phrasing variations. (*Compare* ECF Nos. 63 at 1-2 n.1 with 60 at 4-6, 4 n.2; 63 at 5-6 with 60 at 14-15; 63 at 12-13 with 60 at 18-20.) Plaintiff effectively seeks to circumvent the reconsideration legal standard by bringing a new motion to amend adding the same claim. While Plaintiff filed this Second MTA within the latest stipulated deadline to file amended pleadings (ECF No. 54), the Court finds it a waste of judicial resources for the Court to adjudicate, and unduly prejudicial for Defendants to repeatedly defend against, new attempts to raise the same claim. *See Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). ("[T]he consideration of prejudice to the opposing party carries the greatest weight.") "While pleading is not 'a game of skill in which one misstep may be decisive to the outcome,' neither is it 'an interactive game in which plaintiffs file a complaint, and then bat it back

and forth with the Court over a rhetorical net until a viable complaint emerges.'" *In re Refco Capital Mkts., Ltd. Brokerage Customer Sec. Litig.,* Nos. 06–cv–643, 07–cv–8686, 07–cv–8688 (GEL), 2008 WL 4962985, at *2 (S.D.N.Y. Nov. 20, 2008) (quoting *Conley v. Gibson,* 355 U.S. 41, 48 (1957); *Masters v. Wilhelmina Model Agency, Inc.,* No. 02-cv-4911, 2003 WL 1990262, at * 4 (S.D.N.Y. Apr. 29, 2003)).

Plaintiff invokes the federal policy strongly favoring liberal granting of leave to amend "to prevent a technical dismissal of valid claims simply because they were brought in the context of a motion to amend." (ECF No. 63 at 16 (citing *C.F. v. Capistrano Unified Sch. Dist*., 654 F.3d 975, 985 (9th Cir. 2011)).) However, Plaintiff himself has repeatedly acknowledged throughout this litigation that a Fourth Amendment wrongful arrest claim is unlikely to succeed due to a lack of clearly established law. (ECF Nos. 36 at 7; 60 at 9.) In this way, the Court's denial does not result in the dismissal of "valid claims" based on technicalities but rather prevents the Court and the parties from protracted and costly litigation over a futile claim. The Court once again denies Plaintiff's request to bring a Fourth Amendment wrongful arrest claim.

Plaintiff also seeks leave to add a wrongful arrest claim under the Nevada Constitution. (ECF No. 63 at 15-16.) While Plaintiff mentioned adding this claim in his Motion for Reconsideration, it was not properly pled there. (ECF No. 60 at 16-18.) Plaintiff did not request leave to add this new cause of action in his Initial MTA. (ECF No. 45.) And the existence of a wrongful arrest claim under the Nevada Constitution is not a basis to reconsider his proposed wrongful arrest claim under the U.S. Constitution. While it is true that Article 1, Section 18 of the Nevada Constitution is "substantively identical to the Fourth Amendment to the U.S. Constitution," they are still distinct causes of action. *Mack v. Williams,* 522 P.3d 434, 442 (NV 2022). As Plaintiff points out, qualified immunity, which rendered Plaintiff's Fourth Amendment wrongful arrest claim futile, does not apply to a wrongful arrest claim under the Nevada Constitution. (ECF No. 63 at 15 (citing *Mack*, 522 P.3d at 450, 452).) Defendants do not dispute this. (ECF No. 72 at 6.) Instead, Defendants

argue Plaintiff's proposed Nevada Constitution wrongful arrest claim is barred by discretionary immunity. (*Id.* at 6-9 (citing NRS § 41.032).) Plaintiff argues that the test for discretionary immunity does not apply here. (ECF No. 75 at 10-12.) Plaintiff cites minimal case law to support his argument but discretionary act immunity, unlike qualified immunity, does not hinge on the existence of clearly established case law.

The Court finds Defendants fail to provide "strong evidence" at this early stage that Plaintiff's wrongful arrest claim under the Nevada Constitution is destined to fail, particularly considering the policy of granting leave to amend "is to be applied with extreme liberality." *Sonoma County Ass'n of Retired Employees v. Sonoma Cnty.,* 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001)). In order "to facilitate a decision on the merits rather than on the pleadings or technicalities," the Court grants Plaintiff's request for leave to add a wrongful arrest claim under the Nevada Constitution. *DCD Programs*, 833 F.2d at 186.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's Motion for Reconsideration (ECF No. 60) is denied.

It is further ordered that Plaintiff's Motion to Seal (ECF No. 61) is denied without prejudice. The Court grants the party seeking to seal 15 days to file a renewed motion to seal. If no motion is filed in that time, the underlying Motion for Reconsideration (ECF No. 60) and its accompanying exhibits (ECF Nos. 60-1, 60-2) will be automatically unsealed.

///

///

///

It is further ordered that Plaintiff's motion to file a second amended complaint (ECF No. 63) is granted in part and denied in part. It is granted as to the wrongful arrest claim under the Nevada Constitution and denied in part as to the Fourth Amendment wrongful arrest claim. Plaintiff has seven days to file his second amended complaint excluding the Fourth Amendment wrongful arrest claim. (ECF No. 63-4 at 39-41.) If Plaintiff fails to file a second amended complaint within that time, Plaintiff's first amended complaint will remain operative in this litigation. (ECF No. 59.)

DATED THIS 19th day of October 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE