**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JASON KILLINGER,

Plaintiff

v.

RENO POLICE OFFICER R. JAGER and CITY OF RENO,

Defendants

Case No.: 3:25-cv-00388-MMD-CSD

**Order**

Re: ECF No. 82

Before the court is Plaintiff's motion regarding discovery dispute requesting the court order Defendants to produce unredacted copies of all arrest reports and declarations of probable cause previously produced. (ECF No. 82.) Defendants filed a response. (ECF No. 84.) The court held a hearing on the motion on October 14, 2026 (ECF No. 119), and issues this Order.

## I. BACKGROUND

Plaintiff filed this action arising from his arrest in 2023 based on a false positive Facial Recognition Software (FRS) identification at the Peppermill Casino. Plaintiff alleges he was arrested by Reno Police Department (RPD) Officer Jager at the Peppermill for trespass after the Peppermill's FRS wrongly identified him as a man previously barred from the premises. Plaintiff sued for fabrication of evidence, judicial deception, malicious prosecution and excessive force, and then sought leave to amend to assert a claim for municipal liability against the City of Reno as well as a Fourth Amendment wrongful arrest claim against Jager.

District Judge Du granted the initial motion to amend to add the municipal liability claim against the City of Reno, but she denied it as to the wrongful arrest claim due to qualified immunity. (ECF No. 58.) Plaintiff was recently granted leave to file a second amended complaint

that includes a wrongful arrest claim under the Nevada Constitution (in essence, bypassing the qualified immunity doctrine which Judge Du found prohibited his Fourth Amendment unlawful arrest claim). (ECF No. 121.)

As is relevant to this motion, Plaintiff alleges that RPD (through the City of Reno), had a widespread policy, custom and practice, that permitted the arrest of Plaintiff and similarly situated individuals, to be made by probable cause by untrained officers who were unaware of the limitations of FRS. He alleges the arrests were a predictable consequence of RPD's failure to train its officers, and that RFS is only an investigative tool and not proof of identity or probable cause to arrest. Plaintiff further avers that Jager, hired in 2020, received no training in FRS or its limitations, until sometime late in 2025, well after Plaintiff's alleged wrongful arrest. He avers that RPD was at all times aware that hundreds of arrests were being made at the Peppermill based exclusively on FRS, but it did not institute a policy to require training or take steps to ensure that the RPD officers making the arrests understood the limitations of FRS.

Plaintiff requested arrest reports for individuals arrested at the Peppermill for trespass by RPD between August 29, 2023, and December 25, 2024. (ECF No. 84-1 at 7-149.) Plaintiff seeks to obtain evidence that other individuals were arrested for trespass based on mistaken identity using FRS.

The City took the position that the requests were not relevant and were disproportionate, given that only 16 of the 168 arrests were made before Plaintiff's incident, but the City indicated it was willing to produce all 168 reports if they could be located without undue burden. The City ultimately produced all 168 arrest reports, but it redacted the names and personal identifying information of the arrestees to protect the privacy interests of the arrestees. The City maintains

that it did so, in part, because Plaintiff's counsel insisted that the arrestee's privacy be protected, although Plaintiff's counsel denied taking this position at the hearing.

Plaintiff then requested unredacted copies of the reports, and following an unsuccessful meet and confer, this motion was filed.

Plaintiff argues that if the City wished to protect this information, it should have moved for a protective order and should not have unilaterally decided to produce redacted information.

The City takes the position that the personal identifying information should be redacted prior to disclosure. The City also argues that the information Plaintiff seeks is irrelevant to Plaintiff's municipal liability claim because none of these individuals alleged they were mistakenly arrested before Plaintiff's arrest. (ECF No. 84-2, Herbolsheimer Decl.)

**II. DISCUSSION**

The City argues that much of the information Plaintiff requests is not relevant and that the requests are not proportional, but the City waived these objections when it produced the requested records and did not indicate it was withholding any records. Moreover, the City acknowledges that it ultimately produced the records because Plaintiff's counsel could have also obtained the records through a public records request (though the City maintains that this would have also resulted in the City producing redacted records).

The issue is whether the City must provide Plaintiff with unredacted versions of the arrest reports that were already produced. The City's basis for redacting the documents is that they contain personal identifying information of non-party arrestees that should be protected from public disclosure.

The court will require the City to produce unredacted versions of the arrest reports previously produced. However, the court finds there is good cause to protect the privacy interest

of the non-party arrestees that are the subject of the arrest reports produced by the City. As such, the court will require the City to first file a proposed protective order with the court that limits the disclosure of these documents to protect the privacy interests of the non-party arrestees. *See* Fed. R. Civ. P. 26(c)(1) (the court may, for good cause shown, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

The parties may meet and confer regarding the terms of the proposed protective order; however, if they cannot agree on the proposed terms, the City may submit its own proposed protective order for the court's review. The proposed protective order must be filed on or before **November 4, 2026**.

## III. CONCLUSION

Plaintiff's motion (ECF No. 82) is **GRANTED**, and the City must produce unredacted versions of the arrest reports previously produced to Plaintiff. However, that obligation is stayed pending entry of an appropriate protective order that will limit disclosure of the personal identifying information of the arrestees to protect the privacy of the non-party arrestees. The proposed protective order must be submitted to the court on or before **November 4, 2026**.

**IT IS SO ORDERED**.

Dated: October 21, 2026

Craig S. Denney
United States Magistrate Judge