KARL S. HALL
Reno City Attorney
ALICE K. HERBOLSHEIMER
Deputy City Attorney
Nevada State Bar No. 6389
*HerbolsheimerA@reno.gov*
HOLLY S. PARKER
Deputy City Attorney
Nevada State Bar. No. 10181
*ParkerH@reno.gov*
ADAM D. CATE
Deputy City Attorney
Nevada State Bar No. 12942
*CateA@reno.gov*
Post Office Box 1900
Reno, Nevada 89505
Tel: (775) 334-2050
*Attorneys for Defendants City of Reno and Officer R. Jager*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON KILLINGER,<br><br>Plaintiff,<br>vs.<br><br>RENO POLICE OFFICER R. JAGER and CITY OF RENO,<br><br>Defendants. | **CASE NO.: 3:25-cv-00388-MMD-CSD**<br><br>**STIPULATED PROTECTIVE ORDER RE: THIRD-PARTY ARREST RECORDS** |

Plaintiff JASON KILLINGER ("Plaintiff"), by and through his undersigned counsel, Terri Keyser-Cooper, Luke Busby, and Lauren Gorman, and Defendants CITY OF RENO ("City") and RENO POLICE OFFICER RICHARD JAGER ("Officer Jager") (collectively, "Defendants"), by and through their undersigned counsel, Reno City Attorney Karl S. Hall and Deputy City Attorneys Alice K. Herbolsheimer, Holly S. Parker, and Adam D. Cate, (collectively "the Parties"), hereby agree and stipulate to the entry of a Protective Order as follows:

I. Reason for the Order:

On April 27, 2026, Plaintiff served his 7th Set of Requests for Production of Documents on the City, requesting production of records pertaining to 168 separate trespass arrests made by the Reno Police Department ("RPD") between August 29, 2023 and December 25, 2024, of individuals who were identified using Peppermill's facial recognition system. City objected to the requests on various grounds but ultimately produced approximately 1,100 pages of redacted arrest records, subject to and without waiving any of its objections. City redacted only the names and personal identifying information ("PII") of the arrestees for purposes of protecting their privacy interests.

On August 12, 2026, Plaintiff filed a Motion Regarding Discovery Dispute (ECF No. 82), seeking to compel production of unredacted copies of the arrest records. Defendants filed a response to Plaintiff's Motion on August 14, 2026 (ECF No. 84). After a hearing on October 14, 2026, the Court entered an Order on October 21, 2026, granting Plaintiff's Motion to compel production of unredacted versions of the arrest records, subject to an appropriate protective order that will limit the disclosure of the PII of the non-party arrestees to protect their privacy. The Court further ordered the City to file a proposed protective order on or before November 4, 2026.

II. Confidential Documents and Information: The parties agree that all arrest reports and related documents (i.e., declarations of probable cause, Peppermill barring notices, Peppermill witness statements, criminal complaints, etc.) produced by Defendants in response to Plaintiff's 7th Request for Production of Documents shall be deemed "confidential" and subject to this Stipulated Protective Order. Such records shall hereafter be referred to as the "confidential documents."

III. General Prohibition: Confidential documents shall be used solely for the preparation, prosecution and defense of the present case. Except as specified in Paragraph IV below, access to confidential documents and information shall be limited to the Court, its officers, court reporters, counsel for the parties and counsel's staff, the parties' litigation representatives and principals, their staff members assisting in the preparation, prosecution and defense of this case, any authors or recipients of the confidential documents, and witnesses.

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

Except as specified below, no person with access to confidential documents or information shall reveal or discuss such confidential documents or information to or with any person who is not entitled to receive such information, except as set forth herein.

IV. Third Party Access: Counsel for any party may give access to the confidential documents or information to independent experts and their staff, consulting firms, or other independent contractors actually retained or employed to advise or assist such counsel and to whom it is necessary that the confidential documents and information be disclosed for purposes of this case, provided that:

A. Before access to the confidential documents and information are given to any person pursuant Section IV, that person shall be informed by counsel proposing to give access of, and shall agree to be bound by, the following provisions:

1. He or she shall not disclose the confidential documents or information to any person to whom this Stipulated Protective Order does not provide access.

2. He or she shall make no copies, compilations, or summaries of the confidential documents and information, except in connection with the preparation, prosecution and defense of this case and if such copies, compilations or summaries are made, neither those documents, nor the information contained therein shall be disclosed to any person other than those permitted by this Stipulated Protective Order.

3. Within thirty (30) days after any judgment is entered in this matter, resolution is reached, or the appeal process is concluded, whichever is later, he or she shall return all copies, compilations, or summaries of the confidential documents and information contained therein to the attorney for the party who provided the confidential documents or information, or erase and destroy all copies (including electronic copies), compilations, or summaries containing confidential documents or information.

B. Before a party or the party's counsel gives access to confidential documents and information to any person under Paragraph IV, the person shall execute and provide to counsel proposing to give such access a declaration (in the form of Exhibit A) that he or she has read this Stipulated Protective Order and that he or she agrees to be bound by its

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

provisions. The declaration shall be retained by counsel for the party so disclosing the confidential documents and made available upon request for inspection by counsel for any of the other parties during the pendency of the action. This Paragraph and the requirement to execute a declaration in the form of Exhibit A does not apply to any persons with access to confidential documents or information described in Paragraph III.

V. Amendment: This Stipulated Protective Order shall prohibit disclosure to all persons other than those set forth herein. The parties may amend this Stipulated Protective Order upon consent or upon application to the Court in which this action is pending. Subsequent parties to this litigation may be given documents subject to this Stipulated Protective Order, provided they first file with the court a Stipulation to be bound by the terms of this Stipulated Protective Order.

VI. Use of Confidential Documents: Nothing in this Stipulated Protective Order shall prohibit counsel for the parties from using any of the confidential documents and information in connection with any deposition, application, motion, hearing, or trial in this action, provided that in the event that any such documents or information is used in connection with a deposition, or filed or otherwise lodged with the Court, it shall be filed or lodged under seal pending further order and shall be labeled, **"CONFIDENTIAL - NOT TO BE DISCLOSED EXCEPT SUBJECT TO STIPULATED PROTECTIVE ORDER."** In the event any confidential documents or information is used in connection with a deposition, the deposition shall be conducted outside the presence of any person not directly involved in litigation other than the court reporter and persons agreed to between the parties. All portions of the deposition transcript and exhibits relating to the confidential information and documents referenced herein shall be designated, "**CONFIDENTIAL**."

VII. Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal and shall be filed consistent with the Court's electronic filing procedures in accordance with LR IA 10-5. Notwithstanding any agreement among the Parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).

VIII. All provisions of this Stipulated Protective Order restricting the communication or use of confidential documents and information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Within thirty (30) days after any judgment is entered in this matter, resolution is reached, or the appeal process is concluded, whichever is later, all confidential documents or information received by a party including all notes, transcripts, tapes, other papers, and any other medium containing, summarizing, excerpting, or otherwise embodying any confidential documents or information as defined herein, or its contents so furnished, subject to future revision by the Court or parties hereto, shall be returned to the attorney for the designating party or erased and destroyed. This requirement does not include work-product of legal counsel, or information contained in pleadings, deposition transcripts, or correspondence, which shall be maintained in confidence.

IX. Should any party who is not a party to this Stipulated Protective Order seek access to the confidential documents or information referenced herein, by request, subpoena, or otherwise, from any party to the Stipulated Protective Order, the party to this Stipulated Protective Order from whom the information is requested shall: (a) promptly notify the party that designated the confidential documents or information of the request or subpoena; and shall (b) inform the requesting party of the existence of this Stipulated Protective Order.

X. Nothing herein shall be deemed to waive any applicable privilege or work-product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work-product protection.

XI. The terms of this Stipulated Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. If the parties request that confidential documents be sealed at trial, they will file a motion to seal the documents with the Court pursuant to Paragraph VI.

/ / /

/ / /

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

This Stipulation shall be effective upon signing and shall be made an order of this Court.

Respectfully submitted,

Dated this 3rd day of November, 2026.

Law Office Of Terri Keyser-Cooper

*/s/ Terri Keyser-Cooper*
Terri Keyser-Cooper
NV Bar No. 3984
125 Edgewater Parkway
Reno, NV 89519
Tel.: (775) 337-0323
*Keysercooper@gmail.com*
*Attorney for Plaintiff*

Dated this 3rd day of November, 2026.

Karl S. Hall
Reno City Attorney

*/s/ Alice K. Herbolsheimer*
Alice K. Herbolsheimer
Deputy City Attorney
Nevada Bar No. 6389
P.O. Box 1900
Reno, NV 89505
Tel.: (775) 334-2050
HerbolsheimerA@reno.gov
*Attorney for Defendants R. Jager and City of Reno*

**ORDER**

Paragraph VIII is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATED: November 3, 2026

**EXHIBIT A**

**CERTIFICATION**

I hereby certify my understanding that confidential documents or information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order dated ______________________, 2026, in *Jason Killinger v. Reno Police Officer R. Jager and City of Reno*, No. 3:25-cv-00388-MMD-CSD. I have been given a copy of that Stipulated Protective Order and read it. I agree to be bound by the Stipulated Protective Order. I will not reveal the confidential documents or information to anyone, except as allowed by the Stipulated Protective Order. I will make no copies, compilations, or summaries of the confidential documents and information, except in connection with the preparation, prosecution and defense of this case and if such copies, compilations or summaries are made, neither those documents, nor the information contained therein shall be disclosed to any person other than those permitted by this Stipulated Protective Order. I will maintain all such confidential documents or information—including copies, notes, or other transcriptions made therefrom—in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after I am notified of the conclusion of this action, I will return the confidential documents or information—including copies, notes, or other transcriptions made therefrom—to the attorney for the party who provided me with the confidential documents or information, or I will erase and destroy all copies (including electronic copies), compilations, or summaries containing confidential documents or information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Stipulated Protective Order.

DATED: __________________ ________________________________________
SIGNATURE

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**