KARL S. HALL
Reno City Attorney
ALICE K. HERBOLSHEIMER
Deputy City Attorney
Nevada State Bar No. 6389
*HerbolsheimerA@reno.gov*
HOLLY S. PARKER
Deputy City Attorney
Nevada State Bar No. 10181
*ParkerH@reno.gov*
ADAM D. CATE
Deputy City Attorney
Nevada State Bar No. 12942
*CateA@reno.gov*
Post Office Box 1900
Reno, Nevada 89505
Tel: (775) 334-2050
*Attorneys for Defendants City of Reno and Reno Police Officer R. Jager*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON KILLINGER,<br><br>Plaintiff,<br>vs.<br><br>RENO POLICE OFFICER R. JAGER and CITY OF RENO,<br><br>Defendants. | **CASE NO.: 3:25-cv-00388-MMD-CSD**<br><br>**ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**JURY DEMAND** |

Defendants, CITY OF RENO ("City") and OFFICER RICHARD JAGER ("Jager") (collectively, "Defendants"), by and through their attorneys, Reno City Attorney Karl S. Hall and Deputy City Attorneys Alice K. Herbolsheimer, Holly Parker, and Adam D. Cate, hereby respond to the allegations in Plaintiff's Second Amended Complaint (ECF No. 122) (hereinafter "Complaint") filed on October 21, 2026, by admitting, denying, and averring as follows:

/ / /

## JURISDICTION AND VENUE

1. Answering Paragraph 1 of the Complaint, Defendants state that the allegations therein state a legal conclusion to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1, and on that ground, denies the same.

2. Answering Paragraph 2 of the Complaint, Defendants admit that the acts alleged in the Complaint occurred in Northern Nevada but specifically deny that any of the acts or practices were unlawful. The remaining allegations in Paragraph 2 state a legal conclusion to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, deny the same.

## PARTIES

3. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 3, and on that ground, deny the same.

4. Answering Paragraph 4 of the Complaint, Defendants admit that at the time of the events alleged in the Complaint, Jager was employed by the Reno Police Department as an officer, Badge #16010, and that he became a police officer in 2020. Defendants deny the remaining allegations in Paragraph 4.

5. Answering Paragraph 5 of the Complaint, Defendants admit that City is a municipal governmental entity duly incorporated under the laws of the State of Nevada and operates the Reno Police Department ("RPD"). Defendants deny the remaining allegations in Paragraph 5.

## FACTUAL ALLEGATIONS

6. Answering Paragraph 6 of the Complaint, Defendants deny that Killinger's arrest was wrongful. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6, and on that ground, deny the same.

7. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 7, and on that ground, deny the same.

8. Defendants are without sufficient knowledge or information to form a belief as to

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

the truth or falsity of the allegations in Paragraph 8, and on that ground, deny the same.

9. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9, and on that ground, deny the same.

10. Answering Paragraph 10 of the Complaint, Defendants admit that the Peppermill installed its FRS in 2023. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 10, and on that ground, deny the same.

11. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11, and on that ground, deny the same.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 12, and on that ground, deny the same.

13. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13, and on that ground, deny the same.

14. Answering Paragraph 14 of the Complaint, Defendants admit that Killinger had in his possession a Nevada Real ID Class A Commercial Driver's License. Defendants deny that Killinger had sufficient identification to prove his identity. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 14 (including the allegations in footnote 1), and on that ground, deny the same.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15, and on that ground, deny the same.

16. Answering Paragraph 16 of the Complaint, Defendants admit that Killinger was taken in handcuffs to Peppermill's security office. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16, and on that ground, deny the same.

17. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17, and on that ground, deny the same.

18. Answering Paragraph 18 of the Complaint, Defendants admit that Jager arrived at the Peppermill at approximately 5:46 a.m. and that he was wearing a body worn camera ("BWC").

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18, and on that ground, deny the same.

19. Answering Paragraph 19 of the Complaint, Defendants admit that Jager had been responding to calls at the Peppermill for years, ranging from two to six calls per week and that it was a common occurrence. Defendants deny the remaining allegations in Paragraph 19.

20. Answering Paragraph 20 of the Complaint, Defendants admit that Jager took Killinger away from the Peppermill in 2023 based, in part, on facial recognition software ("FRS"). Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 20, and on that ground, deny the same.

21. Answering Paragraph 21 of the Complaint, Defendants deny that any innocent person simply pled guilty to avoid waiting in jail. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21, and on that ground, deny the same.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Answering Paragraph 24 of the Complaint, Defendants admit that FRS training was presented by an RPD employee in 2025. Defendants deny the remaining allegations in Paragraph 24.

25. Answering Paragraph 25 of the Complaint, Defendants admit that Jager had not received any training on FRS as of September 17, 2023 and he believed that FRS was accurate. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25, and on that ground, deny the same.

26. Defendants deny the allegations in Paragraph 26.

27. Answering Paragraph 27 of the Complaint, Defendants admit that Killinger asked Jager if he could get him "out of these cuffs" and that Jager did not inquire how long Killinger had been in the cuffs. Defendants deny the remaining allegations in Paragraph 27.

28. Answering Paragraph 28 of the Complaint, Defendants admit that Peppermill security generally explained to Jager that Killinger looked exactly like a former trespasser, that

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

Killinger asked to Jager to take off his cuffs, and Jager said, "One second pal." Defendants deny the remaining allegations in Paragraph 28, to the extent said paragraph does not fully or accurately reflect what Killinger said, despite the use of quotation marks suggesting verbatim quotes when the Complaint does not, in fact, provide accurate verbatim quotes. Defendants further deny that Jager ignored Killinger.

29. Answering Paragraph 29 of the Complaint, Defendants admit that RPD's General Order on Citations, P-280-17 states, in part, "Whenever practicable, the officer may use police and DMV records to establish one's identity." Defendants deny the remaining allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Answering Paragraph 31 of the Complaint, Defendants admit that Jager did not inquire of the Peppermill whether its FRS had been checked for accuracy, whether it was regularly maintained, or whether it had a history of false positives. Defendants deny the remaining allegations in Paragraph 31.

32. Answering Paragraph 32 of the Complaint, Defendants admit that Killinger's face resembled the face of Ellis. Defendants deny all remaining allegations in Paragraph 32, including the allegations in subsections (a) through (h).

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Answering Paragraph 35 of the Complaint, Defendants admit that Jager did not ask Killinger what other forms of identification he had. Defendants deny the remaining allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Answering Paragraph 38 of the Complaint, Defendants admit that the Peppermill told Jager it had made a citizen's arrest of Killinger. Defendant denies all remaining allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Answering Paragraph 41 of the Complaint, Defendants admit that Jager called RPD for a records check and learned that Killinger's license was valid. Defendants further admit that Jager told the records clerk: "I have a feeling these are both the same guy, but he has different IDs." Defendants deny the remaining allegations in Paragraph 41, to the extent said paragraph does not fully or accurately reflect what Jager said, despite the use of quotation marks suggesting a verbatim quote when the Complaint does not, in fact, provide an accurate verbatim quote.

42. Answering Paragraph 42 of the Complaint, Defendants admit that Jager telephoned his supervisor Sgt. Carl DeSantis. Defendants deny the remaining allegations in Paragraph 42, to the extent said paragraph does not fully or accurately reflect what Jager said, despite the use of quotation marks suggesting verbatim quotes when the Complaint does not, in fact, provide accurate verbatim quotes.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44, to the extent they do not fully or accurately reflect what Jager said, despite the use of quotation marks suggesting verbatim quotes when the Complaint does not, in fact, provide accurate verbatim quotes.

45. Answering Paragraph 45 of the Complaint, Defendants admit that Jager asked Peppermill security to include additional information in their statement. Defendants deny the remaining allegations in Paragraph 45 (including footnote 3), to the extent said paragraph and footnote do not fully or accurately reflect what Jager said, despite the use of quotation marks suggesting verbatim quotes when the Complaint does not, in fact, provide accurate verbatim quotes.

46. Defendants deny the allegations in Paragraph 46.

47. Answering Paragraph 47 of the Complaint, Defendants admit that Jager informed Killinger that because he could not identify him, he will be arrested and fingerprinted at the jail, and they will be able to discern his identity. Defendants deny the remaining allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

49. Answering Paragraph 49 of the Complaint, Defendants admit that Killinger stated, "I'm going to jail? Are you kidding me?" Defendants deny the remaining allegations in Paragraph 49.

50. Answering Paragraph 50 of the Complaint, Defendants admit that Jager said, "I'm not a joker man" and told Killinger he'll be arrested, he'll get fingerprinted at the jail, and they'll be able to discern his identity. Defendant denies the remaining allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Answering Paragraph 52 of the Complaint, Defendants admit that Killinger asked Jager to look at the endorsements on the driver's licenses. Defendants deny the remaining allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53, to the extent said paragraph does not fully or accurately reflect what Jager said, despite the use of quotation marks suggesting a verbatim quote when the Complaint does not, in fact, provide an accurate verbatim quote.

54. Answering Paragraph 54 of the Complaint, Defendants admit that Killinger stated, "What is it going to take to prove to you that that is not me," and Jager generally stated that they will need to run his fingerprints at the jail to determine his identity. Defendants deny the remaining allegations in Paragraph 54.

55. Answering Paragraph 55 of the Complaint, Defendant admits that Killinger asked Jager to look at the back of the IDs because he has all of the endorsements except for motorcycle and HazMat. Defendants deny the remaining allegations in Paragraph 55, to the extent said paragraph does not fully or accurately reflect what Jager said, despite the use of quotation marks suggesting verbatim quotes when the Complaint does not, in fact, provide accurate verbatim quotes.

56. Answering Paragraph 56 of the Complaint, Defendants admit that Killinger told Jager, "I have a check stub from my work, would that prove it to your guys?" and Jager told him the only way is to get his fingerprints. Defendants deny the remaining allegations in Paragraph 56.

57. Answering Paragraph 57 of the Complaint, Defendants admit that Jager stated in a Declaration dated September 25, 2025 (not stated to Killinger on September 17, 2023 as implied

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

in the Complaint) that he has encountered situations where real IDs were fake and individuals with fake IDs will often have other documents that match the fake IDs; the fact that a person may have multiple forms of ID bearing the same name does not necessarily mean that the IDs are legitimate; and he deals with criminal elements and people who lie to him on a daily basis. Defendants deny the remaining allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58, including the allegations in subsections (a) through (i).

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Answering Paragraph 61 of the Complaint, Defendants admit that RPD's general order on "Code of Conduct" states one of RPD's core values is fairness. Defendants deny the remaining allegations in Paragraph 61.

62. Answering Paragraph 62 of the Complaint, Defendants admit that Jager put his RPD handcuffs on Killinger and removed the Peppermill's handcuffs. Defendants further admit that Killinger stated, "Can I have a little bit of a break…," and Jager stated, "Unfortunately man, that's the process man, not one of those things I'm really able to flex on." Defendants deny the remaining allegations in Paragraph 62, to the extent said paragraph does not fully or accurately reflect what Killinger and Jager said, despite the use of quotation marks suggesting verbatim quotes when the Complaint does not, in fact, provide accurate verbatim quotes. Defendants further deny that Killinger ever used the word "pain" during his interactions with Jager.

63. Defendants deny the allegations in Paragraph 63.

64. Answering Paragraph 64 of the Complaint, Defendants admit that Killinger was polite to Jager. Defendants deny the remaining allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Answering Paragraph 66 of the Complaint, Defendants admit that Jager stated, "This poor guy might legitimately be somebody else…I don't know. It's a freaking weird call;" and "I'll be honest, I don't know what to think, usually those systems are pretty good, we've used some of those systems in the past to catch homicide suspects, they are fairly reliable." Defendants

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

deny the remaining allegations in Paragraph 66.

67. Answering Paragraph 67 of the Complaint, Defendants admit that Jager had double cuffed Killinger. Defendants deny the remaining allegations in Paragraph 67.

68. Answering Paragraph 68 of the Complaint, Defendants admit that on the drive to the jail, Killinger asked for a break with the cuffs. Defendants deny the remaining allegations in Paragraph 68 to the extent the statements by Jager were not made in response to Kilinger's request for a break with the cuffs, were taken out of context, and Paragraph 68 does not fully or accurately reflect what Jager said, despite the use of quotation marks suggesting verbatim quotes when the Complaint does not, in fact, provide accurate verbatim quotes.

69. Defendants deny the allegations in Paragraph 69, to the extent said paragraph takes Jager's statements out of context and does not fully or accurately reflect what Jager said, despite the use of quotation marks suggesting verbatim quotes when the Complaint does not, in fact, provide accurate verbatim quotes. Defendants further deny Jager's alleged intent or state of mind. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 69, and on that ground, deny the same.

70. Answering Paragraph 70 of the Complaint, Defendants admit that upon arriving at the jail, Killinger asked, "Can they take these goddamned cuffs off when I'm in the holding room?" and Jager stated, "Unfortunately, they won't…but…if all goes well you should be out of those cuffs hopefully in the next eight to ten minutes." Defendants further admit that Killinger said, "Promise?" and Jager said, "I can't promise…" Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 70, and on that ground, deny the same.

71. Answering Paragraph 71 of the Complaint, Defendants admit that Jager and Killinger arrived at the jail at approximately 6:49 a.m. and Jager yelled out to jail staff, "he's cooperative." Defendants deny the remaining allegations in Paragraph 71 to the extent it incorrectly assumes Jager had knowledge of certain information and did not report it, when he, in fact, had no knowledge of such information.

72. Defendants deny the allegations in Paragraph 72.

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

73. Answering Paragraph 73 of the Complaint, Defendants admit that Jager stated to a jail employee, "It might be a legit doppelganger situation" and "I kind of believe him." Defendants deny the remaining allegations in Paragraph 73, to the extent said paragraph does not fully or accurately reflect what Jager said, despite the use of quotation marks suggesting verbatim quotes when the Complaint does not, in fact, provide accurate verbatim quotes.

74. Defendants admit the allegations in Paragraph 74.

75. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 75, and on that ground, deny the same.

76. Answering Paragraph 76 of the Complaint, Defendants admit that Killinger was booked into the Washoe County Jail as "John Doe" and charged with trespassing. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 76, and on that ground, deny the same.

77. Answering Paragraph 77 of the Complaint, Defendants admit that while in custody and before he was released on his own recognizance, the WINS check identified Killinger as Killinger, who he claimed to be. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 77, and on that ground, deny the same.

78. Answering Paragraph 78 of the Complaint, Defendants admit that the Pretrial Assessment Report bears Killinger's name. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 78, and on that ground, deny the same.

79. Answering Paragraph 79 of the Complaint, Defendants admit that Killinger was released on his own recognizance from jail at approximately 4:10 p.m. on September 17, 2023. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 79, and on that ground, deny the same.

80. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 80, and on that ground, deny the same.

81. Defendants are without sufficient knowledge or information to form a belief as to

the truth or falsity of the allegations in Paragraph 81, and on that ground, deny the same.

82. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 82, and on that ground, deny the same.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Answering Paragraph 85 of the Complaint, Defendants admit that Jager's report states: "Due to John Doe having conflicting identification, he lacked satisfactory evidence to reasonably assure me that he was who he claimed to be thus in accordance with Reno Police Department General Order P-280-17 JOHN DOE did not qualify for a criminal citation." Defendants deny the remaining allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Answering Paragraph 88 of the Complaint, Defendants admit that a criminal complaint was filed against "John Doe" for trespassing at the Peppermill. Defendants deny the remaining allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Answering Paragraph 90 of the Complaint, Defendants admit that on September 18, 2023, a Magistrate at Reno Justice Court found probable cause. Defendants deny the remaining allegations in Paragraph 90.

91. Answering Paragraph 91 of the Complaint, Defendants admit that Killinger was charged with criminal trespass and he was set for a court appearance. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 91, and on that ground, deny the same.

92. Answering Paragraph 92 of the Complaint, Defendants admit that Killinger retained an attorney to represent him, that Jill Drake ("Drake") was assigned to this case, that a bench trial was scheduled on November 9, 2023, before the Hon. Justin Champagne, that Killinger's lawyer asked Drake to dismiss the case, and that Drake described Killinger's attorney "cocky." Defendants deny the remaining allegations in Paragraph 92.

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

93. Answering Paragraph 93 of the Complaint, Defendants admit that Drake dismissed the case against Killinger without prejudice and indicated she would try and refer the case to fraud detectives. Defendants deny the remaining allegations in Paragraph 93.

94. Answering Paragraph 94 of the Complaint, Defendants admit that in November 2023, RPD fraud detective Monique Sheahan ("Sheahan") investigated whether any identity theft had occurred, concluded there was no ID theft case, and that Killinger had used his correct ID the day he was arrested. Defendants further admit that Sheahan stated that RPD would not charge an innocent man with a felony. Defendants deny the remaining allegations in Paragraph 94.

95. Answering Paragraph 95 of the Complaint, Defendants admit that in March of 2024, RPD Sgt. Hodges received a call from Peppermill Security Director Dean Hill and that Jager declined to pursue an identity theft case. Defendants deny the remaining allegations in Paragraph 95.

96. Defendants admit the allegations in Paragraph 96.

97. Answering Paragraph 97 of the Complaint, Defendants admit that in 2025, civilian RPD crime analyst Vanessa Kosinski began presenting a power point training on FRS for RPD officers, but the training was not mandatory, and no formal roster of attendance was made, so it is unknown how many officers received the training. Defendants deny the remaining allegations in Paragraph 97, as it does not fully and accurately describe the substance of the training.

98. Answering Paragraph 98 of the Complaint, Defendants admit that Kosinski's FRS training was not mandatory, that Chief Nance was initially unaware of the training but felt it was good training, and she did not believe it should necessarily be required of all officers. Defendants deny the remaining allegations in Paragraph 98.

99. Answering Paragraph 99 of the Complaint, Defendants admit that Kosinski only provided training when she was on shift, and she is unaware of any records that kept track of who attended the training or how many officers attended the training. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 99, and on that ground, deny the same.

100. Defendants are without sufficient knowledge or information to form a belief as to

the truth or falsity of the allegations in Paragraph 100, and on that ground, deny the same.

101. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 101, and on that ground, deny the same.

102. Answering Paragraph 102 of the Complaint, Defendants admit that Jager attended the training in 2025 and that other RPD officers who have been deposed in this case have not attended the training. Defendants deny the remaining allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Answering Paragraph 105 of the Complaint, Defendants admit that Jager testified it would have been helpful for him to have had the FRS training before Killinger's arrest. Defendants deny the remaining allegations in Paragraph 105.

**<u>FIRST CAUSE OF ACTION</u>**
**MUNICIPAL LIABILITY**
**A Violation of Section 1983 – As Against City of Reno Only**

106. Answering Paragraph 106 of the Complaint, Defendants incorporate herein all of their foregoing answers to Plaintiff's Complaint as though fully set forth at this point.

107. Defendants deny the allegations in Paragraph 107.

108. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 108, and on that ground, deny the same.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

113. Defendants deny the allegations in Paragraph 113.

114. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 114, and on that ground, deny the same.

115. Answering Paragraph 115 of the Complaint, Defendants admit that Jager was hired in 2020 and received no training in FRS until 2025. Defendants further admit that Jager believes

it would have been helpful if he had received FRS training before Killinger's arrest. Defendants deny the remaining allegations in Paragraph 115.

116. Answering Paragraph 116 of the Complaint, Defendants admit that prior to 2025, Jager believed that FRS software was accurate. Defendants deny the remaining allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118.

119. Answering Paragraph 119 of the Complaint, Defendants admit discovery in this case is continuing. Defendants deny the remaining allegations in Paragraph 119.

120. Defendants deny the allegations in Paragraph 120.

121. Defendants deny the allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123. Answering Paragraph 123 of the Complaint, Defendants admit that RPD has not made FRS training a formal requirement for all officers. Defendants deny the remaining allegations in Paragraph 123.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants deny the allegations in Paragraph 125.

126. Defendants deny the allegations in Paragraph 126.

127. Defendants deny the allegations in Paragraph 127.

## SECOND CAUSE OF ACTION
## MALICIOUS PROSECUTION
## As Against Defendant Jager Only

128. Answering Paragraph 128 of the Complaint, Defendants incorporate herein all of their foregoing answers to Plaintiff's Complaint as though fully set forth at this point.

129. Answering Paragraph 129 of the Complaint, Defendants state that the allegations therein state a legal conclusion to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 129, and on that ground, denies the same.

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

130. Answering Paragraph 130 of the Complaint, Defendants admit that Killinger was identified by fingerprints to be Killinger while at the Washoe County Jail. Defendants deny the remaining allegations in Paragraph 130.

131. Answering Paragraph 131 of the Complaint, Defendants admit that Killinger had been identified by the Peppermill's FRS as having a face that resembled the face of a prior trespasser and that having a face that resembles the face of a criminal, without more, is not conclusive evidence of guilt. Defendants deny the remaining allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134.

135. Defendants deny the allegations in Paragraph 135.

136. Defendants deny the allegations in Paragraph 136.

137. Answering Paragraph 137 of the Complaint, Defendants admit that Drake was aware that FRS could be inaccurate, that Drake dismissed the trespass case against Killinger without prejudice, and that Drake suggested referral of the case to a fraud detective for further investigation of possible ID theft. Defendants deny the remaining allegations in Paragraph 137 (including the allegations in footnote 5).

138. Defendants deny the allegations in Paragraph 138.

139. Defendants deny the allegations in Paragraph 139.

140. Answering Paragraph 140 of the Complaint, Defendants admit that the criminal case against Killinger was dismissed. Defendants deny the remaining allegations in Paragraph 140.

141. Defendants deny the allegations in Paragraph 141.

142. Defendants deny the allegations in Paragraph 142.

## **THIRD CAUSE OF ACTION**
## **FABRICATION OF EVIDENCE**
**A Violation of Section 1983 Fourteenth Amendment Substantive Due Process**
**As Against Defendant Jager Only**

143. Answering Paragraph 143 of the Complaint, Defendants state that the allegations

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

therein state a legal conclusion to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 143, and on that ground, denies the same.

144. Defendants deny the allegations in Paragraph 144.

145. Defendants deny the allegations in Paragraph 145.

146. Defendants deny the allegations in Paragraph 146 (including the allegations in footnote 6).

147. Defendants deny the allegations in Paragraph 147.

148. Defendants deny the allegations in Paragraph 148.

149. Defendants deny the allegations in Paragraph 149.

150. Defendants deny the allegations in Paragraph 150.

151. Defendants deny the allegations in Paragraph 151.

152. Defendants deny the allegations in Paragraph 152.

153. Defendants deny the allegations in Paragraph 153.

154. Defendants deny the allegations in Paragraph 154.

155. Defendants deny the allegations in Paragraph 155.

156. Defendants deny the allegations in Paragraph 156.

157. Defendants deny the allegations in Paragraph 157.

158. Defendants deny the allegations in Paragraph 158.

159. Defendants deny the allegations in Paragraph 159.

**FOURTH CAUSE OF ACTION**
**JUDICIAL DECEPTION**
**A Violation of Section 1983 Fourteenth Amendment Due Process**
**As Against Defendant Jager Only**

160. Answering Paragraph 160 of the Complaint, Defendants incorporate herein all of their foregoing answers to Plaintiff's Complaint as though fully set forth at this point.

161. Defendants deny the allegations in Paragraph 161.

162. Defendants deny the allegations in Paragraph 162.

163. Defendants deny the allegations in Paragraph 163.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

164. Defendants deny the allegations in Paragraph 164.

165. Answering Paragraph 165 of the Complaint, Defendants admit that Jager knew that Killinger presented a valid Nevada ID. Defendants deny the remaining allegations in Paragraph 165.

166. Defendants deny the allegations in Paragraph 166.

167. Defendants deny the allegations in Paragraph 167.

168. Answering Paragraph 168 of the Complaint, Defendants admit that Jager expressed some confusion and was not sure what to believe. Defendants deny the remaining allegations in Paragraph 168.

169. Defendants deny the allegations in Paragraph 169.

170. Defendants deny the allegations in Paragraph 170.

171. Defendants deny the allegations in Paragraph 171.

172. Defendants deny the allegations in Paragraph 172.

173. Defendants deny the allegations in Paragraph 173.

174. Defendants deny the allegations in Paragraph 174.

175. Defendants deny the allegations in Paragraph 175.

**FIFTH CAUSE OF ACTION**
**EXCESSIVE FORCE**
**A Violation of Section 1983 Fourth Amendment**
**As Against Defendant Jager Only**

176. Answering Paragraph 176 of the Complaint, Defendants incorporate herein all of their foregoing answers to Plaintiff's Complaint as though fully set forth at this point.

177. Defendants deny the allegations in Paragraph 177.

178. Answering Paragraph 178 of the Complaint, Defendants state that the allegations therein state a legal conclusion to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 178, and on that ground, denies the same.

179. Answering Paragraph 179 of the Complaint, Defendants admit that Killinger's sole alleged crime was trespassing and that he was mistaken for being Ellis. Defendants are without

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 179, and on that ground, denies the same.

180. Defendants deny the allegations in Paragraph 180.

181. Answering Paragraph 181 of the Complaint, Defendants admit that Killinger did not attempt to flee or evade arrest, and he was cooperative. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 181, and on that ground, denies the same.

182. Defendants deny the allegations in Paragraph 182.

183. Defendants deny the allegations in Paragraph 183.

184. Defendants deny the allegations in Paragraph 184.

**SIXTH CAUSE OF ACTION**
**FALSE ARREST**
**A Violation of Article I, Section 18 of the Nevada Constitution**
**As Against Defendant Jager Only**

185. Answering Paragraph 185 of the Complaint, Defendants incorporate herein all of their foregoing answers to Plaintiff's Complaint as though fully set forth at this point.

186. Answering Paragraph 186 of the Complaint, Defendants state that the allegations therein state a legal conclusion to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 186, and on that ground, denies the same.

187. Defendants deny the allegations in Paragraph 187.

188. Defendants deny the allegations in Paragraph 188.

189. Defendants deny the allegations in Paragraph 189.

190. Defendants deny the allegations in Paragraph 190.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the existence of probable cause for the trespass arrest.

/ / /

**THIRD AFFIRMATIVE DEFENSE**

Defendant Jager is entitled to qualified immunity, discretionary act immunity, and good faith immunity from the claims of the Plaintiff pursuant to, among other authorities, NRS Chapter 41, including but not limited to NRS 41.032 and 41.0336.

**FOURTH AFFIRMATIVE DEFENSE**

All actions by Defendants were reasonable, proper, legal, justified, taken in good faith and with all due care to conform to the requirements of the law, and therefore cannot form a basis for liability.

**FIFTH AFFIRMATIVE DEFENSE**

The incident referred to in the Complaint, and any damages allegedly resulting therefrom, were proximately caused by independent intervening causes and/or the conduct of persons and/or entities other than Defendants, and further in this regard, Defendants aver that they had no influence, supervision, duty of supervision, control, nor duty of control exercisable as to said persons and/or entities. Defendants are neither responsible nor liable for such independent causes or conduct of third parties.

**SIXTH AFFIRMATIVE DEFENSE**

An award of damages, if any, based on alleged violations of the Nevada Constitution is limited by the provisions of NRS § 41.035 as they existed at the time of the alleged incident.

**SEVENTH AFFIRMATIVE DEFENSE**

Pursuant to NRS 17.245, Defendants are entitled to an offset for any consideration Plaintiff may have received from another tortfeasor who is liable in tort for the same injuries alleged by Plaintiff in this action.

**EIGHTH AFFIRMATIVE DEFENSE**

NRS § 41.035(1) prohibits an award of punitive damages against governmental employees. Additionally, municipalities are not liable for punitive damages under 42 U.S.C. Section 1983.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering damages as his claims are speculative, and/or unsupported by substantial or reliable evidence.

**TENTH AFFIRMATIVE DEFENSE**

All actions taken by Defendants with respect to Plaintiff were made without malice, ill will, fraud, oppression, reckless, callous or deliberate indifference, evil motive or intent, or any other improper motive or intent.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to recover punitive damages because an award of punitive damages would violate Defendants' rights under the Constitution of the United States of America and under the Constitution of the State of Nevada, including Defendants' rights to: (1) procedural due process under the Constitution of the State of Nevada and the Fourteenth Amendment of the United States Constitution; (2) protection from "excessive fines" as provided in the Constitution of Nevada and the Eighth Amendment of the United States Constitution; and (3) substantive due process provided in the Constitution of the State of Nevada and Fifth and Fourteenth Amendments of the United States Constitution.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent he failed to mitigate his damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants hereby incorporate by reference those affirmative defenses enumerated in Rule 8 of the Nevada and Federal Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendants reserve the right to seek leave of court to amend their answer to specifically assert any such defense(s). Such defenses are herein incorporated by reference for the specific purpose of not waiving such defenses.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Pursuant to the provisions of Rule 11 of the Nevada and Federal Rules of Civil Procedure, at the time of filing of Defendants' Answer, all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and other relevant information may not have been available after reasonable inquiry, and therefore, Defendants reserve the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants.

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by way of his Complaint and that the same be dismissed with prejudice;

2. That Defendants be awarded their costs and attorney's fees incurred to defend this action as provided by law; and

3. For such other and further relief as the Court may deem just and proper.

DATED this 4th day of November, 2026.

KARL S. HALL
Reno City Attorney

By: */s/ Alice K. Herbolsheimer*
ALICE K. HERBOLSHEIMER
Deputy City Attorney
Nevada State Bar No. 6389
Post Office Box 1900
Reno, Nevada 89505

*Attorneys for Defendants City of Reno and Reno Police Officer R. Jager*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I served a copy of on the foregoing document(s) on the party(s) set forth below by:

______ Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices, and:

______ Personal delivery.

______ Electronic Mail

__X__ CMECF electronic service.

______ Federal Express or other overnight delivery.

______ Reno/Carson Messenger Service.

addressed as follows:

Terri Keyser-Cooper
Law Office of Terri Keyser-Cooper
125 Edgewater Parkway
Reno, Nevada 89519
keysercooper@gmail.com
*Counsel for Plaintiff*

Luke Busby, Esq.
316 California Ave
Reno, Nevada 89509
lukebusby@pm.me
*Counsel for Plaintiff*

Lauren Gorman, Esq.
777 Forest St., Ste. A
Reno, Nevada 89509
lgorman@laurengormanlaw.com
*Counsel for Plaintiff*

DATED this 4th day of November, 2026.

*/s/ Jeanette Sparks*
Jeanette Sparks
Legal Assistant

Reno City Attorney
P.O. Box 1900
Reno, NV 89505